JS 44  (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| TERRY BETHMAN | SEE ATTACHMENT |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   SEE ATTACHED LIST
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JAMES J. MCELDREW
MCELDREW YOUNG, 123 SOUTH BROAD STREET, SUITE 2250,
PHILADELPHIA, PA 19109, PHONE: (215)-545-8800

Attorneys *(If Known)*
SEE ATTACHMENT

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original Proceeding

☒ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from Another District *(specify)*

☐ 6  Multidistrict Litigation - Transfer

☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. section 1332

Brief description of cause:
Chemical Exposure Product Liability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
10/11/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## COMPLETE LIST OF DEFENDANTS:

1. BELL FLAVORS AND FRAGRANCES, INC
   500 ACADEMY DRIVE
   NORTHBROOK IL 60062
2. FIRST CHOICE INGREDIENTS, INC.
   C/O THOMAS J. ATKINSON N112 W. 19528 MEQUON ROAD
   GERMANTOWN WI 53022
3. THERMO FISHER SCIENTIFIC, INC
   1601 CHERRY STREET
   PHILADELPHIA PA 19102
4. GIVAUDAN FLAVORS CORPORATION
   CT CORPORATION SYSTEM 4400 EASTON COMMONS WAY SUITE 125
   COLUMBUS OH 43219
5. INTERNATIONAL FLAVORS AND FRAGRANCES, INC.
   2595 INTERSTATE DRIVE SUITE 103
   HARRISBURG  PA 17110
6. KERRY, INC.
   C/O CT CORPORATION 116 PINE STREET SUITE 320
   HARRISBURG PA 17101
7. KRAFT HEINZ INGREDIENTS CORPORATION
   C/O CT CORPORATION 2001 MARKET STREET 5TH FLOOR
   PHILADELPHIA PA 19103
8. MCCORMICK AND COMPANY, INC.
   C/O CSC-LAWYER INCORPORATING  SERVICE COMPANY 7 ST. PAUL ST., SUITE 820
   BALTIMORE MD 21202
9. ROHA U.S.A., L.L.C
   C/O SPENSERV, INC.  1 N. BRENTWOOD BLVD. SUITE 1000
   ST. LOUIS  MO 63105
10. SENSIENT COLORS LLC
    C/O CT CORPORATION SYSTEM 301 S. BEDORD STREET SUITE 1
    MADISON  WI 53703
11. SENSIENT TECHNOLOGIES CORPORATION
    C/O CT CORPORATION 2001 MARKET STREET 5TH FLOOR
    PHILADELPHIA  PA 19103
12. UNIVAR USA, INC.
    C/O CT CORPORATION SYSTEMS 116 PINE STREET SUITE 320
    HARRISBURG PA 17101
13. BERJE, INC.
    C/O KIM BLEIMANN 700 BLAIR ROAD
    CARTERET NJ 07008
14. CITRUS & ALLIED ESSENCES, LTD
    65 S. TYSON AVENUE
    FLORAL PARK NY 11001
15. ELAN CHEMICAL CO. INC.
    C/O JOCELYN MANSHIP 268 DOREMUS AVENUE
    NEWARK NJ 07105
16. O'LAUGHLIN INDUSTRIES
    150 MORRIS AVENUE SUITE 207
    SPRINGFIELD NJ 07081
17. PHOENIX AROMAS AND ESSENTIAL OILS HOLDINGS, INC.
    17 ALGONQUIN CIRCLE
    AIRMONT NY 10952-5231
18. EMORAL, INC. F/K/A POLAROME INTERNATIONAL, INC.
    200 THEODORE CONRAD DRIVE
    JERSEY CITY NJ 07305
19. CENTROME, INC.
    ALIAS: ADVANCED BIOTECH
    10 TAFT ROAD
    TOTOWA NJ 07512
20. FLAVOR CONSULTANTS, INC.
    2875 COLEMAN STREET
    NORTH LAS VEGAS NV 89032
21. PENTA INTERNATIONAL CORPORATION
    C/O GRACE VOLPE 50 OKNER PARKWAY

```
        LIVINGSTON NJ 07039
22. JOHN DOES 1-10
        UNKNOWN
        UNKNOWN PA 19109
23. JANE DOES 1-10
        UNKNOWN
        UNKNOWN PA 19109
24. ABC PARTNERSHIPS 1-10
        UNKNOWN
        UNKNOWN PA 19109
25. XYZ CORPORATIONS/BUSINESS ENTITIES 1-10
        UNKNOWN
        UNKNOWN PA 19109
```

## Attachment List of Known Attorneys

James J. McEldrew, III, Esquire
McEldrew Young
123 South Broad Street
Suite 2250
Philadelphia, PA 19109
*Attorney for Plaintiff Terry Bethman*

Andrew P. Fishkin, Esquire
Steven M. Lucks, Esquire
David P. Lodge, Esquire
Fishkin Lucks LLP
One Riverfront Plaza, Suite 410
Newark, NJ 07102
*Attorneys for Defendant, Univar USA, Inc*

Ernest J. Bernabei III, Esquire
Pillinger Miller Tarallo
1880 John F. Kennedy Boulevard
Suite 1803
Philadelphia, PA 19103
*Attorneys for Defendant,*
*Kraft Heinz Ingredients Corp*

Jeanine D. Clark, Esquire
Dawn Dexii, Esquire
Margolis Edelstein
The Curtis Center, Ste. 400E
170 S. Independent Mall West
Philadelphia, PA 19103
*Attorneys for Defendant,*
*First Choice Ingredients, Inc.*

Kristen F. Mazzeo, Esquire
William C. Mills IV, Esquire
Gordon Rees
One Commerce Square
2005 Market Street, Suite 2900
Philadelphia, PA 19103
*Attorneys for Defendant,*
*Penta International Corporation*

Maria C. Carlucci, Esquire
Kelley Jasons Mcgowan
Spinelli & Hanna, L.L.P.
120 Wall Street, 30th Floor
New York, New York 10005
*Attorneys for Defendant*
*Citrus & Allied Essences, Ltd.*

Corey S. D. Norcross, Esquire
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
*Attorneys for Defendant,*
*McCormick and Company, Inc.*

John J. Snyder, Esquire
Evan S. Eisner, Esquire
Rawle & Henderson, LLP
The Widener Building, 16th Floor
One South Penn Square
Philadelphia, PA 19107
*Attorneys for Defendant*
*International Flavors & Fragrances Inc.*

Shawn D. Scott, Esquire
Nicole M. Bigman, Esquire
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
3344 Peachtree Road, NE, Suite 2400
Atlanta, GA 30326
*Attorneys for Defendant*
*International Flavors & Fragrances Inc.*

Joyce D. Edelman, Esquire
Porter Wright & Arthur LLP
41 South High Street, Suites 2800-3200
Columbus, OH 43215
*Attorneys for Defendant*
*Kerry, Inc.*

Warren Voter, Esquire
Sweeney & Sheehan, LLP
1515 Market Street, Suite 1900
Philadelphia, PA 19102
*Attorneys for Defendants*
*Sensient Colors LLC and*
*Sensient Technologies Corporation*

Paul E. Benson, Esquire
Michael Best & Friedrich LLP
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI 53202
*Attorneys for Defendants*
*Sensient Colors LLC and*
*Sensient Technologies Corporation*

Daniel J. Arnett, Esquire (*pro hac vice* to be filed)
Arnett Law Group, LLC
223 W. Jackson Blvd., Suite 750
Chicago, IL 60606
*Attorneys for Defendant*
*Elan Chemical Co., Inc*

Kimberly E. Ramundo, Esq.
Thompson Hine LLP
312 Walnut Street, Suite 1400
Cincinnati, OH 45202
*Attorneys for Defendant*
*Givaudan Flavors Corporation*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

TERRY BETHMAN,

    Plaintiff,

    v.

BELL FLAVORS AND FRAGRANCES,
INC., *et al.*

    Defendants.

:
:
:
:
:
:
:

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)    (×)

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

| | | |
|---|---|---|
| 10/11/2019 | *[signature]* | Thermo Fisher Scientific, Inc. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-864-9600 | 215-523-9708 | smedina@conradobrien.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **1139 W. Front Street, Berwick, PA 18603**

Address of Defendant: **See attached list**

Place of Accident, Incident or Transaction: *Berwick PA*

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **10/11/2019**   *Attorney-at-Law / Pro Se Plaintiff*   **318990** *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A. Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

*B. Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☑ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, *Steven A. Medina*, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: *10/11/19*   *Attorney-at-Law / Pro Se Plaintiff*   *318990* *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **1139 W. Front Street, Berwick, PA 18603**

Address of Defendant: **See attached list**

Place of Accident, Incident or Transaction: *Berwick PA*

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **10/11/2019** _____ *Attorney-at-Law / Pro Se Plaintiff* (Must sign here)   **318990** *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
       *(Please specify):* _____

**B.    Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☑ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Steven A. Medina**, counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: **10/11/19** _____ *Attorney-at-Law / Pro Se Plaintiff* (Sign here if applicable)   **318990** *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TERRY BETHMAN      )
            )
   Plaintiff,     )
            )
v.           )  Case No. _____
            )
BELL FLAVORS AND FRAGRANCES,  )
INC., *et al.*        )
            )
   Defendants.    )

## DEFENDANTS' JOINT NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendants Citrus & Allied Essences, Ltd., Elan Chemical Co., Inc., First Choice Ingredients, Inc., Givaudan Flavors Corporation, International Flavors & Fragrances Inc., Kerry, Inc., Kraft Heinz Ingredients Corp., McCormick and Company, Inc., Penta International Corporation, Sensient Colors LLC, Sensient Technologies Corporation, Thermo Fisher Scientific Inc., and Univar USA Inc., (collectively, "Defendants"), through their respective attorneys and pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, hereby submit this Joint Notice of Removal. As grounds for removal, Defendants state as follows:

1.  On September 6, 2019, Plaintiff Terry Bethman filed a Complaint captioned *Terry Bethman v. Bell Flavors and Fragrances, Inc., et al.*, in the Court of Common Pleas of Philadelphia County, State of Pennsylvania, under Case I.D. No. 190900703 (the "State Court Action"). In accordance with 28 U.S.C. § 1446(a), attached hereto as Exhibit A is a true and correct copy of Plaintiff's Complaint with Notice to Defend ("Complaint"). All defendants that have appeared to date in the State Court Action consent to and jointly file this removal.

2.      The Complaint alleges that Plaintiff Terry Bethman was exposed to flavoring products containing diacetyl and acetyl propionyl manufactured and/or supplied by Defendants and that she developed diacetyl-induced lung disease and Flavoring Related Bronchiolitis Obliterans Syndrome (FRBOS) as a result of this alleged exposure.  (Complaint ¶¶ 2, 44-46.)

3.      Pursuant to the provisions of 28 U.S.C. § 1446(a), attached hereto as Exhibit B is a true and correct copy of all other process, pleadings, and orders served upon Defendants in this case.

4.      Plaintiff's Complaint was served on Defendant Thermo Fisher Scientific Inc. on September 11, 2019 (*See* Exhibit C, Declaration of Jason H. Nash ("Nash Decl.") dated October 10, 2019, ¶ 4.)  This removal is timely pursuant to 28 U.S.C. § 1446(b).  *See also Delalla v. Hanover Ins.*, 660 F.3d 180, 184 (3d Cir. 2011) (joining "the majority of circuits and adopt[ing] the later-served rule," under which "'each defendant get[s] his own thirty days to remove after being served'"), quoting *Destfino v. Reiswig*, 630 F.3d 952, 955 (9th Cir. 2011).

5.      This lawsuit is a civil action within the meaning of 28 U.S.C. §§ 1441(a) and 1446(b), which govern the removal of civil actions to the district courts of the United States.  As detailed, *infra*, complete diversity of citizenship exists in this case and removal is appropriate because: (i) Plaintiff on information and belief is a citizen of Pennsylvania, and no Defendant in this case is a citizen of Pennsylvania; and (ii) the amount in controversy exceeds the sum or value of $75,000.  This action accordingly is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and it is removable pursuant to 28 U.S.C. §§ 1441(a) and 1446(b).

**There Is Complete Diversity Of Citizenship**

6.      Upon information and belief, Plaintiff is a citizen of Berwick, Pennsylvania. (Complaint ¶ 1 ("Plaintiff Terry Bethman is an adult individual that resides at 1139 W. Front Street, Berwick, PA 18603").)

7.      Plaintiff's Complaint names twenty-one (21) corporate entities as defendants, two of which erroneously are alleged to be citizens of the State of Pennsylvania as a result of their purported principal places of business: (i) Thermo Fisher Scientific Inc.; and (ii) Kraft Heinz Ingredients Corp.  (Complaint ¶¶ 5, 9.)  The other nineteen (19) named defendants are not alleged to have any connection to, much less to be citizens of, the State of Pennsylvania:

(i.)      Bell Flavors and Fragrances is alleged to be an Illinois corporation with its principal place of business in Northbrook, Illinois. (Complaint ¶ 3.)

(ii.)     First Choice Ingredients, Inc. is alleged to be a Wisconsin corporation with its principal place of business in Wisconsin. (Complaint ¶ 4.)

(iii.)    Givuadan Flavors Corporation is alleged to be a Delaware corporation with its principal place of business in Cincinnati, Ohio. (Complaint ¶ 6.)

(iv.)    International Flavors and Fragrances, Inc. is alleged to be a New York corporation with its principal place of business in New York, New York. (Complaint ¶ 7.)

(v.)     Kerry, Inc. is alleged to be a Delaware corporation with its principal place of business in Illinois. (Complaint ¶ 8.)

(vi.)    McCormick & Company, Inc. is alleged to be a Maryland corporation with its principal place of business in Sparks, Maryland. (Complaint ¶ 10.)

(vii.)   Roha USA, Inc. is alleged to be a Missouri corporation with its principal place of business in Missouri. (Complaint ¶ 11.)

(viii.)  Sensient Colors, LLC is alleged to be a Delaware corporation with its principal place of business in Missouri. (Complaint ¶ 12.)

(ix.)    Sensient Technologies Corporation is alleged to be a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin. (Complaint ¶ 13.)

3

(x.) Univar USA, Inc. is alleged to be a Washington corporation with its principal place of business in Redmond, Washington. (Complaint ¶ 14.)

(xi.) Berje, Inc. is alleged to be a New York corporation with its principal place of business in New Jersey. (Complaint ¶ 16.)

(xii.) Citrus and Allied Essence, LTD is alleged to be a New York corporation with its principal place of business in New York. (Complaint ¶ 17.)

(xiii.) Elan Chemical Co., Inc. is alleged to be a New Jersey Corporation with its principal place of business in New Jersey. (Complaint ¶ 18.)

(xiv.) O'Laughlin Industries is alleged to be a New Jersey Corporation with its principal place of business in New Jersey. (Complaint ¶ 19.)

(xv.) Phoenix Aromas and Essential Oils Holdings, Inc. is alleged to be a New York corporation with its principal place of business in Norwood, New Jersey. (Complaint ¶ 20.)

(xvi.) Emoral Inc., f/k/a Polarome International, Inc. is alleged to be a New York corporation with its principal place of business in New Jersey. (Complaint ¶ 21.)

(xvii.) Centrome, Inc. d/b/a Advanced Biotech is alleged to be a New Jersey corporation with its principal place of business in New Jersey. (Complaint ¶ 22.)

(xviii.) Flavors Consultants, Inc. is alleged to be a Nevada corporation with its principal place of business in Nevada. (Complaint ¶ 23.) and

(xix.) Penta International Corporation is alleged to be a New Jersey corporation with its principal place of business in New Jersey. (Complaint ¶ 24.)

8. Defendant Thermo Fisher Scientific Inc. does not maintain its principal place of business in and is not a citizen of the State of Pennsylvania. Thermo Fisher Scientific Inc. is, and at the time of the filing of the Complaint was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Waltham, Massachusetts. (Nash Decl. ¶ 5); 28 U.S.C. § 1332(c)(1) (for purposes of diversity, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

9.      Defendant Kraft Heinz Ingredients Corp. does not maintain its principal place of business in and is not a citizen of the State of Pennsylvania.  Kraft Heinz Ingredients Corp. is, and at the time of the filing of the Complaint was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Glenview, Illinois.  (*See* Exhibit D, Declaration of Ernest J. Bernabei, III dated October 9, 2019, ¶ 5); 28 U.S.C. § 1332(c)(1).

10.     The citizenship of fictitious defendants is ignored for purposes of removal.  28 U.S.C. § 1441(b); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (holding that the inclusion of Doe defendants in a complaint did not defeat diversity jurisdiction).

11.     Pursuant to 28 U.S.C. § 1332, as amended, complete diversity of citizenship therefore exists as between all parties in this case.

### The Amount In Controversy Exceeds $75,000

12.     This is a complex toxic tort products liability action in which Plaintiff demands general and special damages "in excess of $50,000," for "respiratory injuries," pain and suffering, medical expenses, and lost earnings.  (*See e.g.* Complaint ¶¶ 61, Prayer for Relief.)

13.     Counsel for Thermo Fisher Scientific Inc. has reviewed reports of verdicts and settlements in cases in this judicial district in actions claiming injuries of the nature alleged by Plaintiff.  Based on that review and on prior litigation involving Plaintiff's claimed injury of bronchiolitis obliterans, it is reasonably believed that if Plaintiff succeeded in proving all of the allegations in this action, she would demand and would recover in excess of $75,000, exclusive of interest and costs.  (Nash Decl. ¶ 6.)

14.    Pursuant to 28 U.S.C. § 1446(d), Defendants promptly will provide written notice of removal of the action to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Court of Common Pleas of Philadelphia County, State of Pennsylvania.

WHEREFORE, the above-entitled action is hereby removed from the Court of Common Pleas of Philadelphia County, State of Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Date:   October 11, 2019

Respectfully Submitted,

By: _____

CONRAD O'BRIEN PC
Howard M. Klein, Attorney I.D. No. 33632
Steven A. Medina, Attorney I.D. No. 318990
1500 Market Street, Suite 3900
Philadelphia, PA 19102
Telephone: (215) 864-9600
hklein@conradobrien.com
smedina@conradobrien.com

HINKHOUSE WILLIAMS WALSH LLP
John T. Williams *(pro hac pending)*
Jason H. Nash *(pro hac pending)*
Ali P. Myhre *(pro hac pending)*
180 N. Stetson Avenue, Suite 3400
Chicago, IL 60601
Telephone: (312) 784-5400
jwilliams@hww-law.com
jnash@hww-law.com
amyhre@hww-law.com

*Attorneys for Defendant*
*Thermo Fisher Scientific Inc.*

By:   s/David P. Lodge
FISHKIN LUCKS LLP
David P. Lodge, Esq. (ID No. 209227)
1601 Market Street, 19th Floor
Philadelphia, PA 19103
(215) 607-2500
dlodge@fishkinlucks.com

6

FISHKIN LUCKS LLP
Andrew P. Fishkin, Esq. (ID No. 312861)
Steven M. Lucks, Esq. (ID No. 312820)
The Legal Center
One Riverfront Plaza, Suite 410
Newark, New Jersey 07102
(973) 536-2800
afishkin@fishkinlucks.com
slucks@fishkinlucks.com

*Attorneys for Defendant*
*Univar USA Inc.*

By:     s/William C. Mills
        GORDON REES SCULLY MANSUKHANI LLP
        William C. Mills, IV, Esquire
        Attorney I.D. No. 65796
        Kristen F. Mazzeo, Esquire
        Attorney I.D. No. 320531
        Three Logan Square
        1717 Arch Street, Suite 610
        Philadelphia, PA 19103
        (215) 717-4032
        wmills@grsm.com
        kmazzeo@grsm.com

        *Attorneys for Defendant*
        *Penta International Corporation*

By:     s/Dawn Dezii
        MARGOLIS EDELSTEIN
        BY: DAWN DEZII, ESQUIRE
            Attorney I.D. No.: 54165
        BY: JEANINE D. CLARK, ESQUIRE
            Attorney I.D. No.: 308966
        The Curtis Center, Suite 400E
        170 S. Independence Mall West
        Philadelphia, PA 19106-3337
        Phone: (215) 922-1100

        *Attorneys for Defendant*
        *First Choice Ingredients, Inc.*

7

By:    s/Ernest J. Bernabei, III
           PILLINGER MILLER TARALLO, LLP
           Ernest J. Bernabei, III
           Attorney ID No: 46359
           1880 John F. Kennedy Boulevard
           Suite 1803
           Philadelphia, PA 19103
           (215) 789-6235
           (215) 789-6236 Fax
           ebernabei@pmtlawfirm.com

           *Attorneys for Defendant*
           *Kraft Heinz Ingredients Corp.*


By:    s/Corey S. D. Norcross
           STRADLEY, RONON, STEVENS & YOUNG, LLP
           By: Corey S. D. Norcross (PA I.D. No. 316909)
           2005 Market Street, Suite 2600
           Philadelphia, PA 19103
           Phone: 215. 564.8000
           Fax: 215.564.8120

           *Attorneys for Defendant*
           *McCormick and Company, Inc.*


By:    s/Maria C. Carlucci
           KELLEY JASONS MCGOWAN
           SPINELLI & HANNA, L.L.P.
           Maria C. Carlucci, Esq.
           Attorney Identification No.: 93751
           120 Wall Street, 30th Floor
           New York, New York 10005
           (212) 344-7400
           mcarlucci@kjmsh.com

           *Attorneys for Defendant*
           *Citrus & Allied Essences, Ltd.*

8

By: s/Evan S. Eisner _____
RAWLE & HENDERSON, LLP
John J. Snyder, Esquire
Evan S. Eisner, Esquire
Attorney ID. Nos.: 22751 and 39554
The Widener Building, 16th Floor
One South Penn Square
Philadelphia, PA 19107
Telephone: (215) 575-4200
Fax: (215) 563-2583
jsnyder@rawle.com
eeisner@rawle.com

WEINBERG, WHEELER, HUDGINS, GUNN &
DIAL, LLC
Shawn D. Scott, Esquire
Nicole M. Bigman, Esquire
3344 Peachtree Road, NE, Suite 2400
Atlanta, GA 30326
Telephone: (404) 876-2700
sscott@wwhgd.com
nbigman@wwhgd.com

*Attorneys for Defendant*
*International Flavors & Fragrances Inc.*


By: s/Joyce D. Edelman _____
PORTER WRIGHT & ARTHUR LLP
Joyce D. Edelman, Esq. (*pro hac vice* to be filed)
41 South High Street, Suites 2800-3200
Columbus, OH 43215
(614) 227-2100
jedelman@porterwright.com

*Attorneys for Defendant*
*Kerry, Inc.*

9

By:      s/Paul E. Benson
         SWEENEY & SHEEHAN, LLP
         Warren Voter, Esquire
         1515 Market Street, Suite 1900
         Philadelphia, PA 19102
         Telephone: (215) 563-9811
         Fax: (215) 557-0999
         warren.voter@sweeneyfirm.com

         MICHAEL BEST & FRIEDRICH LLP
         Paul E. Benson, Esquire (*pro hac vice* to be filed)
         100 East Wisconsin Avenue, Suite 3300
         Milwaukee, WI 53202
         Telephone: (414) 225-2757
         pebenson@michaelbest.com

         *Attorneys for Defendants*
         *Sensient Colors LLC and*
         *Sensient Technologies Corporation*


By:      s/Daniel J. Arnett
         ARNETT LAW GROUP, LLC
         Daniel J. Arnett, Esquire (*pro hac vice* to be filed)
         223 W. Jackson Blvd., Suite 750
         Chicago, IL 60606
         Telephone: (312) 702-1901
         darnett@arnettlawgroup.com

         *Attorneys for Defendant*
         *Elan Chemical Co., Inc.*


By:      s/Kimberly E. Ramundo
         THOMPSON HINE LLP
         Kimberly E. Ramundo, Esq. (*pro hac vice* to be filed)
         312 Walnut Street, Suite 1400
         Cincinnati, OH 45202
         Telephone: (513) 352-6656
         kim.ramundo@thompsonhine.com

         *Attorneys for Defendant*
         *Givaudan Flavors Corporation*

10

## CERTIFICATE OF SERVICE

I hereby certify that that a true and correct copy of the foregoing Defendants' Joint Notice of Removal was served upon the following counsel of record by U.S. Mail, postage prepaid, on October 11, 2019:

> James J. McEldrew, III, Esq.
> McEldrew Young
> 123 South Broad Street, Suite 2250
> Philadelphia, PA 19109
>
> *Attorney for Plaintiff*

I further certify that that a true and correct copy of the foregoing Defendants' Joint Notice of Removal was served by U.S. Mail, postage prepaid, on October 11, 2019, upon the following:

Roha U.S.A., L.L.C.
c\o Spenserv, Inc.
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO 63105

Berje, Inc.
c\o Kim Bleimann
700 Blair Road
Carteret, NJ 07008

Bell Flavors and Fragrances, Inc.
500 Academy Drive
Northbrook, IL 60062

O'Laughlin Industries
150 Morris Avenue, Suite 207
Springfield, NJ 07081

Centrome, Inc.
10 Taft Road
Totowa, NJ 07512

Phoenix Aromas and Essential Oils
Holdings, Inc.
17 Algonquin Circle
Airmont, NY 10952-5231

Emoral, Inc.
F\K\A Polarome International, Inc.
200 Theodore Conrad Drive
Jersey City, NJ 07305

Flavor Consultants, Inc.
2875 Coleman Street
North Las Vegas, NV 89032

*Attorney for Defendant Thermo Fisher Scientific Inc.*

11

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
| --- |
| **SEPTEMBER 2019**     **000703** |
| E-Filing Number: 1909012066 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| TERRY BETHMAN | BELL FLAVORS AND FRAGRANCES, INC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| 1139 W. FRONT STREET<br>BERWICK PA 18 03 | 500 ACADEMY DRIVE<br>NORTHBROOK IL 60062 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| | FIRST CHOICE INGREDIENTS, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| | C/O THOMAS J. ATKINSON N112 W. 19528 MEQUON ROAD<br>GERMANTOWN WI 53022 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| | THERMO FISHER SCIENTIFIC, INC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| | 1601 CHERRY STREET<br>PHILADELPHIA PA 19102 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
| --- | --- | --- |
| 1 | 25 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
| --- | --- | --- | --- |
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

| CASE TYPE AND CODE |
| --- |
| 2P - PRODUCT LIABILITY |

| STATUTORY BASIS FOR CAUSE OF ACTION |
| --- |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY**<br><br>SEP 06 2019<br><br>A. SILIGRINI | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES     NO |
| --- | --- | --- |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: TERRY BETHMAN

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
| --- | --- |
| JAMES J. MCELDREW | MCELDREW YOUNG<br>123 SOUTH BROAD STREET<br>SUITE 2250<br>PHILADELPHIA PA 19109 |

| PHONE NUMBER | FAX NUMBER | |
| --- | --- | --- |
| (215)545-~~~~ | (215)545-8805 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
| --- | --- |
| 36411 | jim@mceldrewyoung.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
| --- | --- |
| JAMES MCELDREW | Friday, September 06, 2019, 01:56 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. BELL FLAVORS AND FRAGRANCES, INC
   500 ACADEMY DRIVE
   NORTHBROOK IL 60062
2. FIRST CHOICE INGREDIENTS, INC.
   C/O THOMAS J. ATKINSON N112 W. 19528 MEQUON ROAD
   GERMANTOWN WI 53022
3. THERMO FISHER SCIENTIFIC, INC
   1601 CHERRY STREET
   PHILADELPHIA PA 19102
4. GIVAUDAN FLAVORS CORPORATION
   CT CORPORATION SYSTEM 4400 EASTON COMMONS WAY SUITE 125
   COLUMBUS OH 43219
5. INTERNATIONAL FLAVORS AND FRAGRANCES, INC.
   2595 INTERSTATE DRIVE SUITE 103
   HARRISBURG  PA 17110
6. KERRY, INC.
   C/O CT CORPORATION 116 PINE STREET SUITE 320
   HARRISBURG PA 17101
7. KRAFT HEINZ INGREDIENTS CORPORATION
   C/O CT CORPORATION 2001 MARKET STREET 5TH FLOOR
   PHILADELPHIA PA 19103
8. MCCORMICK AND COMPANY, INC.
   C/O CSC-LAWYER INCORPORATING  SERVICE COMPANY 7 ST. PAUL ST., SUITE 820
   BALTIMORE MD 21202
9. ROHA U.S.A., L.L.C
   C/O SPENSERV, INC.  1 N. BRENTWOOD BLVD. SUITE 1000
   ST. LOUIS  MO 63105
10. SENSIENT COLORS LLC
    C/O CT CORPORATION SYSTEM 301 S. BEDORD STREET SUITE 1
    MADISON  WI 53703
11. SENSIENT TECHNOLOGIES CORPORATION
    C/O CT CORPORATION 2001 MARKET STREET 5TH FLOOR
    PHILADELPHIA  PA 19103
12. UNIVAR USA, INC.
    C/O CT CORPORATION SYSTEMS 116 PINE STREET SUITE 320
    HARRISBURG PA 17101
13. BERJE, INC.
    C/O KIM BLEIMANN 700 BLAIR ROAD
    CARTERET NJ 07008
14. CITRUS & ALLIED ESSENCES, LTD
    65 S. TYSON AVENUE
    FLORAL PARK NY 11001
15. ELAN CHEMICAL CO. INC.
    C/O JOCELYN MANSHIP 268 DOREMUS AVENUE
    NEWARK NJ 07105
16. O'LAUGHLIN INDUSTRIES
    150 MORRIS AVENUE SUITE 207
    SPRINGFIELD NJ 07081
17. PHOENIX AROMAS AND ESSENTIAL OILS HOLDINGS, INC.
    17 ALGONQUIN CIRCLE
    AIRMONT NY 10952-5231
18. EMORAL, INC. F/K/A POLAROME INTERNATIONAL, INC.
    200 THEODORE CONRAD DRIVE
    JERSEY CITY NJ 07305
19. CENTROME, INC.
    ALIAS: ADVANCED BIOTECH
    10 TAFT ROAD
    TOTOWA NJ 07512
20. FLAVOR CONSULTANTS, INC.
    2875 COLEMAN STREET
    NORTH LAS VEGAS NV 89032
21. PENTA INTERNATIONAL CORPORATION
    C/O GRACE VOLPE 50 OKNER PARKWAY

```
         LIVINGSTON NJ 07039
22. JOHN DOES 1-10
        UNKNOWN
        UNKNOWN PA 19109
23. JANE DOES 1-10
        UNKNOWN
        UNKNOWN PA 19109
24. ABC PARTNERSHIPS 1-10
        UNKNOWN
        UNKNOWN PA 19109
25. XYZ CORPORATIONS/BUSINESS ENTITIES 1-10
        UNKNOWN
        UNKNOWN PA 19109
```

**McELDREW YOUNG**
James J. McEldrew, III, Esquire
Daniel Purtell, Esquire
Lauren Fantini, Esquire
36411/310376/93862
123 South Broad Street, Suite 2250
Philadelphia, PA 19109
(215) 545-8800
jjm@mceldrewyoung.com
dpurtell@mceldrewyoung.com
lfantini@mceldrewyoung.com

**THIS IS A MAJOR JURY MATTER**

Filed and Attested by the
Office of Judicial Records
06 SEP 2019 01:56 pm
E. SHIURINA

Attorneys for Plaintiffs

| | |
|---|---|
| TERRY BETHMAN<br>1139 W. Front Street<br>Berwick, PA 18603<br>           **Plaintiff,**<br><br>v.<br><br>BELL FLAVORS AND FRAGRANCES, INC.<br>500 Academy Drive<br>Northbrook, IL 60062<br>And<br>FIRST CHOICE INGREDIENTS, INC.<br>c/o Thomas J. Atkinson<br>N112 W 19528 Mequon Rd.<br>Germantown, WI 53022<br>And<br>THERMO FISHER SCIENTIFIC, INC.<br>1601 Cherry St.<br>Philadelphia, PA 19102<br>And<br>GIVAUDAN FLAVORS CORPORATION<br>CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, OH 43219<br>And<br>INTERNATIONAL FLAVORS AND<br>FRAGRANCES, INC.<br>2595 Interstate Dr.<br>Suite 103<br>Harrisburg, PA 17110<br>And<br>KERRY, INC.<br>c/o CT Corporation<br>116 Pine Street<br>Suite 320<br>Harrisburg, PA 17101<br>And<br>KRAFT HEINZ INGREDIENTS CORP<br>c/o CT Corporation<br>2001 Market Street<br>5th Floor<br>Philadelphia, PA 19103<br>And<br>MCCORMICK AND COMPANY, INC. | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>SEPTEMBER TERM<br>NO.:<br><br>JURY TRIAL DEMANDED |

c/o CSC-Lawyers Incorporating Service Company
7 St. Paul St.
Suite 820
Baltimore MD 21202
And
ROHA U.S.A., L.L.C.
c/o Spenserv, Inc.
1 N. Brentwood Blvd
Suite 1000
St. Louis, MO 63105
And
SENSIENT COLORS LLC
c/o CT Corporation System
301 S. Bedord St.
Suite 1
Madison WI 53703
And
SENSIENT TECHNOLOGIES CORPORATION
c/o CT Corporation
2001 Market Street
5th Floor
Philadelphia, PA 19103
And
UNIVAR USA, INC.
c/o CT Corporation Systems
116 Pine Street
Suite 320
Harrisburg, PA 17101
And
BERJE, INC.
c/o Kim Bleimann
700 Blair Road
Carteret, NJ 07008.
And
CITRUS & ALLIED ESSENCES, LTD.
65 S. Tyson Ave.
Floral Park, NY 11001
And
ELAN CHEMICAL CO., INC.
c/o Jocelyn Manship
268 Doremus Ave.
Newark, NJ 07105
And
O'LAUGHLIN INDUSTRIES
150 Morris Ave., Ste. 207
Springfield, NJ 07081
And
PHOENIX AROMAS AND ESSENTIAL OILS
HOLDINGS, Inc.
17 Algonquin Circle
Airmont, New York, 10952-5231
And
EMORAL, INC. F/K/A POLAROME
INTERNATIONAL, INC.
200 Theodore Conrad Dr.
Jersey City, NJ 07305

And
CENTROME, INC. D/B/A ADVANCED BIOTECH
10 Taft Road
Totowa, NJ 07512
And
FLAVOR CONSULTANTS, INC.
2875 Coleman Street
North Las Vegas, NV 89032
And
PENTA INTERNATIONAL CORPORATION
c/o Grace Volpe
50 Okner Parkway
Livingston, NJ 07039
And
JOHN DOES 1-10
And
JANE DOES 1-10
And
ABC PARTNERSHIPS 1-10
And
XYZ CORPORATIONS/BUSINESS ENTITIES 1-10
Defendants.

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisando que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. *Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| Philadelphia Bar Association<br>Lawyer Referral<br>and Information Service<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 | Asociacion De Licenciados De Filadelfia<br>Servicio De Referencia E<br>Informacion Legal<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 |

**McELDREW YOUNG**                          **THIS IS A MAJOR JURY MATTER**
James J. McEldrew, III, Esquire
Daniel Purtell, Esquire
Lauren Fantini, Esquire
36411/310376/93862
123 South Broad Street, Suite 2250
Philadelphia, PA 19109
(215) 545-8800
jim@mceldrewyoung.com
dpurtell@mceldrewyoung.com
lfantini@mceldrewyoung.com                  Attorneys for Plaintiffs

---

| | |
|---|---|
| TERRY BETHMAN | : COURT OF COMMON PLEAS - |
| 1139 W. Front Street | : PHILADELPHIA COUNTY |
| Berwick, PA 18603 | : |
| | : SEPTEMBER TERM, 2019 |
| Plaintiff, | : No.: |
| | : |
| v. | : JURY TRIAL DEMANDED |
| | : |
| BELL FLAVORS AND FRAGRANCES, INC. | : |
| 500 Academy Drive | : |
| Northbrook, IL 60062 | : |
| And | : |
| FIRST CHOICE INGREDIENTS, INC. | : |
| c/o Thomas J. Atkinson | : |
| N112 W 19528 Mequon Rd. | : |
| Germantown, WI 53022 | : |
| And | : |
| THERMO FISHER SCIENTIFIC, INC. | : |
| 1601 Cherry St. | : |
| Philadelphia, PA 19102 | : |
| And | : |
| GIVAUDAN FLAVORS CORPORATION | : |
| CT Corporation System | : |
| 4400 Easton Commons Way | : |
| Suite 125 | : |
| Columbus, OH 43219 | : |
| And | : |
| INTERNATIONAL FLAVORS AND | : |
| FRAGRANCES, INC. | : |
| 2595 Interstate Dr. | : |
| Suite 103 | : |
| Harrisburg, PA 17110 | : |
| And | : |
| KERRY, INC. | : |
| c/o CT Corporation | : |
| 116 Pine Street | : |
| Suite 320 | : |
| Harrisburg, PA 17101 | : |

1

Case ID: 190900703

And                                              :
KRAFT HEINZ INGREDIENTS CORP                     :
c/o CT Corporation                               :
2001 Market Street                               :
5th Floor                                        :
Philadelphia, PA 19109                           :
And                                              :
MCCORMICK AND COMPANY, INC.                      :
c/o CSC-Lawyers Incorporating Service Company    :
7 St. Paul St.                                   :
Suite 820                                        :
Baltimore MD 21202                               :
And                                              :
ROHA U.S.A., L.L.C.                              :
c/o Spenserv, Inc.                               :
1 N. Brentwood Blvd                              :
Suite 1000                                       :
St. Louis, MO 63105                              :
And                                              :
SENSIENT COLORS LLC                              :
c/o CT Corporation System                        :
301 S. Bedord St.                                :
Suite 1                                          :
Madison WI 53703                                 :
And                                              :
SENSIENT TECHNOLOGIES CORPORATION                :
c/o CT Corporation                               :
2001 Market Street                               :
5th Floor                                        :
Philadelphia, PA 19103                           :
And                                              :
UNIVAR USA, INC.                                 :
c/o CT Corporation Systems                       :
116 Pine Street                                  :
Suite 320                                        :
Harrisburg, PA 17101                             :
And                                              :
BERJE, INC.                                      :
c/o Kim Bleimann                                 :
700 Blair Road                                   :
Carteret, NJ 07008.                              :
And                                              :
CITRUS & ALLIED ESSENCES, LTD.                   :
65 S. Tyson Ave.                                 :
Floral Park, NY 11001                            :
And                                              :
ELAN CHEMICAL CO., INC.                          :
c/o Jocelyn Manship                              :
268 Doremus Ave.                                 :
Newark, NJ 07105                                 :
And                                              :

2

O'LAUGHLIN INDUSTRIES                          :
150 Morris Ave., Ste. 207                      :
Springfield, NJ 07081                          :
And                                            :
PHOENIX AROMAS AND ESSENTIAL OILS  .           :
HOLDINGS, Inc.                                 :
17 Algonquin Circle                            :
Airmont, New York, 10952-5231                  :
And                                            :
EMORAL, INC. F/K/A POLAROME                    :
INTERNATIONAL, INC.                            :
200 Theodore Conrad Dr.                        :
Jersey City, NJ 07305                          :
And                                            :
CENTROME, INC. D/B/A ADVANCED BIOTECH          :
10 Taft Road                                   :
Totowa, NJ 07512                               :
And                                            :
FLAVOR CONSULTANTS, INC.                       :
2875 Coleman Street                            :
North Las Vegas, NV 89032                      :
And                                            :
PENTA INTERNATIONAL CORPORATION                :
c/o Grace Volpe                                :
50 Okner Parkway                               :
Livingston, NJ 07039                           :
And                                            :
JOHN DOES 1-10                                 :
And                                            :
JANE DOES 1-10                                 :
And                                            :
ABC PARTNERSHIPS 1-10                          :
And                                            :
XYZ CORPORATIONS/BUSINESS ENTITIES 1-1         :
                                  Defendants.

---

## COMPLAINT

Plaintiff Terry Bethman, residing at the above captioned address, by way of Complaint and Jury

Demand against each of the above captioned Defendants, individually and collectively, alleges and states

as follows:

     1.    Plaintiff Terry Bethman is an adult individual that resides at 1139 W. Front Street, Berwick,

PA 18603.

Case ID: 190900703

2.       Plaintiff was, all times relevant to this Complaint, employed by Wise Foods, Inc. (hereinafter "Wise"). Plaintiff worked for Wise from 1983 to the present. During the course of Plaintiff's employment at Wise, Plaintiff was exposed to diacetyl and acetyl propionyl.

3.       Defendant Bell Flavors and Fragrances is an Illinois corporation with its principal place of business in Northbrook, Illinois.  At all times relevant hereto, Bell Flavors and Fragrances was doing business in Pennsylvania.  Bell Flavors and Fragrances was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. More specifically, Bell Flavors and Fragrances purchased raw diacetyl and acetyl propionyl and flavoring formulations containing diacetyl and acetyl propionyl from its co-defendants and possibly others. Bell Flavors and Fragrances then formulated the diacetyl and acetyl propionyl and the flavoring formulations containing diacetyl and acetyl propionyl into flavoring blends and supplied them to Wise. The timing and nature of the exact products Bell Flavors and Fragrances supplied to Wise appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Bell Flavors and Fragrances supplied to Wise diacetyl-containing flavor blends. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, Bell Flavors and Fragrances supplied to Wise. This information will be revealed in discovery.

4.       Defendant First Choice Ingredients, Inc. is a Wisconsin corporation with a principal place of business in Wisconsin.  First Choice Ingredients, Inc. was doing business in Pennsylvania.  First Choice Ingredients was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. More specifically, First Choice Ingredients purchased raw diacetyl and acetyl propionyl and flavoring formulations containing diacetyl and acetyl propionyl from its co-defendants and possibly others. First Choice Ingredients then formulated the diacetyl and acetyl propionyl and the flavoring formulations containing diacetyl and acetyl propionyl into flavoring blends and supplied them to Wise. The timing and nature of the exact products First Choice Ingredients supplied to Wise appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum First Choice Ingredients supplied to Wise diacetyl-containing flavor blends. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, First Choice Ingredients supplied to Wise. This

4

information will be revealed in discovery.

5.      Defendant Thermo Fisher Scientific, Inc. is a Delaware corporation. Thermo Fisher Scientific, Inc. has its principal place of business in Philadelphia, Pennsylvania. Thermo Fisher Scientific, Inc. maintains a registered agent in Dauphin County, Pennsylvania at the address set forth above. At all times relevant hereto, Thermo Fisher Scientific, Inc. was doing business in Pennsylvania. Thermo Fisher Scientific, Inc. was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. More specifically, Thermo Fisher Scientific, Inc. purchased raw diacetyl and acetyl propionyl and flavoring formulations containing diacetyl and acetyl propionyl from its co-defendants and possibly others. Thermo Fisher Scientific, Inc. then formulated the diacetyl and acetyl propionyl and the flavoring formulations containing diacetyl and acetyl propionyl into flavoring blends and supplied them to Wise. The timing and nature of the exact products Thermo Fisher Scientific, Inc. supplied to Wise appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Thermo Fisher Scientific, Inc. supplied to Wise diacetyl-containing flavor blends. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, Thermo Fisher Scientific, Inc. supplied to Wise. This information will be revealed in discovery.

6.      Givaudan Flavors Corporation ("Givaudan") is a Delaware corporation with its principal place of business in Cincinnati, Ohio. At all times relevant hereto, Givaudan Flavors Corporation was doing business in Pennsylvania. Givaudan was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. More specifically, Givaudan purchased raw diacetyl and acetyl propionyl and flavoring formulations containing diacetyl and acetyl propionyl from its co-defendants and possibly others. Givaudan then formulated the diacetyl and acetyl propionyl and the flavoring formulations containing diacetyl and acetyl propionyl into flavoring blends and supplied them to Wise. The timing and nature of the exact products Givaudan supplied to Wise appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Givaudan supplied to Wise diacetyl-containing flavor blends. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, Givaudan supplied to Wise. This information will be revealed in discovery.

7.     Defendant International Flavors and Fragrances, Inc. is a New York corporation with its principle place of business in New York, New York. International Flavors and Fragrances, Inc. maintains a registered agent in Dauphin County, Pennsylvania at the address set forth above. At all relevant times, International Flavors was doing business in Pennsylvania. International Flavors maintains a registered agent in Pennsylvania. International Flavors and Fragrances, Inc. was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. More specifically, International Flavors and Fragrances, Inc. purchased raw diacetyl and acetyl propionyl and flavoring formulations containing diacetyl and acetyl propionyl from its co-defendants and possibly others. International Flavors and Fragrances, Inc. then formulated the diacetyl and acetyl propionyl and the flavoring formulations containing diacetyl and acetyl propionyl into flavoring blends and supplied them to Wise. The timing and nature of the exact products International Flavors and Fragrances, Inc. supplied to Wise appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum International Flavors and Fragrances, Inc. supplied to Wise diacetyl-containing flavor blends. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, International Flavors and Fragrances, Inc. supplied to Wise. This information will be revealed in discovery.

8.     Defendant Kerry, Inc. is a Delaware corporation with its principal place of business in Illinois. Kerry, Inc. maintains a registered agent in Dauphin County, Pennsylvania. At all times relevant hereto, Kerry, Inc., was doing business in Pennsylvania. Kerry, Inc. was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. More specifically, Kerry, Inc. purchased raw diacetyl and acetyl propionyl and flavoring formulations containing diacetyl and acetyl propionyl from its co-defendants and possibly others. Kerry, Inc. then formulated the diacetyl and acetyl propionyl and the flavoring formulations containing diacetyl and acetyl propionyl into flavoring blends and supplied them to Wise. The timing and nature of the exact Kerry, Inc. supplied to Wise appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Kerry, Inc. supplied to Wise diacetyl-containing flavor blends. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, Kerry, Inc. supplied to Wise. This information will be

6

revealed in discovery.

9.     Defendant Kraft Heinz Ingredients Corp. is a Delaware corporation with its principal place of business in Pittsburgh, PA. Kraft Heinz Ingredients Corp. maintains a registered agent in Philadelphia, Pennsylvania. At all times relevant hereto, Kraft Heinz Ingredients Corp. was doing business in Pennsylvania. Kraft Heinz Ingredients Corp. was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. More specifically, Kraft Heinz Ingredients Corp. purchased raw diacetyl and acetyl propionyl and flavoring formulations containing diacetyl and acetyl propionyl from its co-defendants and possibly others. Kraft Heinz Ingredients Corp. then formulated the diacetyl and acetyl propionyl and the flavoring formulations containing diacetyl and acetyl propionyl into flavoring blends and supplied them to Wise. The timing and nature of the exact Kraft Food Ingredients supplied to Wise appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Kraft Heinz Ingredients Corp. supplied to Wise diacetyl-containing flavor blends. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, Kraft Heinz Ingredients Corp. supplied to Wise. This information will be revealed in discovery.

10.    Defendant McCormick & Company, Inc. is a Maryland corporation with its principal place of business in Sparks, Maryland. At all times relevant hereto, McCormick & Company, Inc. was doing business in Pennsylvania. McCormick and Company, Inc. was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. More specifically, McCormick and Company, Inc. purchased raw diacetyl and acetyl propionyl and flavoring formulations containing diacetyl and acetyl propionyl from its co-defendants and possibly others. McCormick and Company, Inc. then formulated the diacetyl and acetyl propionyl and the flavoring formulations containing diacetyl and acetyl propionyl into flavoring blends and supplied them to Wise. The timing and nature of the exact McCormick and Company, Inc. supplied to Wise appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum McCormick and Company, Inc. supplied to Wise diacetyl-containing flavor blends. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, McCormick and Company, Inc. supplied to Wise. This information will be revealed in

discovery.

11.     Defendant Roha USA, Inc. is a Missouri corporation with its principal place of business in Missouri. At all times relevant hereto, Roha USA, Inc. was doing business in Pennsylvania.  Roha USA, Inc. was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. More specifically, Roha USA, Inc. purchased raw diacetyl and acetyl propionyl and flavoring formulations containing diacetyl and acetyl propionyl from its co-defendants and possibly others Roha USA, Inc. then formulated the diacetyl and acetyl propionyl and the flavoring formulations containing diacetyl and acetyl propionyl into flavoring blends and supplied them to Wise. The timing and nature of the exact Roha USA, Inc. supplied to Wise appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Roha USA, Inc. supplied to Wise diacetyl-containing flavor blends. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations Roha USA, Inc. supplied to Wise. This information will be revealed in discovery.

12.     Defendant Sensient Colors, LLC is a Delaware corporation with a principal place of business in Missouri. At all times relevant hereto, Sensient Colors, Inc. was doing business in Pennsylvania. Sensient Colors, Inc. was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. More specifically, Sensient Colors, Inc. purchased raw diacetyl and acetyl propionyl and flavoring formulations containing diacetyl and acetyl propionyl from its co-defendants and possibly others Sensient Colors, Inc. then formulated the diacetyl and acetyl propionyl and the flavoring formulations containing diacetyl and acetyl propionyl into flavoring blends and supplied them to Wise. The timing and nature of the exact Sensient Colors, Inc. supplied to Wise appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Sensient Colors, Inc. supplied to Wise diacetyl-containing flavor blends. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations Sensient Colors, Inc. supplied to Wise. This information will be revealed in discovery.

13.     Defendant Sensient Technologies Corporation is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin. Sensient Technologies Corporation is registered to do business

8

in Pennsylvania and has a registered address in Philadelphia, Pennsylvania.  At all times relevant hereto, Sensient Technologies Corporation was doing business in Pennsylvania.   Sensient Technologies Corporation was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. More specifically, Sensient Technologies Corporation purchased raw diacetyl and acetyl propionyl and flavoring formulations containing diacetyl and acetyl propionyl from its co-defendants and possibly others Sensient Technologies Corporation then formulated the diacetyl and acetyl propionyl and the flavoring formulations containing diacetyl and acetyl propionyl into flavoring blends and supplied them to Wise. The timing and nature of the exact Sensient Technologies Corporation supplied to Wise appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Sensient Technologies Corporation supplied to Wise diacetyl-containing flavor blends. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations Sensient Technologies Corporation supplied to Wise. This information will be revealed in discovery.

14.     Defendant Univar USA, INC. is a Washington corporation, with its principal place of business in Redmond, Washington. Univar USA, INC. is registered in the Commonwealth of Pennsylvania to do business and has a registered address in Dauphin County, Pennsylvania. At all times relevant hereto, Univar USA, INC. was doing business in Pennsylvania. Univar USA, INC. was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. More specifically, Univar USA, INC. purchased raw diacetyl and acetyl propionyl and flavoring formulations containing diacetyl and acetyl propionyl from its co-defendants and possibly others Univar USA, INC. then formulated the diacetyl and acetyl propionyl and the flavoring formulations containing diacetyl and acetyl propionyl into flavoring blends and supplied them to Wise. The timing and nature of the exact Univar USA, INC. supplied to Wise appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Univar USA, INC. supplied to Wise diacetyl-containing flavor blends. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations Univar USA, INC. supplied to Wise. This information will be revealed in discovery.

15.     Defendants Bell Flavors and Fragrances; First Choice Ingredients; Thermo Fisher

9

Scientific, Inc.; Givaudan Flavors Corporation; International Flavors and Fragrances, Inc.; Kerry, Inc.; Kraft Heinz Ingredients Corp.; McCormack and Company, Inc.; Roha USA, Inc.; Sensient Colors, Inc.; Sensient Technologies Corporation and Univar USA, INC. are direct suppliers of diacetyl and acetyl propionyl to Wise; and shall be referred to, collectively, herein as "Direct Supplier Defendants".

16.    Defendant Berje, Inc. was and is a New York corporation with its principal place of business in New Jersey. At all relevant times, Berje, Inc. was doing business in Pennsylvania. Berje, Inc. was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. The timing and nature of the exact products Berje, Inc. supplied to Direct Supplier Defendants appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Berje, Inc. supplied raw diacetyl and raw acetyl propionyl to Direct Supplier Defendants. Direct Supplier Defendants then formulated Berje, Inc.'s diacetyl and acetyl propionyl into flavoring products and supplied them to Wise. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, Berje, Inc. supplied to Direct Supplier Defendants. This information will be revealed in discovery.

17.    Defendant Citrus and Allied Essences, LTD. is a New York corporation with a principal place of business in New York. At all relevant times, Citrus was doing business in Pennsylvania. Citrus was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. The timing and nature of the exact products Citrus supplied to Direct Supplier Defendants appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Citrus supplied raw diacetyl and raw acetyl propionyl to Direct Supplier Defendants. Direct Supplier Defendants then formulated Citrus' diacetyl and acetyl propionyl into flavoring products and supplied them to Wise. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, Citrus supplied to Direct Supplier Defendants. This information will be revealed in discovery.

18.    Defendant Elan Chemical Co., Inc. is a New Jersey Corporation with a principal place of business in New Jersey.    At all times relevant hereto, Elan Chemical Co., Inc. was doing business in Pennsylvania. Elan Chemical Co., Inc. was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. The timing and nature of the exact products Elan Chemical Co., Inc. supplied to Direct

10

Case ID: 190900703

Supplier Defendants appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Elan Chemical Co., Inc. supplied raw diacetyl and raw acetyl propionyl to Direct Supplier Defendants. Direct Supplier Defendants then formulated Elan Chemical Co., Inc.'s flavorings containing diacetyl and acetyl propionyl into flavoring products and supplied them to Wise. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, Elan Chemical Co., Inc. supplied to Direct Supplier Defendants . This information will be revealed in discovery.

19.     Defendant O'Laughlin Industries is a New Jersey Corporation with a principal place of business in New Jersey. At all times relevant hereto, O'Laughlin Industries as doing business in Pennsylvania. O'Laughlin Industries was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. The timing and nature of the exact products O'Laughlin Industries supplied to Direct Supplier Defendants and Wise appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum, O'Laughlin Industries supplied raw diacetyl and raw acetyl propionyl to Direct Supplier Defendants. Direct Supplier Defendants then formulated O'Laughlin Industries' flavoring into flavoring products and supplied them to Wise. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, O'Laughlin Industries supplied to Direct Supplier Defendants. This information will be revealed in discovery.

20.     Defendant Phoenix Aromas and Essential Oils Holdings, Inc. is a New York corporation with a principal place of business in Norwood, New Jersey. At all times relevant hereto, Phoenix Aromas and Essential Oils was doing business in Pennsylvania. Phoenix Aromas and Essential Oils was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. The timing and nature of the exact products Phoenix Aromas and Essential Oils supplied to Direct Supplier Defendants appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Phoenix Aromas and Essential Oils supplied raw diacetyl and raw acetyl propionyl to Direct Supplier Defendants. Direct Supplier Defendants then formulated Phoenix Aromas and Essential Oils diacetyl and acetyl propionyl into flavoring products and supplied them to Wise. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, Phoenix Aromas and Essential Oils supplied to

Direct Supplier Defendants. This information will be revealed in discovery.

21.    Defendant Emoral Inc., f/k/a Polarome International, Inc. is a New York Corporation with its principal place of business in New Jersey.  At all times relevant hereto, Emoral Inc., f/k/a Polarome International, Inc. was doing business in Pennsylvania. Emoral Inc., f/k/a Polarome International, Inc. was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. The timing and nature of the exact products Emoral Inc., f/k/a Polarome International, Inc. supplied to Direct Supplier Defendants appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Emoral Inc., f/k/a Polarome International, Inc. supplied raw diacetyl and raw acetyl propionyl to Direct Supplier Defendants. Direct Supplier Defendants then formulated Emoral Inc., f/k/a Polarome International, Inc. diacetyl and acetyl propionyl into flavoring products and supplied them to Wise. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, Emoral Inc., f/k/a Polarome International, Inc. supplied to Direct Supplier Defendants. This information will be revealed in discovery.

22.    Defendant Centrome, Inc. d/b/a Advanced Biotech is a New Jersey corporation with its principal place of business in New Jersey. At all relevant times, Centrome, Inc. d/b/a Advanced Biotech was doing business in Pennsylvania. Centrome, Inc. d/b/a Advanced Biotech's principal place of business is in Totowa, NJ. Centrome, Inc. d/b/a Advanced Biotech was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. The timing and nature of the exact products Centrome, Inc. d/b/a Advanced Biotech supplied to Direct Supplier Defendants appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Centrome, Inc. d/b/a Advanced Biotech supplied raw diacetyl and raw acetyl propionyl to Direct Supplier Defendants. Direct Supplier Defendants then formulated Centrome, Inc. d/b/a Advanced Biotech diacetyl and acetyl propionyl into flavoring products and supplied them to Wise. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, Centrome, Inc. d/b/a Advanced Biotech supplied to Direct Supplier Defendants. This information will be revealed in discovery.

23.    Defendant Flavor Consultants, Inc. is a Nevada corporation with a principal place of

12

Case ID: 190900703

business in Nevada. At all relevant times, Flavor Consultants, Inc. was doing business in Pennsylvania. Flavor Consultants, Inc. was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. The timing and nature of the exact products Flavor Consultants, Inc. supplied to Direct Supplier Defendants appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Flavor Consultants, Inc. supplied raw diacetyl and raw acetyl propionyl to Direct Supplier Defendants. Direct Supplier Defendants then formulated Flavor Consultants, Inc. diacetyl and acetyl propionyl into flavoring products and supplied them to Wise. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, Flavor Consultants, Inc. supplied to Direct Supplier Defendants. This information will be revealed in discovery.

24.     Defendant Penta International Corporation is a New Jersey corporation, with its principal place of business in New Jersey. At all relevant times, Penta International Corporation was doing business in Pennsylvania. Penta International Corporation was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. The timing and nature of the exact products Penta International Corporation supplied to Direct Supplier Defendants appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Penta International Corporation supplied raw diacetyl and raw acetyl propionyl to Direct Supplier Defendants. Direct Supplier Defendants then formulated Penta International Corporation diacetyl and acetyl propionyl into flavoring products and supplied them to Wise. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, Penta International Corporation supplied to Direct Supplier Defendants. This information will be revealed in discovery.

25.     Defendants Berje, Inc.; Citrus & Allied Essentials; Elan Chemical Co., Inc.; O'Laughlin Industries; Phoenix Aromas and Essential Oils Holdings, Inc.; Emoral Inc., f/k/a Polarome International, Inc.; Centrome, Inc. d/b/a Advanced Biotech; Flavor Consultants, Inc.; and Penta International Corporation were indirect suppliers of diacetyl and acetyl propionyl to Wise. These Defendants shall be referred to, collectively, as "Indirect Supplier Defendants" through this Complaint.

26.     Defendants, John Does (1-10) and Defendants, Jane Does (1-10), fictitious names, the real names being unknown, are individuals involved with the indirect and/or direct suppliers of diacetyl and/or acetyl propionyl.

27.     Each of the individual Defendants named herein was acting as an agent, servant, or employee of one or more of the corporate Defendants named herein, thus giving rise to claims of ostensible, apparent, and/or vicarious liability.

28.     Defendants, ABC Companies (1-10) and Defendants, XYZ Corporations/Business Entities (1-10), fictitious names, the real names being unknown, are corporations or other legal entities involved with the with the indirect and/or direct suppliers of diacetyl and/or acetyl propionyl.

29.     At all times relevant hereto, Direct Supplier Defendants acted by and/or through their agents, servants, employees and/or workmen.

30.     At all times relevant hereto, Indirect Supplier Defendants acted by and/or through their agents, servants, employees and/or workmen.

31.     At all times relevant hereto, Defendants, ABC Companies (1-10) and Defendants, XYZ Corporations/Business Entities (1-10), acted by and/or through their agents, servants, employees and/or workmen.

## FACTS COMMON TO ALL COUNTS

32.     Diacetyl and acetyl propionyl are chemical food additives used in the flavor manufacturing industry.

33.     Diacetyl and acetyl propionyl are severely toxic and poisonous when used independently, handled, mixed, blended, incorporated into a finished product, and/or in any manner that allows or creates exposure to fumes and vapors.

34.     Exposure to diacetyl and acetyl propionyl can cause damage to the respiratory system.

35.     It has been known and reported in the flavoring and fragrance industry since at least 1986 when the first civil cases began to be filed that diacetyl exposure causes lung diseases.

14

36. In 1993, BASF, a flavor manufacturer utilizing diacetyl in its products, concluded a study that examined diacetyl's effect on rats. The BASF study involved the forced inhalation exposure of diacetyl to three groups of 10 rats over a four-hour period. The first group of rats was forced to inhale low concentrations of diacetyl, while the second and third groups were forced to inhale moderate and high levels of diacetyl, respectively. None of the rats exposed to low levels of diacetyl died during the study, while all of the rats exposed to moderate and high levels died within seven days of exposure. Notably, rats exposed to moderate and high levels resulted in an abundance of symptoms indicative of respiratory tract injury. The report was not released to the public, but it was available to the flavoring industry through the Flavor and Extract Manufacturers Association.

37. In 2002, the National Institute for Occupational Safety and Health (NIOSH), a division of the Occupational Safety and Health Administration (OSHA) released a paper titled, "Clinical Bronchiolitis Obliterans in Workers at a Microwave-Popcorn Plant." In the paper, NIOSH concluded that there was a strong relationship between exposure to diacetyl and airway obstruction.

38. In 2002, NIOSH released a paper titled, "Necrosis of Nasal and Airway Epithelium in Rats Inhaling Vapors of Artificial Butter Flavoring." In that paper, NIOSH concluded that concentrations of butter flavoring that contained diacetyl are damaging to airways.

39. In 2004 the Centers for Disease Control and Prevention (CDC) published NIOSH publication number 2004-110 titled, "Preventing Lung Disease in Workers Who Use or Make Flavorings." The publication warned that workers using flavoring chemicals are particularly susceptible to developing severe lung diseases.

40. Since the early 2000s there have been numerous articles published in scientific journals that relate exposure to diacetyl to severe lung diseases, including, but not limited to bronchiolitis obliterans.

41. Acetyl propionyl is structurally very similar to diacetyl. Published reports on the toxicity of acetyl propionyl were first published in abstract form in 2010.

42. A peer-reviewed publication from NIOSH documents that in laboratory studies, acute

15

inhalation exposures to acetyl propionyl cause airway epithelial damage that is similar to diacetyl.

43.    Defendants knew or should have known of the hazardous nature, risks, and side effects of diacetyl and acetyl propionyl both at the time of sale and when Plaintiff was exposed to diacetyl and acetyl propionyl.

44.    On September 11, 2018, after undergoing pulmonary testing, Plaintiff was diagnosed with diacetyl-induced lung disease.  Upon undergoing an HRCT, on July 24, 2019, Plaintiff was specifically diagnosed with Flavoring Related Bronchiolitis Obliterans Syndrome (FRBOS).

45.    Before September 11, 2018, Plaintiff neither knew nor discovered nor could have known or discovered that her lung injuries could have been related in any way to her exposure to diacetyl and acetyl propionyl.

46.    Between 1983 and the present, Plaintiff worked at Wise's facilities located at 228 Raseley Street, Berwick, PA 18603. Plaintiff worked with and around products containing diacetyl and acetyl propionyl that Indirect Supplier Defendants supplied to Direct Supplier Defendants or directly to Wise in the ordinary course of Plaintiff's employment and over the course of years regularly, routinely, and repeatedly inhaled vapors and fumes of diacetyl and acetyl propionyl supplied by Defendants.

47.    Indirect Supplier Defendants' diacetyl and acetyl propionyl and flavorings containing diacetyl and acetyl propionyl were incorporated into the flavoring products by Direct Supplier Defendants. Direct Supplier Defendants then supplied them to Wise. Plaintiff then worked with and around those products in the ordinary course of Plaintiff's employment for Wise and regularly, routinely, and repeatedly over the course of years inhaled vapors and fumes of diacetyl and acetyl propionyl supplied by Defendants.

48.    As a result of Plaintiff's employment, Plaintiff was exposed to the fumes and vapors of diacetyl and acetyl propionyl. The fumes and vapors entered Plaintiff's lungs.

49.    As a result of repetitive exposure to diacetyl and acetyl propionyl, Plaintiff developed lung problems.

50.    Defendants knew that Plaintiff's continuous exposure could harm Plaintiff. Defendants

16

knew there was a high probability Plaintiff would develop lung injuries.

51.     At all times relevant to this Complaint, Plaintiff was unaware of the hazards and risks associated with diacetyl and acetyl propionyl, and that the levels to which Plaintiff was exposed and the manner in which Plaintiff was exposed could cause permanent lung injury.

52.     At all times relevant to this Complaint, Plaintiff used diacetyl and acetyl propionyl in an intended or reasonably foreseeable way.

## FIRST CAUSE OF ACTION

### Strict Liability:  Manufacturing Defect

(Against DIRECT SUPPLIER DEFENANTS)

53.     Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint.

54.     In the ordinary course of its business, Direct Supplier Defendants designed, manufactured, labeled, supplied, and distributed, and sold flavoring products containing diacetyl and acetyl propionyl for use by Wise and supplied those products to Wise.

55.     The products Direct Supplier Defendants supplied to Wise were defective in that they were produced in a substandard condition, the end products differed from the intended end products, and the products departed from the intended design. The products were defective because they were in a condition that permitted the release of vapors and fumes of toxins capable of causing respiratory injuries to workers exposed to those fumes.

56.     The health risks associated with Direct Supplier Defendants' products were not open and obvious or of a type that is a matter of common knowledge. Direct Supplier Defendants knew or should have known the Plaintiff, as well as other similarly situated employees, did not and would not comprehend the dangerous condition of the products containing diacetyl and acetyl propionyl.

57.     As a result of these manufacturing defects, the products were unreasonably dangerous. The products were dangerous to an extent beyond that which would be contemplated by the ordinary person who worked with and used the products, with the ordinary knowledge common to the community as to its

Case ID: 190900703

characteristics. Such an ordinary person with such knowledge would not contemplate that exposure to the products could cause respiratory injuries.

58.     The products were in this defective and unreasonably dangerous condition at the time the products left Direct Supplier Defendants' control.

59.     The products were in this defective and unreasonably dangerous condition when the Plaintiff was exposed to the products in the ordinary course of Plaintiff's employment.

60.     Plaintiff used the products in a reasonably foreseeable manner in the ordinary course of Plaintiff's employment for Wise and for the purposes for which the products were supplied.

61.     As a proximate result of the condition of the products and Plaintiff's exposure to the products, the Plaintiff suffered respiratory injuries, endured pain and suffered, incurred necessary medical expenses, sustained lost earnings, and was otherwise injured.

WHEREFORE, Plaintiff demands judgment against Direct Supplier Defendants in excess of $50,000.00, costs of this suit, and any other relief which this Court may deem appropriate.

## SECOND CAUSE OF ACTION

### Strict Liability:  Design Defect

#### (Against DIRECT SUPPLIER DEFENDANTS)

62.     Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint.

63.     In the ordinary course of its business, Direct Supplies Defendants designed, manufactured, labeled, supplied, and distributed, and sold flavoring products containing diacetyl and acetyl propionyl for use by Wise.

64.     The products Direct Supplier Defendants supplied to Wise were defective in one or more of the following respects:

a.  They were more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner;

b.  The foreseeable risks associated with the design or formulation of the products exceeded the benefits associated with the design or formulation, in that:

18

i.  The nature and magnitude of the risk of harm associated with the design or formulation of the products, in light of the intended and reasonably foreseeable uses, modifications, and alterations of diacetyl and acetyl propionyl, outweighed the intended or actual utility of said designs and formulations;

ii.  Users of the products, including the Plaintiff, would not likely be aware, whether based on warnings, general knowledge, or otherwise, of the risks of harm;

iii.  It was likely that the design or formulation of the flavorings containing diacetyl and acetyl propionyl in the products would cause harm in light of their intended and reasonably foreseeable uses, modifications. and alterations;

iv.  There were no performance or safety advantages associated with the design or formulation of the products; and

v.  Direct Supplier Defendants possessed both the technical and economic feasibility of using an alternative design or formulation when the products left its control.

65.    At the time of the design, formulation, manufacture, processing, distribution, sale, and/or use of Direct Supplier Defendants' products, the products were defective as designed when put to the use anticipated by Direct Supplier Defendants due to their capacity to cause respiratory illnesses and diseases. The products were defective because they were in a condition that permitted the release of vapors and fumes of toxins capable of causing respiratory injuries to workers exposed to those fumes.

66.    As a result of Direct Supplier Defendants' products' propensity to cause respiratory disease, the products were unreasonably dangerous and defective when put to the intended and reasonably foreseeable use anticipated by Direct Supplier Defendants.

67.    The health risks associated with Direct Supplier Defendants' products were not open and obvious, or of a type that is a matter of common knowledge. Direct Supplier Defendants knew or should have known the Plaintiff, as well as other similarly situated employees, did not and would not comprehend the dangerous condition of the products containing diacetyl and acetyl propionyl.

68.    Plaintiff's harm was not caused by an inherent characteristic of Direct Supplier Defendants' products that was a generic aspect of the products that could not be eliminated without

Case ID: 190900703

substantially compromising the products' usefulness or desirability.

69.     A practical and technically feasible alternative design or formulation or packaging was available for the products that would have prevented the harm to the Plaintiff without substantially impairing the usefulness or intended purpose of the products.

70.     The products were in this defective and unreasonably dangerous condition at the time the products left Direct Supplier Defendants' control.

71.     The products were in this defective and unreasonably dangerous condition when the Plaintiff was exposed to the products in the ordinary course of Plaintiff's employment.

72.     Plaintiff used the products in a reasonably foreseeable manner in the ordinary course of Plaintiff's employment for Wise and for the purposes for which the products were supplied.

73.     As a proximate result of the condition of the products and Plaintiff's exposure to the products, the Plaintiff suffered respiratory injuries, endured pain and suffered, incurred necessary medical expenses, sustained lost earnings, and was otherwise injured.

WHEREFORE, Plaintiff demands judgment against Direct Supplier Defendants in excess of $50,000.00, costs of this suit, and any other relief which this Court may deem appropriate.

### THIRD CAUSE OF ACTION

#### Strict Liability: Failure to Warn

#### (Against DIRECT SUPPLIER DEFENDANT)

74.     Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint.

75.     In the ordinary course of its business, Direct Supplier Defendants designed, manufactured, labeled, supplied, and distributed, and sold flavoring products containing diacetyl and acetyl propionyl for use by Wise. The products were defective because they were in a condition that permitted the release of vapors and fumes of toxins capable of causing respiratory injuries to workers exposed to those fumes.

76.     Direct Supplier Defendants knew or should have known at the time of extracting, formulating, manufacturing, supplying, distributing, and selling diacetyl and acetyl propionyl that diacetyl

Case ID: 190900703

and acetyl propionyl had risks, such as being hazardous, toxic, poisonous, and knew or should have known that prolonged use or repeated exposure by the Plaintiff could lead to serious injury or death.

77.     Direct Supplier Defendants designed, formulated, manufactured, processed, distributed, marketed, sold, and supplied diacetyl and acetyl propionyl without adequate instructions on safe use to reduce and/or eliminate exposure thereto, and/or without adequate warnings that the products contained substances that are dangerous to health and life and cause severe respiratory diseases.

78.     Direct Supplier Defendants failed to provide the post-marketing warnings or instructions that a manufacturer exercising reasonable care would have provided concerning the risk, in light of the likelihood that the products would cause Plaintiff's injuries and in light of the likely serious nature of these injuries.

79.     No warning was given that the diacetyl and acetyl propionyl in Direct Supplier Defendants' products were of a highly toxic and poisonous nature, should only be used with specialized protective equipment, would have cumulative increases in their hazardous, toxic, and poisonous effects with prolonged use or repeated exposure, and would be highly toxic and poisonous when used as an ingredient for the purposes of making food flavorings for the food flavoring industry.

80.     Direct Supplier Defendants failed to comply with 29 CFR 1910.1200 regarding hazard communications in its safety data sheets and otherwise. Direct Supplier Defendants failed to comply with this section by failing to evaluate the chemicals it supplied to Wise, failing to monitor the medical and scientific literature, failing to include hazard information that it knew or should have known in its safety data sheets and/or container labeling that were transmitted to Wise, failing to transmit safety data sheets and/or container labeling to Wise, failing to timely update the safety data sheets and/or container labeling it sent to Wise, and in other ways.

81.     The health risks associated with Direct Supplier Defendants' products were not open and obvious, or of a type that is a matter of common knowledge. Direct Supplier Defendants knew or should have known the Plaintiff, as well as other similarly situated employees, did not and would not comprehend

the dangerous condition of the diacetyl and acetyl propionyl.

82.     As a result of Direct Supplier Defendants' failure to adequately instruct and warn of the dangerous characteristics of the products, the products were defective and unreasonably dangerous when put to the use reasonably anticipated by Direct Supplier Defendants.

83.     The products were in this defective and unreasonably dangerous condition at the time the products left Direct Supplier Defendants' control.

84.     The products were in this defective and unreasonably dangerous condition when the Plaintiff was exposed to the products in the ordinary course of Plaintiff's employment.

85.     Plaintiff used the products in a reasonably foreseeable manner in the ordinary course of Plaintiff's employment for Wise and for the purposes for which the products were supplied.

86.     As a proximate result of the condition of the products and Plaintiff's exposure to the products, the Plaintiff suffered respiratory injuries, endured pain and suffered, incurred necessary medical expenses, sustained lost earnings, and was otherwise injured.

WHEREFORE, Plaintiff demands judgment against Direct Supplier Defendants in excess of $50,000.00, costs of this suit, and any other relief which this Court may deem appropriate.

## FOURTH CAUSE OF ACTION

### Negligence

### (Against DIRECT SUPPLIER DEFENDANTS)

87.     Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint.

88.     In the ordinary course of its business, Direct Supplier Defendants designed, manufactured, labeled, supplied, and distributed, and sold flavoring products containing diacetyl and acetyl propionyl for use by Wise.

89.     At all times relevant to this Complaint, Direct Supplier Defendants had a duty to use reasonable care in the manufacturing, design, distribution, and sale of the aforesaid diacetyl and acetyl propionyl. Direct Supplier Defendants failed to use reasonable care.

22

90. In disregard of the aforesaid duties Direct Supplier Defendants were guilty of one or more of the following careless and negligent acts or omissions:

    a. Manufacturing, producing, processing, promoting, formulating, creating, developing, designing, selling, and distributing diacetyl and acetyl propionyl without using reasonable care in adopting a safe plan or design;

    b. Manufacturing, producing, processing, promoting, formulating, creating, developing, designing, selling, and distributing diacetyl and acetyl propionyl without thorough and adequate testing before the product was in the stream of commerce, and while the product was in the stream of commerce;

    c. Failing to undertake sufficient studies and conduct necessary tests to determine whether or not diacetyl and acetyl propionyl were safe for its intended use;

    d. Failing to acquire and maintain the knowledge of an expert to manufacture, produce, process, promote, formulate, create, develop, design, sell, distribute, and/or supply their products free from defects and/or latent defects;

    e. Failing to disclose and/or adequately warn of product defects and/or hazards, which duty continued even after the sale of said diacetyl and acetyl propionyl;

    f. Failing to provide adequate instructions, guidelines, and safety precautions to those whom it was reasonably foreseeable would use diacetyl and acetyl propionyl;

    g. Failing to disclose and inform users that there were alternative products or designs;

    h. Representing that diacetyl and acetyl propionyl were safe for its intended use when in fact, Direct Supplier Defendants knew and/or should have known the product was not safe for its intended purposes; and/or

    i. Continuing to manufacture and sell diacetyl and acetyl propionyl with the knowledge that diacetyl and acetyl propionyl were unsafe and dangerous;

    j. Failing to recall or retrofit diacetyl and acetyl propionyl after it was sold.

    k. Failing to comply with 29 CFR 1910.1200 regarding hazard communications in its safety data sheets and otherwise, failing to evaluate the chemicals it supplied to Wise, failing to monitor the medical and scientific literature, failing to include hazard information that it knew or should have known in its safety data sheets and/or container labeling that were transmitted to Wise, failing to transmit safety data sheets and/or container labeling to Wise, failing to timely update the safety data sheets and/or container labeling it sent to Wise, and in other ways.

91. Direct Supplier Defendants failed to use due care under the circumstances and were thereby negligent in the performance of their duties to the Plaintiff.

92. The diacetyl and acetyl propionyl were used by the Plaintiff in a way that was reasonably

Case ID: 190900703

foreseeable and intended by Direct Supplier Defendants. The products containing diacetyl and acetyl propionyl were unsafe for the use for which they were intended. The products were unsafe because they were in a condition that permitted the release of vapors and fumes of toxins capable of causing respiratory injuries to workers exposed to those fumes and were not accompanied by adequate warnings.

93.     It would have been economically feasible for Direct Supplier Defendants to reduce the risk of harm by manufacturing an alternative product or design.

94.     As a proximate result of the condition of the products and Plaintiff's exposure to the products, the Plaintiff suffered respiratory injuries, endured pain and suffered, incurred necessary medical expenses, sustained lost earnings, and was otherwise injured.

WHEREFORE, Plaintiff demands judgment against Direct Supplier Defendants for a monetary award in excess of $50,000.00, costs of this suit, and any other relief which this Court may deem appropriate.

## FIFTH CAUSE OF ACTION

### Strict Liability: Manufacturing Defect

(Against INDIRECT SUPPLIER DEFENDANTS)

95.     Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint.

96.     In the ordinary course of its business, Indirect Supplier Defendants designed, manufactured, labeled, supplied, and distributed products containing diacetyl and acetyl propionyl for use by Direct Supplier Defendants, who then supplied products containing the diacetyl and acetyl propionyl to Wise. Indirect Supplier Defendants also supplied products containing diacetyl and acetyl propionyl directly to Wise.

97.     The products Indirect Supplier Defendants supplied to Direct Supplier Defendants and Wise were defective in that they were produced in a substandard condition, the end products differed from the intended end products, and the products departed from the intended design. The products were defective because they were in a condition that permitted the release of vapors and fumes of toxins capable of causing

24

respiratory injuries to workers exposed to those fumes.

98.    The health risks associated with Indirect Supplier Defendants' products were not open and obvious or of a type that is a matter of common knowledge. Indirect Supplier Defendants knew or should have known the Plaintiff, as well as other similarly situated employees, did not and would not comprehend the dangerous condition of the diacetyl and acetyl propionyl.

99.    As a result of these manufacturing defects, the diacetyl and acetyl propionyl were unreasonably dangerous. The diacetyl and acetyl propionyl were dangerous to an extent beyond that which would be contemplated by the ordinary person who worked with and used the products, with the ordinary knowledge common to the community as to its characteristics. Such an ordinary person with such knowledge would not contemplate that exposure to the diacetyl and acetyl propionyl could cause respiratory injuries.

100.    The diacetyl and acetyl propionyl were in this defective and unreasonably dangerous condition at the time the products left Indirect Supplier Defendants' control.

101.    The diacetyl and acetyl propionyl were in this defective and unreasonably dangerous condition when the Plaintiff was exposed to the products in the ordinary course of Plaintiff's employment.

102.    Plaintiff used the products in a reasonably foreseeable manner in the ordinary course of Plaintiff's employment for Wise and for the purposes for which the products were supplied.

103.    As a proximate result of the condition of the products and Plaintiff's exposure to the products, the Plaintiff suffered respiratory injuries, endured pain and suffered, incurred necessary medical expenses, sustained lost earnings, and was otherwise injured.

WHEREFORE, Plaintiff demands judgment against Indirect Supplier Defendants in excess of $50,000.00, costs of this suit, and any other relief which this Court may deem appropriate.

## SIXTH CAUSE OF ACTION

### Strict Liability: Design Defect

### (Against INDIRECT SUPPLIER DEFENDANTS)

Case ID: 190900703

104.    Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint.

105.    In the ordinary course of its business, Indirect Supplier Defendants designed, manufactured, labeled, supplied, and distributed diacetyl and acetyl propionyl for use by Direct Supplier Defendants, who then supplied products containing the diacetyl and acetyl propionyl to Wise.

106.    The diacetyl and acetyl propionyl Indirect Supplier Defendants supplied to Direct Supplier Defendants were defective in one or more of the following respects:

    a.    They were more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner;

    b.    The foreseeable risks associated with the design or formulation of the diacetyl and acetyl propionyl exceeded the benefits associated with the design or formulation, in that:

        i.    The nature and magnitude of the risk of harm associated with the design or formulation of the diacetyl and acetyl propionyl, in light of the intended and reasonably foreseeable uses, modifications, and alterations of diacetyl and acetyl propionyl, outweighed the intended or actual utility of said designs and formulations;

        ii.    Users of the diacetyl and acetyl propionyl, including the Plaintiff, would not likely be aware, whether based on warnings, general knowledge, or otherwise, of the risks of harm;

        iii.    It was likely that the design or formulation of the flavorings containing diacetyl and acetyl propionyl in the products would cause harm in light of their intended and reasonably foreseeable uses, modifications, and alterations;

        iv.    There were no performance or safety advantages associated with the design or formulation of the diacetyl and acetyl propionyl; and

        v.    Indirect Supplier Defendants possessed both the technical and economic feasibility of using an alternative design or formulation when the diacetyl and acetyl propionyl left its control.

107.    At the time of the design, formulation, manufacture, processing, distribution, sale, and/or use of Indirect Supplier Defendants' diacetyl and acetyl propionyl, the diacetyl and acetyl propionyl were defective as designed when put to the use anticipated by Indirect Supplier Defendants due to their capacity to cause respiratory illnesses and diseases. The products were defective because they were in a condition that permitted the release of vapors and fumes of toxins capable of causing respiratory injuries to workers

26

exposed to those fumes.

108.     As a result of Indirect Supplier Defendants' diacetyl and acetyl propionyl's propensity to cause respiratory disease, the diacetyl and acetyl propionyl were unreasonably dangerous and defective when put to the intended and reasonably foreseeable use anticipated by Indirect Supplier Defendants.

109.     The health risks associated with Indirect Supplier Defendants' products were not open and obvious, or of a type that is a matter of common knowledge. Indirect Supplier Defendants knew or should have known the Plaintiff, as well as other similarly situated employees, did not and would not comprehend the dangerous condition of the diacetyl and acetyl propionyl.

110.     Plaintiff's harm was not caused by an inherent characteristic of Indirect Supplier Defendants' products that was a generic aspect of the diacetyl and acetyl propionyl that could not be eliminated without substantially compromising the diacetyl and acetyl propionyl's usefulness or desirability.

111.     A practical and technically feasible alternative design or formulation or packaging was available for the diacetyl and acetyl propionyl that would have prevented the harm to the Plaintiff without substantially impairing the usefulness or intended purpose of the diacetyl and acetyl propionyl.

112.     The diacetyl and acetyl propionyl were in this defective and unreasonably dangerous condition at the time the products left Indirect Supplier Defendants' control.

113.     The diacetyl and acetyl propionyl were in this defective and unreasonably dangerous condition when the Plaintiff was exposed to the diacetyl and acetyl propionyl in the ordinary course of Plaintiff's employment.

114.     Plaintiff used the products in a reasonably foreseeable manner in the ordinary course of Plaintiff's employment for Wise and for the purposes for which the diacetyl and acetyl propionyl were supplied.

115.     As a proximate result of the condition of the diacetyl and acetyl propionyl and Plaintiff's exposure to the products, the Plaintiff suffered respiratory injuries, endured pain and suffered, incurred

27

necessary medical expenses, sustained lost earnings, and was otherwise injured.

WHEREFORE, Plaintiff demands judgment against Indirect Supplier Defendants in excess of $50,000.00, costs of this suit, and any other relief which this Court may deem appropriate.

### SEVENTH CAUSE OF ACTION

### Strict Liability:  Failure to Warn

#### (Against INDIRECT SUPPLIER DEFENDANTS)

116.    Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint.

117.    In the ordinary course of its business, Indirect Supplier Defendants designed, manufactured, labeled, supplied, and distributed diacetyl and acetyl propionyl for use by Direct Supplier Defendants, who then supplied products containing the diacetyl and acetyl propionyl to Wise. The products were defective because they were in a condition that permitted the release of vapors and fumes of toxins capable of causing respiratory injuries to workers exposed to those fumes.

118.    Indirect Supplier Defendants knew or should have known at the time of extracting, formulating, manufacturing, supplying, distributing, and selling diacetyl and acetyl propionyl that diacetyl and acetyl propionyl had risks, such as being hazardous, toxic, poisonous, and knew or should have known that prolonged use or repeated exposure by the Plaintiff could lead to serious injury or death.

119.    Indirect Supplier Defendants designed, formulated, manufactured, processed, distributed, marketed, sold, and supplied diacetyl and acetyl propionyl without adequate instructions on safe use to reduce and/or eliminate exposure thereto, and/or without adequate warnings that the products contained substances that are dangerous to health and life and cause severe respiratory diseases.

120.    Indirect Supplier Defendants failed to provide the post-marketing warnings or instructions that a manufacturer exercising reasonable care would have provided concerning the risk, in light of the likelihood that the diacetyl and acetyl propionyl would cause Plaintiff's injuries and in light of the likely serious nature of these injuries.

121.    No warning was given that the diacetyl and acetyl propionyl were of a highly toxic and

Case ID: 190900703

poisonous nature, should only be used with specialized protective equipment, would have cumulative increases in their hazardous, toxic, and poisonous effects with prolonged use or repeated exposure, and would be highly toxic and poisonous when used as an ingredient for the purposes of making food flavorings for the food flavoring industry.

122.     Indirect Supplier Defendants failed to comply with 29 CFR 1910.1200 regarding hazard communications in its safety data sheets and otherwise. Indirect Supplier Defendants failed to comply with this section by failing to evaluate the chemicals it supplied to Wise, failing to monitor the medical and scientific literature, failing to include hazard information that it knew or should have known in its safety data sheets and/or container labeling that were transmitted to Direct Supplier Defendants and Wise, failing to transmit safety data sheets and/or container labeling to Direct Supplier Defendants and Wise, failing to timely update the safety data sheets and/or container labeling it sent to Direct Supplier Defendants and Wise, and in other ways.

123.     The health risks associated with Indirect Supplier Defendants' diacetyl and acetyl propionyl were not open and obvious, or of a type that is a matter of common knowledge. Indirect Supplier Defendants' knew or should have known the Plaintiff, as well as other similarly situated employees, did not and would not comprehend the dangerous condition of the diacetyl and acetyl propionyl.

124.     As a result of Indirect Supplier Defendants' failure to adequately instruct and warn of the dangerous characteristics of the diacetyl and acetyl propionyl, the diacetyl and acetyl propionyl were defective and unreasonably dangerous when put to the use reasonably anticipated by Indirect Supplier Defendants.

125.     The diacetyl and acetyl propionyl were in this defective and unreasonably dangerous condition at the time the products left Indirect Supplier Defendants' control.

126.     The diacetyl and acetyl propionyl were in this defective and unreasonably dangerous condition when the Plaintiff was exposed to the diacetyl and acetyl propionyl in the ordinary course of Plaintiff's employment.

29

127.   Plaintiff used the diacetyl and acetyl propionyl in a reasonably foreseeable manner in the ordinary course of Plaintiff's employment for Wise and for the purposes for which the diacetyl and acetyl propionyl were supplied.

128.   As a proximate result of the condition of the diacetyl and acetyl propionyl and Plaintiff's exposure to the diacetyl and acetyl propionyl, the Plaintiff suffered respiratory injuries, endured pain and suffered, incurred necessary medical expenses, sustained lost earnings, and was otherwise injured.

WHEREFORE, Plaintiff demands judgment against Indirect Supplier Defendants in excess of $50,000.00, costs of this suit, and any other relief which this Court may deem appropriate.

## EIGHTH CAUSE OF ACTION

### Negligence

### (Against INDIRECT SUPPLIER DEFENDANTS)

129.   Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint.

130.   In the ordinary course of its business, Indirect Supplier Defendants designed, manufactured, labeled, supplied, and distributed diacetyl and acetyl propionyl for use by Direct Supplier Defendants, who then supplied products containing the diacetyl and acetyl propionyl to Wise.

131.   At all times relevant to this Complaint, Indirect Supplier Defendants had a duty to use reasonable care in the manufacturing, design, distribution, and sale of the aforesaid diacetyl and acetyl propionyl. Indirect Supplier Defendants failed to use reasonable care.

132.   In disregard of the aforesaid duties Indirect Supplier Defendants was guilty of one or more of the following careless and negligent acts or omissions:

   a. Manufacturing, producing, processing, promoting, formulating, creating, developing, designing, selling, and distributing diacetyl and acetyl propionyl without using reasonable care in adopting a safe plan or design;

   b. Manufacturing, producing, processing, promoting, formulating, creating, developing, designing, selling, and distributing diacetyl and acetyl propionyl without thorough and adequate testing before the product was in the stream of commerce, and while the product was in the stream of commerce;

   c. Failing to undertake sufficient studies and conduct necessary tests to determine whether or

Case ID: 190900703

not diacetyl and acetyl propionyl were safe for their intended use;

d. Failing to acquire and maintain the knowledge of an expert to manufacture, produce, process, promote, formulate, create, develop, design, sell, distribute, and/or supply its products free from defects and/or latent defects;

e. Failing to disclose and/or adequately warn of product defects and/or hazards, which duty continued even after the sale of said diacetyl and acetyl propionyl;

f. Failing to provide adequate instructions, guidelines, and safety precautions to those whom it was reasonably foreseeable would use diacetyl and acetyl propionyl;

g. Failing to disclose and inform users that there were alternative products or designs;

h. Representing that diacetyl and acetyl propionyl were safe for its intended use when in fact, Indirect Supplier Defendants knew and/or should have known the product was not safe for its intended purposes; and/or

i. Continuing to manufacture and sell diacetyl and acetyl propionyl with the knowledge that diacetyl and acetyl propionyl were unsafe and dangerous;

j. Failing to recall or retrofit diacetyl and acetyl propionyl after it was sold.

k. Failing to comply with 29 CFR 1910.1200 regarding hazard communications in its safety data sheets and otherwise, failing to evaluate the chemicals it supplied to Direct Supplier Defendants and Wise, failing to monitor the medical and scientific literature, failing to include hazard information that it knew or should have known in its safety data sheets and/or container labeling that were transmitted to Indirect Supplier Defendants and Wise, failing to transmit safety data sheets and/or container labeling to Indirect Supplier Defendants and Wise, failing to timely update the safety data sheets and/or container labeling it sent to Indirect Supplier Defendants and Wise, and in other ways.

133.   Indirect Supplier Defendants failed to use due care under the circumstances and was thereby negligent in the performance of its duties to the Plaintiff.

134.   The diacetyl and acetyl propionyl were used by the Plaintiff in a way that was reasonably foreseeable and intended by Indirect Supplier Defendants. The products containing diacetyl and acetyl propionyl were unsafe for the use for which they were intended. The products were unsafe because they were in a condition that permitted the release of vapors and fumes of toxins capable of causing respiratory injuries to workers exposed to those fumes and were not accompanied by adequate warnings.

135.   It would have been economically feasible for Indirect Supplier Defendants to reduce the risk of harm by manufacturing an alternative product or design.

Case ID: 190900703

136.   As a proximate result of the condition of the diacetyl and acetyl propionyl and Plaintiff's exposure to the diacetyl and acetyl propionyl, the Plaintiff suffered respiratory injuries, endured pain and suffered, incurred necessary medical expenses, sustained lost earnings, and was otherwise injured.

WHEREFORE, Plaintiff demands judgment against Indirect Supplier Defendants in excess of $50,000.00, costs of this suit, and any other relief which this Court may deem appropriate.

Respectfully Submitted,

McELDREW YOUNG

James JM El____

DATE: September 6, 2019

JAMES J. McELDREW, III, Esquire
DANIEL PURTELL, Esquire
LAUREN C. FANTINI, Esquire
Attorneys for Plaintiff

32

# VERIFICATION

Terry Bethman verifies that she is the Plaintiff herein, and that the facts set forth in the foregoing

Complaint are true and correct to the best of her knowledge, information and belief.  The

undersigned understands that false statements herein are made subject to the penalties of 18 Pa.

C.S. Section 4904 relating to unsworn falsification to authorities.

_____
Terry Bethman

Dated: _Sept 06, 2019_

Case ID: 190900703

# EXHIBIT B

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**SEPTEMBER 2019**     **000703**

E-Filing Number: 1909012066

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| TERRY BETHMAN | BELL FLAVORS AND FRAGRANCES, INC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1139 W. FRONT STREET<br>BERWICK PA 18603 | 500 ACADEMY DRIVE<br>NORTHBROOK IL 60062 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | FIRST CHOICE INGREDIENTS, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | C/O THOMAS J. ATKINSON N112 W. 19528 MEQUON<br>ROAD<br>GERMANTOWN WI 53022 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | THERMO FISHER SCIENTIFIC, INC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 1601 CHERRY STREET<br>PHILADELPHIA PA 19102 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 25 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce    [ ] Settlement<br>[ ] Minor Court Appeal    [ ] Minors<br>[ ] Statutory Appeals    [ ] W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2P - PRODUCT LIABILITY |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
|  |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES     NO |
|---|---|---|

**FILED
PRO PROTHY**

SEP **06** 2019

**A. SILIGRINI**

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>TERRY BETHMAN</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JAMES J. MCELDREW | MCELDREW YOUNG<br>123 SOUTH BROAD STREET<br>SUITE 2250<br>PHILADELPHIA PA 19109 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)545-8800 | (215)545-8805 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 36411 | jim@mceldrewyoung.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| JAMES MCELDREW | Friday, September 06, 2019, 01:56 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. BELL FLAVORS AND FRAGRANCES, INC
   500 ACADEMY DRIVE
   NORTHBROOK IL 60062
2. FIRST CHOICE INGREDIENTS, INC.
   C/O THOMAS J. ATKINSON N112 W. 19528 MEQUON ROAD
   GERMANTOWN WI 53022
3. THERMO FISHER SCIENTIFIC, INC
   1601 CHERRY STREET
   PHILADELPHIA PA 19102
4. GIVAUDAN FLAVORS CORPORATION
   CT CORPORATION SYSTEM 4400 EASTON COMMONS WAY SUITE 125
   COLUMBUS OH 43219
5. INTERNATIONAL FLAVORS AND FRAGRANCES, INC.
   2595 INTERSTATE DRIVE SUITE 103
   HARRISBURG  PA 17110
6. KERRY, INC.
   C/O CT CORPORATION 116 PINE STREET SUITE 320
   HARRISBURG PA 17101
7. KRAFT HEINZ INGREDIENTS CORPORATION
   C/O CT CORPORATION 2001 MARKET STREET 5TH FLOOR
   PHILADELPHIA PA 19103
8. MCCORMICK AND COMPANY, INC.
   C/O CSC-LAWYER INCORPORATING  SERVICE COMPANY 7 ST. PAUL ST., SUITE 820
   BALTIMORE MD 21202
9. ROHA U.S.A., L.L.C
   C/O SPENSERV, INC.  1 N. BRENTWOOD BLVD. SUITE 1000
   ST. LOUIS  MO 63105
10. SENSIENT COLORS LLC
    C/O CT CORPORATION SYSTEM 301 S. BEDORD STREET SUITE 1
    MADISON  WI 53703
11. SENSIENT TECHNOLOGIES CORPORATION
    C/O CT CORPORATION 2001 MARKET STREET 5TH FLOOR
    PHILADELPHIA  PA 19103
12. UNIVAR USA, INC.
    C/O CT CORPORATION SYSTEMS 116 PINE STREET SUITE 320
    HARRISBURG PA 17101
13. BERJE, INC.
    C/O KIM BLEIMANN 700 BLAIR ROAD
    CARTERET NJ 07008
14. CITRUS & ALLIED ESSENCES, LTD
    65 S. TYSON AVENUE
    FLORAL PARK NY 11001
15. ELAN CHEMICAL CO. INC.
    C/O JOCELYN MANSHIP 268 DOREMUS AVENUE
    NEWARK NJ 07105
16. O'LAUGHLIN INDUSTRIES
    150 MORRIS AVENUE SUITE 207
    SPRINGFIELD NJ 07081
17. PHOENIX AROMAS AND ESSENTIAL OILS HOLDINGS, INC.
    17 ALGONQUIN CIRCLE
    AIRMONT NY 10952-5231
18. EMORAL, INC. F/K/A POLAROME INTERNATIONAL, INC.
    200 THEODORE CONRAD DRIVE
    JERSEY CITY NJ 07305
19. CENTROME, INC.
    ALIAS: ADVANCED BIOTECH
    10 TAFT ROAD
    TOTOWA NJ 07512
20. FLAVOR CONSULTANTS, INC.
    2875 COLEMAN STREET
    NORTH LAS VEGAS NV 89032
21. PENTA INTERNATIONAL CORPORATION
    C/O GRACE VOLPE 50 OKNER PARKWAY

```
        LIVINGSTON NJ 07039
22. JOHN DOES 1-10
        UNKNOWN
        UNKNOWN PA 19109
23. JANE DOES 1-10
        UNKNOWN
        UNKNOWN PA 19109
24. ABC PARTNERSHIPS 1-10
        UNKNOWN
        UNKNOWN PA 19109
25. XYZ CORPORATIONS/BUSINESS ENTITIES 1-10
        UNKNOWN
        UNKNOWN PA 19109
```

**McELDREW YOUNG**
James J. McEldrew, III, Esquire
Daniel Purtell, Esquire
Lauren Fantini, Esquire
36411/310376/93862
123 South Broad Street, Suite 2250
Philadelphia, PA 19109
(215) 545-8800
jim@mceldrewyoung.com
dpurtell@mceldrewyoung.com
lfantini@mceldrewyoung.com

**THIS IS A MAJOR JURY MATTER**

*Filed and Attested by the*
*Office of Judicial Records*
*06 SEP 2019 01:56 pm*
*A. SILIGRINI*

Attorneys for Plaintiffs

| | |
|---|---|
| TERRY BETHMAN<br>1139 W. Front Street<br>Berwick, PA 18603<br><br>                Plaintiff,<br><br>v.<br><br>BELL FLAVORS AND FRAGRANCES, INC.<br>500 Academy Drive<br>Northbrook, IL 60062<br>And<br>FIRST CHOICE INGREDIENTS, INC.<br>c/o Thomas J. Atkinson<br>N112 W 19528 Mequon Rd.<br>Germantown, WI 53022<br>And<br>THERMO FISHER SCIENTIFIC, INC.<br>1601 Cherry St.<br>Philadelphia, PA 19102<br>And<br>GIVAUDAN FLAVORS CORPORATION<br>CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, OH 43219<br>And<br>INTERNATIONAL FLAVORS AND<br>FRAGRANCES, INC.<br>2595 Interstate Dr.<br>Suite 103<br>Harrisburg, PA 17110<br>And<br>KERRY, INC.<br>c/o CT Corporation<br>116 Pine Street<br>Suite 320<br>Harrisburg, PA 17101<br>And<br>KRAFT HEINZ INGREDIENTS CORP<br>c/o CT Corporation<br>2001 Market Street<br>5th Floor<br>Philadelphia, PA 19103<br>And<br>MCCORMICK AND COMPANY, INC. | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>SEPTEMBER TERM<br>NO.:<br><br>JURY TRIAL DEMANDED |

c/o CSC-Lawyers Incorporating Service Company
7 St. Paul St.
Suite 820
Baltimore MD 21202
And
ROHA U.S.A., L.L.C.
c/o Spenserv, Inc.
1 N. Brentwood Blvd
Suite 1000
St. Louis, MO 63105
And
SENSIENT COLORS LLC
c/o CT Corporation System
301 S. Bedord St.
Suite 1
Madison WI 53703
And
SENSIENT TECHNOLOGIES CORPORATION
c/o CT Corporation
2001 Market Street
5th Floor
Philadelphia, PA 19103
And
UNIVAR USA, INC.
c/o CT Corporation Systems
116 Pine Street
Suite 320
Harrisburg, PA 17101
And
BERJE, INC.
c/o Kim Bleimann
700 Blair Road
Carteret, NJ 07008.
And
CITRUS & ALLIED ESSENCES, LTD.
65 S. Tyson Ave.
Floral Park, NY 11001
And
ELAN CHEMICAL CO., INC.
c/o Jocelyn Manship
268 Doremus Ave.
Newark, NJ 07105
And
O'LAUGHLIN INDUSTRIES
150 Morris Ave., Ste. 207
Springfield, NJ 07081
And
PHOENIX AROMAS AND ESSENTIAL OILS
HOLDINGS, Inc.
17 Algonquin Circle
Airmont, New York, 10952-5231
And
EMORAL, INC. F/K/A POLAROME
INTERNATIONAL, INC.
200 Theodore Conrad Dr.
Jersey City, NJ 07305

And
CENTROME, INC. D/B/A ADVANCED BIOTECH
10 Taft Road
Totowa, NJ 07512
And
FLAVOR CONSULTANTS, INC.
2875 Coleman Street
North Las Vegas, NV 89032
And
PENTA INTERNATIONAL CORPORATION
c/o Grace Volpe
50 Okner Parkway
Livingston, NJ 07039
And
JOHN DOES 1-10
And
JANE DOES 1-10
And
ABC PARTNERSHIPS 1-10
And
XYZ CORPORATIONS/BUSINESS ENTITIES 1-10
Defendants.

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo a partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. *Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| **Philadelphia Bar Association**<br>**Lawyer Referral**<br>**and Information Service**<br>**One Reading Center**<br>**Philadelphia, Pennsylvania 19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** | **Asociacion De Licenciados De Filadelfia**<br>**Servicio De Referencia E**<br>**Informacion Legal**<br>**One Reading Center**<br>**Filadelfia, Pennsylvania 19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** |

Case ID: 190900703

**McELDREW YOUNG**
James J. McEldrew, III, Esquire
Daniel Purtell, Esquire
Lauren Fantini, Esquire
36411/310376/93862
123 South Broad Street, Suite 2250
Philadelphia, PA 19109
(215) 545-8800
jim@mceldrewyoung.com
dpurtell@mceldrewyoung.com
lfantini@mceldrewyoung.com

**THIS IS A MAJOR JURY MATTER**

Attorneys for Plaintiffs

| | |
|---|---|
| TERRY BETHMAN<br>1139 W. Front Street<br>Berwick, PA 18603<br><br>                                        Plaintiff,<br><br>v.<br><br>BELL FLAVORS AND FRAGRANCES, INC.<br>500 Academy Drive<br>Northbrook, IL 60062<br>And<br>FIRST CHOICE INGREDIENTS, INC.<br>c/o Thomas J. Atkinson<br>N112 W 19528 Mequon Rd.<br>Germantown, WI 53022<br>And<br>THERMO FISHER SCIENTIFIC, INC.<br>1601 Cherry St.<br>Philadelphia, PA 19102<br>And<br>GIVAUDAN FLAVORS CORPORATION<br>CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, OH 43219<br>And<br>INTERNATIONAL FLAVORS AND<br>FRAGRANCES, INC.<br>2595 Interstate Dr.<br>Suite 103<br>Harrisburg, PA 17110<br>And<br>KERRY, INC.<br>c/o CT Corporation<br>116 Pine Street<br>Suite 320<br>Harrisburg, PA 17101 | COURT OF COMMON PLEAS -<br>PHILADELPHIA COUNTY<br><br>SEPTEMBER TERM, 2019<br>No.:<br><br>JURY TRIAL DEMANDED |

1

Case ID: 190900703

And                                                              :
KRAFT HEINZ INGREDIENTS CORP                                     :
c/o CT Corporation                                              :
2001 Market Street                                              :
5th Floor                                                       :
Philadelphia, PA 19109                                          :
And                                                              :
MCCORMICK AND COMPANY, INC.                                     :
c/o CSC-Lawyers Incorporating Service Company                  :
7 St. Paul St.                                                 :
Suite 820                                                       :
Baltimore MD 21202                                             :
And                                                             :
ROHA U.S.A., L.L.C.                                            :
c/o Spenserv, Inc.                                            :
1 N. Brentwood Blvd                                           :
Suite 1000                                                    :
St. Louis, MO 63105                                          :
And                                                           :
SENSIENT COLORS LLC                                          :
c/o CT Corporation System                                    :
301 S. Bedord St.                                            :
Suite 1                                                      :
Madison WI 53703                                            :
And                                                          :
SENSIENT TECHNOLOGIES CORPORATION                           :
c/o CT Corporation                                          :
2001 Market Street                                          :
5th Floor                                                   :
Philadelphia, PA 19103                                     :
And                                                         :
UNIVAR USA, INC.                                           :
c/o CT Corporation Systems                                 :
116 Pine Street                                            :
Suite 320                                                  :
Harrisburg, PA 17101                                      :
And                                                        :
BERJE, INC.                                               :
c/o Kim Bleimann                                          :
700 Blair Road                                            :
Carteret, NJ 07008.                                      :
And                                                       :
CITRUS & ALLIED ESSENCES, LTD.                           :
65 S. Tyson Ave.                                         :
Floral Park, NY 11001                                   :
And                                                      :
ELAN CHEMICAL CO., INC.                                 :
c/o Jocelyn Manship                                    :
268 Doremus Ave.                                       :
Newark, NJ 07105                                      :
And                                                    :

2

O'LAUGHLIN INDUSTRIES                          :
150 Morris Ave., Ste. 207                      :
Springfield, NJ 07081                          :
And                                            :
PHOENIX AROMAS AND ESSENTIAL OILS  .           :
HOLDINGS, Inc.                                 :
17 Algonquin Circle                            :
Airmont, New York, 10952-5231                  :
And                                            :
EMORAL, INC. F/K/A POLAROME                    :
INTERNATIONAL, INC.                            :
200 Theodore Conrad Dr.                        :
Jersey City, NJ 07305                          :
And                                            :
CENTROME, INC. D/B/A ADVANCED BIOTECH          :
10 Taft Road                                   :
Totowa, NJ 07512                               :
And                                            :
FLAVOR CONSULTANTS, INC.                       :
2875 Coleman Street                            :
North Las Vegas, NV 89032                      :
And                                            :
PENTA INTERNATIONAL CORPORATION                :
c/o Grace Volpe                                :
50 Okner Parkway                               :
Livingston, NJ 07039                           :
And                                            :
JOHN DOES 1-10                                 :
And                                            :
JANE DOES 1-10                                 :
And                                            :
ABC PARTNERSHIPS 1-10                          :
And                                            :
XYZ CORPORATIONS/BUSINESS ENTITIES 1-1         :
                                    Defendants.

## COMPLAINT

Plaintiff Terry Bethman, residing at the above captioned address, by way of Complaint and Jury

Demand against each of the above captioned Defendants, individually and collectively, alleges and states

as follows:

1.      Plaintiff Terry Bethman is an adult individual that resides at 1139 W. Front Street, Berwick,

PA 18603.

3

2.      Plaintiff was, all times relevant to this Complaint, employed by Wise Foods, Inc. (hereinafter "Wise"). Plaintiff worked for Wise from 1983 to the present. During the course of Plaintiff's employment at Wise, Plaintiff was exposed to diacetyl and acetyl propionyl.

3.      Defendant Bell Flavors and Fragrances is an Illinois corporation with its principal place of business in Northbrook, Illinois.  At all times relevant hereto, Bell Flavors and Fragrances was doing business in Pennsylvania. Bell Flavors and Fragrances was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. More specifically, Bell Flavors and Fragrances purchased raw diacetyl and acetyl propionyl and flavoring formulations containing diacetyl and acetyl propionyl from its co-defendants and possibly others. Bell Flavors and Fragrances then formulated the diacetyl and acetyl propionyl and the flavoring formulations containing diacetyl and acetyl propionyl into flavoring blends and supplied them to Wise. The timing and nature of the exact products Bell Flavors and Fragrances supplied to Wise appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Bell Flavors and Fragrances supplied to Wise diacetyl-containing flavor blends. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, Bell Flavors and Fragrances supplied to Wise. This information will be revealed in discovery.

4.      Defendant First Choice Ingredients, Inc. is a Wisconsin corporation with a principal place of business in Wisconsin.  First Choice Ingredients, Inc. was doing business in Pennsylvania.  First Choice Ingredients was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. More specifically, First Choice Ingredients purchased raw diacetyl and acetyl propionyl and flavoring formulations containing diacetyl and acetyl propionyl from its co-defendants and possibly others. First Choice Ingredients then formulated the diacetyl and acetyl propionyl and the flavoring formulations containing diacetyl and acetyl propionyl into flavoring blends and supplied them to Wise. The timing and nature of the exact products First Choice Ingredients supplied to Wise appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum First Choice Ingredients supplied to Wise diacetyl-containing flavor blends. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, First Choice Ingredients supplied to Wise. This

4

information will be revealed in discovery.

5.      Defendant Thermo Fisher Scientific, Inc. is a Delaware corporation. Thermo Fisher Scientific, Inc. has its principal place of business in Philadelphia, Pennsylvania. Thermo Fisher Scientific, Inc. maintains a registered agent in Dauphin County, Pennsylvania at the address set forth above. At all times relevant hereto, Thermo Fisher Scientific, Inc. was doing business in Pennsylvania. Thermo Fisher Scientific, Inc. was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. More specifically, Thermo Fisher Scientific, Inc. purchased raw diacetyl and acetyl propionyl and flavoring formulations containing diacetyl and acetyl propionyl from its co-defendants and possibly others. Thermo Fisher Scientific, Inc. then formulated the diacetyl and acetyl propionyl and the flavoring formulations containing diacetyl and acetyl propionyl into flavoring blends and supplied them to Wise. The timing and nature of the exact products Thermo Fisher Scientific, Inc. supplied to Wise appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Thermo Fisher Scientific, Inc. supplied to Wise diacetyl-containing flavor blends. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, Thermo Fisher Scientific, Inc. supplied to Wise. This information will be revealed in discovery.

6.      Givaudan Flavors Corporation ("Givaudan") is a Delaware corporation with its principal place of business in Cincinnati, Ohio. At all times relevant hereto, Givaudan Flavors Corporation was doing business in Pennsylvania. Givaudan was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. More specifically, Givaudan purchased raw diacetyl and acetyl propionyl and flavoring formulations containing diacetyl and acetyl propionyl from its co-defendants and possibly others. Givaudan then formulated the diacetyl and acetyl propionyl and the flavoring formulations containing diacetyl and acetyl propionyl into flavoring blends and supplied them to Wise. The timing and nature of the exact products Givaudan supplied to Wise appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Givaudan supplied to Wise diacetyl-containing flavor blends. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, Givaudan supplied to Wise. This information will be revealed in discovery.

Case ID: 190900703

7.      Defendant International Flavors and Fragrances, Inc. is a New York corporation with its principle place of business in New York, New York. International Flavors and Fragrances, Inc. maintains a registered agent in Dauphin County, Pennsylvania at the address set forth above. At all relevant times, International Flavors was doing business in Pennsylvania. International Flavors maintains a registered agent in Pennsylvania. International Flavors and Fragrances, Inc. was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. More specifically, International Flavors and Fragrances, Inc. purchased raw diacetyl and acetyl propionyl and flavoring formulations containing diacetyl and acetyl propionyl from its co-defendants and possibly others. International Flavors and Fragrances, Inc. then formulated the diacetyl and acetyl propionyl and the flavoring formulations containing diacetyl and acetyl propionyl into flavoring blends and supplied them to Wise. The timing and nature of the exact products International Flavors and Fragrances, Inc. supplied to Wise appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum International Flavors and Fragrances, Inc. supplied to Wise diacetyl-containing flavor blends. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, International Flavors and Fragrances, Inc. supplied to Wise. This information will be revealed in discovery.

8.      Defendant Kerry, Inc. is a Delaware corporation with its principal place of business in Illinois. Kerry, Inc. maintains a registered agent in Dauphin County, Pennsylvania. At all times relevant hereto, Kerry, Inc., was doing business in Pennsylvania. Kerry, Inc. was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. More specifically, Kerry, Inc. purchased raw diacetyl and acetyl propionyl and flavoring formulations containing diacetyl and acetyl propionyl from its co-defendants and possibly others. Kerry, Inc. then formulated the diacetyl and acetyl propionyl and the flavoring formulations containing diacetyl and acetyl propionyl into flavoring blends and supplied them to Wise. The timing and nature of the exact Kerry, Inc. supplied to Wise appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Kerry, Inc. supplied to Wise diacetyl-containing flavor blends. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, Kerry, Inc. supplied to Wise. This information will be

6

revealed in discovery.

9.     Defendant Kraft Heinz Ingredients Corp. is a Delaware corporation with its principal place of business in Pittsburgh, PA. Kraft Heinz Ingredients Corp. maintains a registered agent in Philadelphia, Pennsylvania. At all times relevant hereto, Kraft Heinz Ingredients Corp. was doing business in Pennsylvania. Kraft Heinz Ingredients Corp. was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. More specifically, Kraft Heinz Ingredients Corp. purchased raw diacetyl and acetyl propionyl and flavoring formulations containing diacetyl and acetyl propionyl from its co-defendants and possibly others. Kraft Heinz Ingredients Corp. then formulated the diacetyl and acetyl propionyl and the flavoring formulations containing diacetyl and acetyl propionyl into flavoring blends and supplied them to Wise. The timing and nature of the exact Kraft Food Ingredients supplied to Wise appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Kraft Heinz Ingredients Corp. supplied to Wise diacetyl-containing flavor blends. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, Kraft Heinz Ingredients Corp. supplied to Wise. This information will be revealed in discovery.

10.     Defendant McCormick & Company, Inc. is a Maryland corporation with its principal place of business in Sparks, Maryland. At all times relevant hereto, McCormick & Company, Inc. was doing business in Pennsylvania. McCormick and Company, Inc. was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. More specifically, McCormick and Company, Inc. purchased raw diacetyl and acetyl propionyl and flavoring formulations containing diacetyl and acetyl propionyl from its co-defendants and possibly others. McCormick and Company, Inc. then formulated the diacetyl and acetyl propionyl and the flavoring formulations containing diacetyl and acetyl propionyl into flavoring blends and supplied them to Wise. The timing and nature of the exact McCormick and Company, Inc. supplied to Wise appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum McCormick and Company, Inc. supplied to Wise diacetyl-containing flavor blends. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, McCormick and Company, Inc. supplied to Wise. This information will be revealed in

discovery.

11.      Defendant Roha USA, Inc. is a Missouri corporation with its principal place of business in Missouri. At all times relevant hereto, Roha USA, Inc. was doing business in Pennsylvania. Roha USA, Inc. was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. More specifically, Roha USA, Inc. purchased raw diacetyl and acetyl propionyl and flavoring formulations containing diacetyl and acetyl propionyl from its co-defendants and possibly others Roha USA, Inc. then formulated the diacetyl and acetyl propionyl and the flavoring formulations containing diacetyl and acetyl propionyl into flavoring blends and supplied them to Wise. The timing and nature of the exact Roha USA, Inc. supplied to Wise appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Roha USA, Inc. supplied to Wise diacetyl-containing flavor blends. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations Roha USA, Inc. supplied to Wise. This information will be revealed in discovery.

12.      Defendant Sensient Colors, LLC is a Delaware corporation with a principal place of business in Missouri. At all times relevant hereto, Sensient Colors, Inc. was doing business in Pennsylvania. Sensient Colors, Inc. was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. More specifically, Sensient Colors, Inc. purchased raw diacetyl and acetyl propionyl and flavoring formulations containing diacetyl and acetyl propionyl from its co-defendants and possibly others Sensient Colors, Inc. then formulated the diacetyl and acetyl propionyl and the flavoring formulations containing diacetyl and acetyl propionyl into flavoring blends and supplied them to Wise. The timing and nature of the exact Sensient Colors, Inc. supplied to Wise appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Sensient Colors, Inc. supplied to Wise diacetyl-containing flavor blends. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations Sensient Colors, Inc. supplied to Wise. This information will be revealed in discovery.

13.      Defendant Sensient Technologies Corporation is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin. Sensient Technologies Corporation is registered to do business

8

in Pennsylvania and has a registered address in Philadelphia, Pennsylvania.  At all times relevant hereto, Sensient Technologies Corporation was doing business in Pennsylvania.  Sensient Technologies Corporation was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. More specifically, Sensient Technologies Corporation purchased raw diacetyl and acetyl propionyl and flavoring formulations containing diacetyl and acetyl propionyl from its co-defendants and possibly others Sensient Technologies Corporation then formulated the diacetyl and acetyl propionyl and the flavoring formulations containing diacetyl and acetyl propionyl into flavoring blends and supplied them to Wise. The timing and nature of the exact Sensient Technologies Corporation supplied to Wise appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Sensient Technologies Corporation supplied to Wise diacetyl-containing flavor blends. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations Sensient Technologies Corporation supplied to Wise. This information will be revealed in discovery.

14.     Defendant Univar USA, INC. is a Washington corporation, with its principal place of business in Redmond, Washington. Univar USA, INC. is registered in the Commonwealth of Pennsylvania to do business and has a registered address in Dauphin County, Pennsylvania. At all times relevant hereto, Univar USA, INC. was doing business in Pennsylvania. Univar USA, INC. was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. More specifically, Univar USA, INC. purchased raw diacetyl and acetyl propionyl and flavoring formulations containing diacetyl and acetyl propionyl from its co-defendants and possibly others Univar USA, INC. then formulated the diacetyl and acetyl propionyl and the flavoring formulations containing diacetyl and acetyl propionyl into flavoring blends and supplied them to Wise. The timing and nature of the exact Univar USA, INC. supplied to Wise appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Univar USA, INC. supplied to Wise diacetyl-containing flavor blends. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations Univar USA, INC. supplied to Wise. This information will be revealed in discovery.

15.     Defendants Bell Flavors and Fragrances; First Choice Ingredients; Thermo Fisher

Scientific, Inc.; Givaudan Flavors Corporation; International Flavors and Fragrances, Inc.; Kerry, Inc.; Kraft Heinz Ingredients Corp.; McCormack and Company, Inc.; Roha USA, Inc.; Sensient Colors, Inc.; Sensient Technologies Corporation and Univar USA, INC. are direct suppliers of diacetyl and acetyl propionyl to Wise; and shall be referred to, collectively, herein as "Direct Supplier Defendants".

16.    Defendant Berje, Inc. was and is a New York corporation with its principal place of business in New Jersey. At all relevant times, Berje, Inc. was doing business in Pennsylvania. Berje, Inc. was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. The timing and nature of the exact products Berje, Inc. supplied to Direct Supplier Defendants appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Berje, Inc. supplied raw diacetyl and raw acetyl propionyl to Direct Supplier Defendants. Direct Supplier Defendants then formulated Berje, Inc.'s diacetyl and acetyl propionyl into flavoring products and supplied them to Wise. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, Berje, Inc. supplied to Direct Supplier Defendants. This information will be revealed in discovery.

17.    Defendant Citrus and Allied Essences, LTD. is a New York corporation with a principal place of business in New York. At all relevant times, Citrus was doing business in Pennsylvania. Citrus was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. The timing and nature of the exact products Citrus supplied to Direct Supplier Defendants appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Citrus supplied raw diacetyl and raw acetyl propionyl to Direct Supplier Defendants. Direct Supplier Defendants then formulated Citrus' diacetyl and acetyl propionyl into flavoring products and supplied them to Wise. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, Citrus supplied to Direct Supplier Defendants. This information will be revealed in discovery.

18.    Defendant Elan Chemical Co., Inc. is a New Jersey Corporation with a principal place of business in New Jersey.    At all times relevant hereto, Elan Chemical Co., Inc. was doing business in Pennsylvania. Elan Chemical Co., Inc. was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. The timing and nature of the exact products Elan Chemical Co., Inc. supplied to Direct

Case ID: 190900703

Supplier Defendants appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Elan Chemical Co., Inc. supplied raw diacetyl and raw acetyl propionyl to Direct Supplier Defendants. Direct Supplier Defendants then formulated Elan Chemical Co., Inc.'s flavorings containing diacetyl and acetyl propionyl into flavoring products and supplied them to Wise. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, Elan Chemical Co., Inc. supplied to Direct Supplier Defendants . This information will be revealed in discovery.

19.    Defendant O'Laughlin Industries is a New Jersey Corporation with a principal place of business in New Jersey. At all times relevant hereto, O'Laughlin Industries as doing business in Pennsylvania. O'Laughlin Industries was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. The timing and nature of the exact products O'Laughlin Industries supplied to Direct Supplier Defendants and Wise appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum, O'Laughlin Industries supplied raw diacetyl and raw acetyl propionyl to Direct Supplier Defendants. Direct Supplier Defendants then formulated O'Laughlin Industries' flavoring into flavoring products and supplied them to Wise. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, O'Laughlin Industries supplied to Direct Supplier Defendants. This information will be revealed in discovery.

20.    Defendant Phoenix Aromas and Essential Oils Holdings, Inc. is a New York corporation with a principal place of business in Norwood, New Jersey. At all times relevant hereto, Phoenix Aromas and Essential Oils was doing business in Pennsylvania. Phoenix Aromas and Essential Oils was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. The timing and nature of the exact products Phoenix Aromas and Essential Oils supplied to Direct Supplier Defendants appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Phoenix Aromas and Essential Oils supplied raw diacetyl and raw acetyl propionyl to Direct Supplier Defendants. Direct Supplier Defendants then formulated Phoenix Aromas and Essential Oils diacetyl and acetyl propionyl into flavoring products and supplied them to Wise. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, Phoenix Aromas and Essential Oils supplied to

Case ID: 190900703

Direct Supplier Defendants. This information will be revealed in discovery.

21.      Defendant Emoral Inc., f/k/a Polarome International, Inc. is a New York Corporation with its principal place of business in New Jersey.   At all times relevant hereto, Emoral Inc., f/k/a Polarome International, Inc. was doing business in Pennsylvania. Emoral Inc., f/k/a Polarome International, Inc. was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. The timing and nature of the exact products Emoral Inc., f/k/a Polarome International, Inc. supplied to Direct Supplier Defendants appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Emoral Inc., f/k/a Polarome International, Inc. supplied raw diacetyl and raw acetyl propionyl to Direct Supplier Defendants. Direct Supplier Defendants then formulated Emoral Inc., f/k/a Polarome International, Inc. diacetyl and acetyl propionyl into flavoring products and supplied them to Wise. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, Emoral Inc., f/k/a Polarome International, Inc. supplied to Direct Supplier Defendants. This information will be revealed in discovery.

22.      Defendant Centrome, Inc. d/b/a Advanced Biotech is a New Jersey corporation with its principal place of business in New Jersey. At all relevant times, Centrome, Inc. d/b/a Advanced Biotech was doing business in Pennsylvania.   Centrome, Inc. d/b/a Advanced Biotech's principal place of business is in Totowa, NJ.  Centrome, Inc. d/b/a Advanced Biotech was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. The timing and nature of the exact products Centrome, Inc. d/b/a Advanced Biotech supplied to Direct Supplier Defendants appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Centrome, Inc. d/b/a Advanced Biotech supplied raw diacetyl and raw acetyl propionyl to Direct Supplier Defendants. Direct Supplier Defendants then formulated Centrome, Inc. d/b/a Advanced Biotech diacetyl and acetyl propionyl into flavoring products and supplied them to Wise. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, Centrome, Inc. d/b/a Advanced Biotech supplied to Direct Supplier Defendants. This information will be revealed in discovery.

23.      Defendant Flavor Consultants, Inc. is a Nevada corporation with a principal place of

business in Nevada. At all relevant times, Flavor Consultants, Inc. was doing business in Pennsylvania. Flavor Consultants, Inc. was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. The timing and nature of the exact products Flavor Consultants, Inc. supplied to Direct Supplier Defendants appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Flavor Consultants, Inc. supplied raw diacetyl and raw acetyl propionyl to Direct Supplier Defendants. Direct Supplier Defendants then formulated Flavor Consultants, Inc. diacetyl and acetyl propionyl into flavoring products and supplied them to Wise. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, Flavor Consultants, Inc. supplied to Direct Supplier Defendants. This information will be revealed in discovery.

24.     Defendant Penta International Corporation is a New Jersey corporation, with its principal place of business in New Jersey. At all relevant times, Penta International Corporation was doing business in Pennsylvania. Penta International Corporation was in the chain of distribution of the diacetyl and acetyl propionyl that injured Plaintiff. The timing and nature of the exact products Penta International Corporation supplied to Direct Supplier Defendants appear to be closely guarded trade secrets. Nonetheless, Plaintiff has ascertained that at a minimum Penta International Corporation supplied raw diacetyl and raw acetyl propionyl to Direct Supplier Defendants. Direct Supplier Defendants then formulated Penta International Corporation diacetyl and acetyl propionyl into flavoring products and supplied them to Wise. Plaintiff does not know the full names and timing of all diacetyl and acetyl propionyl, whether in raw form or in formulations, Penta International Corporation supplied to Direct Supplier Defendants. This information will be revealed in discovery.

25.     Defendants Berje, Inc.; Citrus & Allied Essentials; Elan Chemical Co., Inc.; O'Laughlin Industries; Phoenix Aromas and Essential Oils Holdings, Inc.; Emoral Inc., f/k/a Polarome International, Inc.; Centrome, Inc. d/b/a Advanced Biotech; Flavor Consultants, Inc.; and Penta International Corporation were indirect suppliers of diacetyl and acetyl propionyl to Wise. These Defendants shall be referred to, collectively, as "Indirect Supplier Defendants" through this Complaint.

Case ID: 190900703

26.     Defendants, John Does (1-10) and Defendants, Jane Does (1-10), fictitious names, the real names being unknown, are individuals involved with the indirect and/or direct suppliers of diacetyl and/or acetyl propionyl.

27.     Each of the individual Defendants named herein was acting as an agent, servant, or employee of one or more of the corporate Defendants named herein, thus giving rise to claims of ostensible, apparent, and/or vicarious liability.

28.     Defendants, ABC Companies (1-10) and Defendants, XYZ Corporations/Business Entities (1-10), fictitious names, the real names being unknown, are corporations or other legal entities involved with the with the indirect and/or direct suppliers of diacetyl and/or acetyl propionyl.

29.     At all times relevant hereto, Direct Supplier Defendants acted by and/or through their agents, servants, employees and/or workmen.

30.     At all times relevant hereto, Indirect Supplier Defendants acted by and/or through their agents, servants, employees and/or workmen.

31.     At all times relevant hereto, Defendants, ABC Companies (1-10) and Defendants, XYZ Corporations/Business Entities (1-10), acted by and/or through their agents, servants, employees and/or workmen.

## FACTS COMMON TO ALL COUNTS

32.     Diacetyl and acetyl propionyl are chemical food additives used in the flavor manufacturing industry.

33.     Diacetyl and acetyl propionyl are severely toxic and poisonous when used independently, handled, mixed, blended, incorporated into a finished product, and/or in any manner that allows or creates exposure to fumes and vapors.

34.     Exposure to diacetyl and acetyl propionyl can cause damage to the respiratory system.

35.     It has been known and reported in the flavoring and fragrance industry since at least 1986 when the first civil cases began to be filed that diacetyl exposure causes lung diseases.

14

36.     In 1993, BASF, a flavor manufacturer utilizing diacetyl in its products, concluded a study that examined diacetyl's effect on rats. The BASF study involved the forced inhalation exposure of diacetyl to three groups of 10 rats over a four-hour period. The first group of rats was forced to inhale low concentrations of diacetyl, while the second and third groups were forced to inhale moderate and high levels of diacetyl, respectively. None of the rats exposed to low levels of diacetyl died during the study, while all of the rats exposed to moderate and high levels died within seven days of exposure. Notably, rats exposed to moderate and high levels resulted in an abundance of symptoms indicative of respiratory tract injury. The report was not released to the public, but it was available to the flavoring industry through the Flavor and Extract Manufacturers Association.

37.     In 2002, the National Institute for Occupational Safety and Health (NIOSH), a division of the Occupational Safety and Health Administration (OSHA) released a paper titled, "Clinical Bronchiolitis Obliterans in Workers at a Microwave-Popcorn Plant." In the paper, NIOSH concluded that there was a strong relationship between exposure to diacetyl and airway obstruction.

38.     In 2002, NIOSH released a paper titled, "Necrosis of Nasal and Airway Epithelium in Rats Inhaling Vapors of Artificial Butter Flavoring." In that paper, NIOSH concluded that concentrations of butter flavoring that contained diacetyl are damaging to airways.

39.     In 2004 the Centers for Disease Control and Prevention (CDC) published NIOSH publication number 2004-110 titled, "Preventing Lung Disease in Workers Who Use or Make Flavorings." The publication warned that workers using flavoring chemicals are particularly susceptible to developing severe lung diseases.

40.     Since the early 2000s there have been numerous articles published in scientific journals that relate exposure to diacetyl to severe lung diseases, including, but not limited to bronchiolitis obliterans.

41.     Acetyl propionyl is structurally very similar to diacetyl. Published reports on the toxicity of acetyl propionyl were first published in abstract form in 2010.

42.     A peer-reviewed publication from NIOSH documents that in laboratory studies, acute

15

inhalation exposures to acetyl propionyl cause airway epithelial damage that is similar to diacetyl.

43.     Defendants knew or should have known of the hazardous nature, risks, and side effects of diacetyl and acetyl propionyl both at the time of sale and when Plaintiff was exposed to diacetyl and acetyl propionyl.

44.     On September 11, 2018, after undergoing pulmonary testing, Plaintiff was diagnosed with diacetyl-induced lung disease.  Upon undergoing an HRCT, on July 24, 2019, Plaintiff was specifically diagnosed with Flavoring Related Bronchiolitis Obliterans Syndrome (FRBOS).

45.     Before September 11, 2018, Plaintiff neither knew nor discovered nor could have known or discovered that her lung injuries could have been related in any way to her exposure to diacetyl and acetyl propionyl.

46.     Between 1983 and the present, Plaintiff worked at Wise's facilities located at 228 Raseley Street, Berwick, PA 18603. Plaintiff worked with and around products containing diacetyl and acetyl propionyl that Indirect Supplier Defendants supplied to Direct Supplier Defendants or directly to Wise in the ordinary course of Plaintiff's employment and over the course of years regularly, routinely, and repeatedly inhaled vapors and fumes of diacetyl and acetyl propionyl supplied by Defendants.

47.     Indirect Supplier Defendants' diacetyl and acetyl propionyl and flavorings containing diacetyl and acetyl propionyl were incorporated into the flavoring products by Direct Supplier Defendants. Direct Supplier Defendants then supplied them to Wise. Plaintiff then worked with and around those products in the ordinary course of Plaintiff's employment for Wise and regularly, routinely, and repeatedly over the course of years inhaled vapors and fumes of diacetyl and acetyl propionyl supplied by Defendants.

48.     As a result of Plaintiff's employment, Plaintiff was exposed to the fumes and vapors of diacetyl and acetyl propionyl. The fumes and vapors entered Plaintiff's lungs.

49.     As a result of repetitive exposure to diacetyl and acetyl propionyl, Plaintiff developed lung problems.

50.     Defendants knew that Plaintiff's continuous exposure could harm Plaintiff. Defendants

16

knew there was a high probability Plaintiff would develop lung injuries.

51.    At all times relevant to this Complaint, Plaintiff was unaware of the hazards and risks associated with diacetyl and acetyl propionyl, and that the levels to which Plaintiff was exposed and the manner in which Plaintiff was exposed could cause permanent lung injury.

52.    At all times relevant to this Complaint, Plaintiff used diacetyl and acetyl propionyl in an intended or reasonably foreseeable way.

## FIRST CAUSE OF ACTION

### Strict Liability:  Manufacturing Defect

### (Against DIRECT SUPPLIER DEFENANTS)

53.    Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint.

54.    In the ordinary course of its business, Direct Supplier Defendants designed, manufactured, labeled, supplied, and distributed, and sold flavoring products containing diacetyl and acetyl propionyl for use by Wise and supplied those products to Wise.

55.    The products Direct Supplier Defendants supplied to Wise were defective in that they were produced in a substandard condition, the end products differed from the intended end products, and the products departed from the intended design. The products were defective because they were in a condition that permitted the release of vapors and fumes of toxins capable of causing respiratory injuries to workers exposed to those fumes.

56.    The health risks associated with Direct Supplier Defendants' products were not open and obvious or of a type that is a matter of common knowledge. Direct Supplier Defendants knew or should have known the Plaintiff, as well as other similarly situated employees, did not and would not comprehend the dangerous condition of the products containing diacetyl and acetyl propionyl.

57.    As a result of these manufacturing defects, the products were unreasonably dangerous. The products were dangerous to an extent beyond that which would be contemplated by the ordinary person who worked with and used the products, with the ordinary knowledge common to the community as to its

characteristics. Such an ordinary person with such knowledge would not contemplate that exposure to the products could cause respiratory injuries.

58.     The products were in this defective and unreasonably dangerous condition at the time the products left Direct Supplier Defendants' control.

59.     The products were in this defective and unreasonably dangerous condition when the Plaintiff was exposed to the products in the ordinary course of Plaintiff's employment.

60.     Plaintiff used the products in a reasonably foreseeable manner in the ordinary course of Plaintiff's employment for Wise and for the purposes for which the products were supplied.

61.     As a proximate result of the condition of the products and Plaintiff's exposure to the products, the Plaintiff suffered respiratory injuries, endured pain and suffered, incurred necessary medical expenses, sustained lost earnings, and was otherwise injured.

WHEREFORE, Plaintiff demands judgment against Direct Supplier Defendants in excess of $50,000.00, costs of this suit, and any other relief which this Court may deem appropriate.

## SECOND CAUSE OF ACTION

### Strict Liability:  Design Defect

(Against DIRECT SUPPLIER DEFENDANTS)

62.     Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint.

63.     In the ordinary course of its business, Direct Supplies Defendants designed, manufactured, labeled, supplied, and distributed, and sold flavoring products containing diacetyl and acetyl propionyl for use by Wise.

64.     The products Direct Supplier Defendants supplied to Wise were defective in one or more of the following respects:

   a. They were more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner;

   b. The foreseeable risks associated with the design or formulation of the products exceeded the benefits associated with the design or formulation, in that:

18

i.   The nature and magnitude of the risk of harm associated with the design or formulation of the products, in light of the intended and reasonably foreseeable uses, modifications, and alterations of diacetyl and acetyl propionyl, outweighed the intended or actual utility of said designs and formulations;

ii.   Users of the products, including the Plaintiff, would not likely be aware, whether based on warnings, general knowledge, or otherwise, of the risks of harm;

iii.  It was likely that the design or formulation of the flavorings containing diacetyl and acetyl propionyl in the products would cause harm in light of their intended and reasonably foreseeable uses, modifications. and alterations;

iv.  There were no performance or safety advantages associated with the design or formulation of the products; and

v.   Direct Supplier Defendants possessed both the technical and economic feasibility of using an alternative design or formulation when the products left its control.

65.    At the time of the design, formulation, manufacture, processing, distribution, sale, and/or use of Direct Supplier Defendants' products, the products were defective as designed when put to the use anticipated by Direct Supplier Defendants due to their capacity to cause respiratory illnesses and diseases. The products were defective because they were in a condition that permitted the release of vapors and fumes of toxins capable of causing respiratory injuries to workers exposed to those fumes.

66.    As a result of Direct Supplier Defendants' products' propensity to cause respiratory disease, the products were unreasonably dangerous and defective when put to the intended and reasonably foreseeable use anticipated by Direct Supplier Defendants.

67.    The health risks associated with Direct Supplier Defendants' products were not open and obvious, or of a type that is a matter of common knowledge. Direct Supplier Defendants knew or should have known the Plaintiff, as well as other similarly situated employees, did not and would not comprehend the dangerous condition of the products containing diacetyl and acetyl propionyl.

68.    Plaintiff's harm was not caused by an inherent characteristic of Direct Supplier Defendants' products that was a generic aspect of the products that could not be eliminated without

19

substantially compromising the products' usefulness or desirability.

69.     A practical and technically feasible alternative design or formulation or packaging was available for the products that would have prevented the harm to the Plaintiff without substantially impairing the usefulness or intended purpose of the products.

70.     The products were in this defective and unreasonably dangerous condition at the time the products left Direct Supplier Defendants' control.

71.     The products were in this defective and unreasonably dangerous condition when the Plaintiff was exposed to the products in the ordinary course of Plaintiff's employment.

72.     Plaintiff used the products in a reasonably foreseeable manner in the ordinary course of Plaintiff's employment for Wise and for the purposes for which the products were supplied.

73.     As a proximate result of the condition of the products and Plaintiff's exposure to the products, the Plaintiff suffered respiratory injuries, endured pain and suffered, incurred necessary medical expenses, sustained lost earnings, and was otherwise injured.

WHEREFORE, Plaintiff demands judgment against Direct Supplier Defendants in excess of $50,000.00, costs of this suit, and any other relief which this Court may deem appropriate.

## THIRD CAUSE OF ACTION

### Strict Liability:  Failure to Warn

### (Against DIRECT SUPPLIER DEFENDANT)

74.     Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint.

75.     In the ordinary course of its business, Direct Supplier Defendants designed, manufactured, labeled, supplied, and distributed, and sold flavoring products containing diacetyl and acetyl propionyl for use by Wise. The products were defective because they were in a condition that permitted the release of vapors and fumes of toxins capable of causing respiratory injuries to workers exposed to those fumes.

76.     Direct Supplier Defendants knew or should have known at the time of extracting, formulating, manufacturing, supplying, distributing, and selling diacetyl and acetyl propionyl that diacetyl

20

and acetyl propionyl had risks, such as being hazardous, toxic, poisonous, and knew or should have known that prolonged use or repeated exposure by the Plaintiff could lead to serious injury or death.

77.     Direct Supplier Defendants designed, formulated, manufactured, processed, distributed, marketed, sold, and supplied diacetyl and acetyl propionyl without adequate instructions on safe use to reduce and/or eliminate exposure thereto, and/or without adequate warnings that the products contained substances that are dangerous to health and life and cause severe respiratory diseases.

78.     Direct Supplier Defendants failed to provide the post-marketing warnings or instructions that a manufacturer exercising reasonable care would have provided concerning the risk, in light of the likelihood that the products would cause Plaintiff's injuries and in light of the likely serious nature of these injuries.

79.     No warning was given that the diacetyl and acetyl propionyl in Direct Supplier Defendants' products were of a highly toxic and poisonous nature, should only be used with specialized protective equipment, would have cumulative increases in their hazardous, toxic, and poisonous effects with prolonged use or repeated exposure, and would be highly toxic and poisonous when used as an ingredient for the purposes of making food flavorings for the food flavoring industry.

80.     Direct Supplier Defendants failed to comply with 29 CFR 1910.1200 regarding hazard communications in its safety data sheets and otherwise. Direct Supplier Defendants failed to comply with this section by failing to evaluate the chemicals it supplied to Wise, failing to monitor the medical and scientific literature, failing to include hazard information that it knew or should have known in its safety data sheets and/or container labeling that were transmitted to Wise, failing to transmit safety data sheets and/or container labeling to Wise, failing to timely update the safety data sheets and/or container labeling it sent to Wise, and in other ways.

81.     The health risks associated with Direct Supplier Defendants' products were not open and obvious, or of a type that is a matter of common knowledge. Direct Supplier Defendants knew or should have known the Plaintiff, as well as other similarly situated employees, did not and would not comprehend

the dangerous condition of the diacetyl and acetyl propionyl.

82.     As a result of Direct Supplier Defendants' failure to adequately instruct and warn of the dangerous characteristics of the products, the products were defective and unreasonably dangerous when put to the use reasonably anticipated by Direct Supplier Defendants.

83.     The products were in this defective and unreasonably dangerous condition at the time the products left Direct Supplier Defendants' control.

84.     The products were in this defective and unreasonably dangerous condition when the Plaintiff was exposed to the products in the ordinary course of Plaintiff's employment.

85.     Plaintiff used the products in a reasonably foreseeable manner in the ordinary course of Plaintiff's employment for Wise and for the purposes for which the products were supplied.

86.     As a proximate result of the condition of the products and Plaintiff's exposure to the products, the Plaintiff suffered respiratory injuries, endured pain and suffered, incurred necessary medical expenses, sustained lost earnings, and was otherwise injured.

WHEREFORE, Plaintiff demands judgment against Direct Supplier Defendants in excess of $50,000.00, costs of this suit, and any other relief which this Court may deem appropriate.

## FOURTH CAUSE OF ACTION

### Negligence

(Against DIRECT SUPPLIER DEFENDANTS)

87.     Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint.

88.     In the ordinary course of its business, Direct Supplier Defendants designed, manufactured, labeled, supplied, and distributed, and sold flavoring products containing diacetyl and acetyl propionyl for use by Wise.

89.     At all times relevant to this Complaint, Direct Supplier Defendants had a duty to use reasonable care in the manufacturing, design, distribution, and sale of the aforesaid diacetyl and acetyl propionyl. Direct Supplier Defendants failed to use reasonable care.

22

Case ID: 190900703

90.     In disregard of the aforesaid duties Direct Supplier Defendants were guilty of one or more of the following careless and negligent acts or omissions:

a.   Manufacturing, producing, processing, promoting, formulating, creating, developing, designing, selling, and distributing diacetyl and acetyl propionyl without using reasonable care in adopting a safe plan or design;

b.   Manufacturing, producing, processing, promoting, formulating, creating, developing, designing, selling, and distributing diacetyl and acetyl propionyl without thorough and adequate testing before the product was in the stream of commerce, and while the product was in the stream of commerce;

c.   Failing to undertake sufficient studies and conduct necessary tests to determine whether or not diacetyl and acetyl propionyl were safe for its intended use;

d.   Failing to acquire and maintain the knowledge of an expert to manufacture, produce, process, promote, formulate, create, develop, design, sell, distribute, and/or supply their products free from defects and/or latent defects;

e.   Failing to disclose and/or adequately warn of product defects and/or hazards, which duty continued even after the sale of said diacetyl and acetyl propionyl;

f.   Failing to provide adequate instructions, guidelines, and safety precautions to those whom it was reasonably foreseeable would use diacetyl and acetyl propionyl;

g.   Failing to disclose and inform users that there were alternative products or designs;

h.   Representing that diacetyl and acetyl propionyl were safe for its intended use when in fact, Direct Supplier Defendants knew and/or should have known the product was not safe for its intended purposes; and/or

i.   Continuing to manufacture and sell diacetyl and acetyl propionyl with the knowledge that diacetyl and acetyl propionyl were unsafe and dangerous;

j.   Failing to recall or retrofit diacetyl and acetyl propionyl after it was sold.

k.   Failing to comply with 29 CFR 1910.1200 regarding hazard communications in its safety data sheets and otherwise, failing to evaluate the chemicals it supplied to Wise, failing to monitor the medical and scientific literature, failing to include hazard information that it knew or should have known in its safety data sheets and/or container labeling that were transmitted to Wise, failing to transmit safety data sheets and/or container labeling to Wise, failing to timely update the safety data sheets and/or container labeling it sent to Wise, and in other ways.

91.     Direct Supplier Defendants failed to use due care under the circumstances and were thereby negligent in the performance of their duties to the Plaintiff.

92.     The diacetyl and acetyl propionyl were used by the Plaintiff in a way that was reasonably

foreseeable and intended by Direct Supplier Defendants. The products containing diacetyl and acetyl propionyl were unsafe for the use for which they were intended. The products were unsafe because they were in a condition that permitted the release of vapors and fumes of toxins capable of causing respiratory injuries to workers exposed to those fumes and were not accompanied by adequate warnings.

93.     It would have been economically feasible for Direct Supplier Defendants to reduce the risk of harm by manufacturing an alternative product or design.

94.     As a proximate result of the condition of the products and Plaintiff's exposure to the products, the Plaintiff suffered respiratory injuries, endured pain and suffered, incurred necessary medical expenses, sustained lost earnings, and was otherwise injured.

WHEREFORE, Plaintiff demands judgment against Direct Supplier Defendants for a monetary award in excess of $50,000.00, costs of this suit, and any other relief which this Court may deem appropriate.

<u>**FIFTH CAUSE OF ACTION**</u>

**Strict Liability:  Manufacturing Defect**

(Against INDIRECT SUPPLIER DEFENDANTS)

95.     Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint.

96.     In the ordinary course of its business, Indirect Supplier Defendants designed, manufactured, labeled, supplied, and distributed products containing diacetyl and acetyl propionyl for use by Direct Supplier Defendants, who then supplied products containing the diacetyl and acetyl propionyl to Wise. Indirect Supplier Defendants also supplied products containing diacetyl and acetyl propionyl directly to Wise.

97.     The products Indirect Supplier Defendants supplied to Direct Supplier Defendants and Wise were defective in that they were produced in a substandard condition, the end products differed from the intended end products, and the products departed from the intended design. The products were defective because they were in a condition that permitted the release of vapors and fumes of toxins capable of causing

24

respiratory injuries to workers exposed to those fumes.

98.     The health risks associated with Indirect Supplier Defendants' products were not open and obvious or of a type that is a matter of common knowledge. Indirect Supplier Defendants knew or should have known the Plaintiff, as well as other similarly situated employees, did not and would not comprehend the dangerous condition of the diacetyl and acetyl propionyl.

99.     As a result of these manufacturing defects, the diacetyl and acetyl propionyl were unreasonably dangerous. The diacetyl and acetyl propionyl were dangerous to an extent beyond that which would be contemplated by the ordinary person who worked with and used the products, with the ordinary knowledge common to the community as to its characteristics. Such an ordinary person with such knowledge would not contemplate that exposure to the diacetyl and acetyl propionyl could cause respiratory injuries.

100.    The diacetyl and acetyl propionyl were in this defective and unreasonably dangerous condition at the time the products left Indirect Supplier Defendants' control.

101.    The diacetyl and acetyl propionyl were in this defective and unreasonably dangerous condition when the Plaintiff was exposed to the products in the ordinary course of Plaintiff's employment.

102.    Plaintiff used the products in a reasonably foreseeable manner in the ordinary course of Plaintiff's employment for Wise and for the purposes for which the products were supplied.

103.    As a proximate result of the condition of the products and Plaintiff's exposure to the products, the Plaintiff suffered respiratory injuries, endured pain and suffered, incurred necessary medical expenses, sustained lost earnings, and was otherwise injured.

WHEREFORE, Plaintiff demands judgment against Indirect Supplier Defendants in excess of $50,000.00, costs of this suit, and any other relief which this Court may deem appropriate.

## SIXTH CAUSE OF ACTION

### Strict Liability:  Design Defect

### (Against INDIRECT SUPPLIER DEFENDANTS)

25

104.    Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint.

105.    In the ordinary course of its business, Indirect Supplier Defendants designed, manufactured, labeled, supplied, and distributed diacetyl and acetyl propionyl for use by Direct Supplier Defendants, who then supplied products containing the diacetyl and acetyl propionyl to Wise.

106.    The diacetyl and acetyl propionyl Indirect Supplier Defendants supplied to Direct Supplier Defendants were defective in one or more of the following respects:

   a.   They were more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner;

   b.   The foreseeable risks associated with the design or formulation of the diacetyl and acetyl propionyl exceeded the benefits associated with the design or formulation, in that:

      i.   The nature and magnitude of the risk of harm associated with the design or formulation of the diacetyl and acetyl propionyl, in light of the intended and reasonably foreseeable uses, modifications, and alterations of diacetyl and acetyl propionyl, outweighed the intended or actual utility of said designs and formulations;

      ii.   Users of the diacetyl and acetyl propionyl, including the Plaintiff, would not likely be aware, whether based on warnings, general knowledge, or otherwise, of the risks of harm;

      iii.   It was likely that the design or formulation of the flavorings containing diacetyl and acetyl propionyl in the products would cause harm in light of their intended and reasonably foreseeable uses, modifications. and alterations;

      iv.   There were no performance or safety advantages associated with the design or formulation of the diacetyl and acetyl propionyl; and

      v.   Indirect Supplier Defendants possessed both the technical and economic feasibility of using an alternative design or formulation when the diacetyl and acetyl propionyl left its control.

107.    At the time of the design, formulation, manufacture, processing, distribution, sale, and/or use of Indirect Supplier Defendants' diacetyl and acetyl propionyl, the diacetyl and acetyl propionyl were defective as designed when put to the use anticipated by Indirect Supplier Defendants due to their capacity to cause respiratory illnesses and diseases. The products were defective because they were in a condition that permitted the release of vapors and fumes of toxins capable of causing respiratory injuries to workers

26

exposed to those fumes.

108.     As a result of Indirect Supplier Defendants' diacetyl and acetyl propionyl's propensity to cause respiratory disease, the diacetyl and acetyl propionyl were unreasonably dangerous and defective when put to the intended and reasonably foreseeable use anticipated by Indirect Supplier Defendants.

109.     The health risks associated with Indirect Supplier Defendants' products were not open and obvious, or of a type that is a matter of common knowledge. Indirect Supplier Defendants knew or should have known the Plaintiff, as well as other similarly situated employees, did not and would not comprehend the dangerous condition of the diacetyl and acetyl propionyl.

110.     Plaintiff's harm was not caused by an inherent characteristic of Indirect Supplier Defendants' products that was a generic aspect of the diacetyl and acetyl propionyl that could not be eliminated without substantially compromising the diacetyl and acetyl propionyl's usefulness or desirability.

111.     A practical and technically feasible alternative design or formulation or packaging was available for the diacetyl and acetyl propionyl that would have prevented the harm to the Plaintiff without substantially impairing the usefulness or intended purpose of the diacetyl and acetyl propionyl.

112.     The diacetyl and acetyl propionyl were in this defective and unreasonably dangerous condition at the time the products left Indirect Supplier Defendants' control.

113.     The diacetyl and acetyl propionyl were in this defective and unreasonably dangerous condition when the Plaintiff was exposed to the diacetyl and acetyl propionyl in the ordinary course of Plaintiff's employment.

114.     Plaintiff used the products in a reasonably foreseeable manner in the ordinary course of Plaintiff's employment for Wise and for the purposes for which the diacetyl and acetyl propionyl were supplied.

115.     As a proximate result of the condition of the diacetyl and acetyl propionyl and Plaintiff's exposure to the products, the Plaintiff suffered respiratory injuries, endured pain and suffered, incurred

necessary medical expenses, sustained lost earnings, and was otherwise injured.

WHEREFORE, Plaintiff demands judgment against Indirect Supplier Defendants in excess of $50,000.00, costs of this suit, and any other relief which this Court may deem appropriate.

### SEVENTH CAUSE OF ACTION

#### Strict Liability:  Failure to Warn

#### (Against INDIRECT SUPPLIER DEFENDANTS)

116.    Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint.

117.    In the ordinary course of its business, Indirect Supplier Defendants designed, manufactured, labeled, supplied, and distributed diacetyl and acetyl propionyl for use by Direct Supplier Defendants, who then supplied products containing the diacetyl and acetyl propionyl to Wise. The products were defective because they were in a condition that permitted the release of vapors and fumes of toxins capable of causing respiratory injuries to workers exposed to those fumes.

118.    Indirect Supplier Defendants knew or should have known at the time of extracting, formulating, manufacturing, supplying, distributing, and selling diacetyl and acetyl propionyl that diacetyl and acetyl propionyl had risks, such as being hazardous, toxic, poisonous, and knew or should have known that prolonged use or repeated exposure by the Plaintiff could lead to serious injury or death.

119.    Indirect Supplier Defendants designed, formulated, manufactured, processed, distributed, marketed, sold, and supplied diacetyl and acetyl propionyl without adequate instructions on safe use to reduce and/or eliminate exposure thereto, and/or without adequate warnings that the products contained substances that are dangerous to health and life and cause severe respiratory diseases.

120.    Indirect Supplier Defendants failed to provide the post-marketing warnings or instructions that a manufacturer exercising reasonable care would have provided concerning the risk, in light of the likelihood that the diacetyl and acetyl propionyl would cause Plaintiff's injuries and in light of the likely serious nature of these injuries.

121.    No warning was given that the diacetyl and acetyl propionyl were of a highly toxic and

poisonous nature, should only be used with specialized protective equipment, would have cumulative increases in their hazardous, toxic, and poisonous effects with prolonged use or repeated exposure, and would be highly toxic and poisonous when used as an ingredient for the purposes of making food flavorings for the food flavoring industry.

122.   Indirect Supplier Defendants failed to comply with 29 CFR 1910.1200 regarding hazard communications in its safety data sheets and otherwise. Indirect Supplier Defendants failed to comply with this section by failing to evaluate the chemicals it supplied to Wise, failing to monitor the medical and scientific literature, failing to include hazard information that it knew or should have known in its safety data sheets and/or container labeling that were transmitted to Direct Supplier Defendants and Wise, failing to transmit safety data sheets and/or container labeling to Direct Supplier Defendants and Wise, failing to timely update the safety data sheets and/or container labeling it sent to Direct Supplier Defendants and Wise, and in other ways.

123.   The health risks associated with Indirect Supplier Defendants' diacetyl and acetyl propionyl were not open and obvious, or of a type that is a matter of common knowledge. Indirect Supplier Defendants' knew or should have known the Plaintiff, as well as other similarly situated employees, did not and would not comprehend the dangerous condition of the diacetyl and acetyl propionyl.

124.   As a result of Indirect Supplier Defendants' failure to adequately instruct and warn of the dangerous characteristics of the diacetyl and acetyl propionyl, the diacetyl and acetyl propionyl were defective and unreasonably dangerous when put to the use reasonably anticipated by Indirect Supplier Defendants.

125.   The diacetyl and acetyl propionyl were in this defective and unreasonably dangerous condition at the time the products left Indirect Supplier Defendants' control.

126.   The diacetyl and acetyl propionyl were in this defective and unreasonably dangerous condition when the Plaintiff was exposed to the diacetyl and acetyl propionyl in the ordinary course of Plaintiff's employment.

Case ID: 190900703

127.    Plaintiff used the diacetyl and acetyl propionyl in a reasonably foreseeable manner in the ordinary course of Plaintiff's employment for Wise and for the purposes for which the diacetyl and acetyl propionyl were supplied.

128.    As a proximate result of the condition of the diacetyl and acetyl propionyl and Plaintiff's exposure to the diacetyl and acetyl propionyl, the Plaintiff suffered respiratory injuries, endured pain and suffered, incurred necessary medical expenses, sustained lost earnings, and was otherwise injured.

WHEREFORE, Plaintiff demands judgment against Indirect Supplier Defendants in excess of $50,000.00, costs of this suit, and any other relief which this Court may deem appropriate.

## EIGHTH CAUSE OF ACTION

### Negligence

### (Against INDIRECT SUPPLIER DEFENDANTS)

129.    Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint.

130.    In the ordinary course of its business, Indirect Supplier Defendants designed, manufactured, labeled, supplied, and distributed diacetyl and acetyl propionyl for use by Direct Supplier Defendants, who then supplied products containing the diacetyl and acetyl propionyl to Wise.

131.    At all times relevant to this Complaint, Indirect Supplier Defendants had a duty to use reasonable care in the manufacturing, design, distribution, and sale of the aforesaid diacetyl and acetyl propionyl. Indirect Supplier Defendants failed to use reasonable care.

132.    In disregard of the aforesaid duties Indirect Supplier Defendants was guilty of one or more of the following careless and negligent acts or omissions:

   a. Manufacturing, producing, processing, promoting, formulating, creating, developing, designing, selling, and distributing diacetyl and acetyl propionyl without using reasonable care in adopting a safe plan or design;

   b. Manufacturing, producing, processing, promoting, formulating, creating, developing, designing, selling, and distributing diacetyl and acetyl propionyl without thorough and adequate testing before the product was in the stream of commerce, and while the product was in the stream of commerce;

   c. Failing to undertake sufficient studies and conduct necessary tests to determine whether or

not diacetyl and acetyl propionyl were safe for their intended use;

   d. Failing to acquire and maintain the knowledge of an expert to manufacture, produce, process, promote, formulate, create, develop, design, sell, distribute, and/or supply its products free from defects and/or latent defects;

   e. Failing to disclose and/or adequately warn of product defects and/or hazards, which duty continued even after the sale of said diacetyl and acetyl propionyl;

   f. Failing to provide adequate instructions, guidelines, and safety precautions to those whom it was reasonably foreseeable would use diacetyl and acetyl propionyl;

   g. Failing to disclose and inform users that there were alternative products or designs;

   h. Representing that diacetyl and acetyl propionyl were safe for its intended use when in fact, Indirect Supplier Defendants knew and/or should have known the product was not safe for its intended purposes; and/or

   i. Continuing to manufacture and sell diacetyl and acetyl propionyl with the knowledge that diacetyl and acetyl propionyl were unsafe and dangerous;

   j. Failing to recall or retrofit diacetyl and acetyl propionyl after it was sold.

   k. Failing to comply with 29 CFR 1910.1200 regarding hazard communications in its safety data sheets and otherwise, failing to evaluate the chemicals it supplied to Direct Supplier Defendants and Wise, failing to monitor the medical and scientific literature, failing to include hazard information that it knew or should have known in its safety data sheets and/or container labeling that were transmitted to Indirect Supplier Defendants and Wise, failing to transmit safety data sheets and/or container labeling to Indirect Supplier Defendants and Wise, failing to timely update the safety data sheets and/or container labeling it sent to Indirect Supplier Defendants and Wise, and in other ways.

133.    Indirect Supplier Defendants failed to use due care under the circumstances and was thereby negligent in the performance of its duties to the Plaintiff.

134.    The diacetyl and acetyl propionyl were used by the Plaintiff in a way that was reasonably foreseeable and intended by Indirect Supplier Defendants. The products containing diacetyl and acetyl propionyl were unsafe for the use for which they were intended. The products were unsafe because they were in a condition that permitted the release of vapors and fumes of toxins capable of causing respiratory injuries to workers exposed to those fumes and were not accompanied by adequate warnings.

135.    It would have been economically feasible for Indirect Supplier Defendants to reduce the risk of harm by manufacturing an alternative product or design.

136.    As a proximate result of the condition of the diacetyl and acetyl propionyl and Plaintiff's exposure to the diacetyl and acetyl propionyl, the Plaintiff suffered respiratory injuries, endured pain and suffered, incurred necessary medical expenses, sustained lost earnings, and was otherwise injured.

WHEREFORE, Plaintiff demands judgment against Indirect Supplier Defendants in excess of $50,000.00, costs of this suit, and any other relief which this Court may deem appropriate.

Respectfully Submitted,

**McELDREW YOUNG**

*James JM Eldrew*

DATE: September 6, 2019

JAMES J. McELDREW, III, Esquire
DANIEL PURTELL, Esquire
LAUREN C. FANTINI, Esquire
Attorneys for Plaintiff

32

# **V E R I F I C A T I O N**

Terry Bethman verifies that she is the Plaintiff herein, and that the facts set forth in the foregoing

Complaint are true and correct to the best of her knowledge, information and belief.  The

undersigned understands that false statements herein are made subject to the penalties of 18 Pa.

C.S. Section 4904 relating to unsworn falsification to authorities.

Terry Bethman

Dated: _Sept 06, 2019_

Case ID: 190900703

James J. McEldrew, III, Esquire (Atty ID#: 36411)
123 S. Broad Street, Suite 2250
Philadelphia, PA 19109
(215) 545-8800

**Commonwealth of Pennsylvania**
**In the Court of Common Pleas**
**Philadelphia County**



Filed and Attested by the
Office of Judicial Records
17 SEP 2019 04:05 pm
C. JONES

Terry Bethman

v.

Bell Flavors and Fragrances, Inc., et al.                    /

**Case No.:19-09-0703**

Commonwealth of Pennsylvania
County of Philadelphia   ss

## AFFIDAVIT OF CORPORATE SERVICE

I, **Dennis Richman**, being duly sworn according to the law upon my oath, depose and say, that I am not a party to this action, am over 18 years of age, and have no direct personal interest in this litigation.

PARTY SERVED:           **Thermo Fisher Scientific, Inc.**

DOCUMENTS SERVED:       **Complaint**

BY LEAVING WITH:        **Abigail Orozco, Person in Charge**

DATE & TIME OF SERVICE: **9/11/2019  11:11 AM**

PHYSICAL DESCRIPTION:   **Age: 40**          **Weight: 290**              **Hair: Black**
                        **Sex: Female**      **Height: Sitting**          **Race: Other**

SERVED ADDRESS:         **1601 Cherry Street**
                        **Philadelphia, PA 19102**

I hereby affirm that the information contained in the Affidavit of Service is true and correct. This affirmation is made subject to the penalties of 18 PA C.S. 4904 relating to unsworn falsification to authorities.

Subscribed and sworn before me, a Notary
Public, this 11th day of September, 2019

Regina A. Richman

Regina A. Richman, Notary Public
Falls Twp., Bucks County
My Commission expires on: 12/12/2021



Dennis Richman
Dennis Richman's Services for the Professional, Inc
1500 John F. Kennedy Blvd. Suite #1315,
Philadelphia, PA 19102
(215) 977-9393

Case ID: 190900703

GPS: 3                              222222                Order #P172156

FISHKIN LUCKS LLP
David P. Lodge, Esq. (ID No. 209227)
1601 Market Street, 19th Floor
Philadelphia, PA 19103
(215) 607-2500
dlodge@fishkinlucks.com

FISHKIN LUCKS LLP
Andrew P. Fishkin, Esq. (ID No. 312861)
Steven M. Lucks, Esq. (ID No. 312820)
The Legal Center
One Riverfront Plaza, Suite 410
Newark, New Jersey 07102
(973) 536-2800
afishkin@fishkinlucks.com
slucks@fishkinlucks.com

Attorneys for Defendant
Univar USA Inc.

*Filed and Attested by the
Office of Judicial Records
24 SEP 2019 09:41 am
G. IMPERATO*

---

| | |
|---|---|
| TERRY BETHMAN, | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| Plaintiff, | |
| | SEPTEMBER TERM, 2019 |
| vs. | |
| | NO. 00703 |
| BELL FLAVORS AND FRAGRANCES, INC., et al., | |
| | |
| Defendants. | |

---

## ENTRY OF APPEARANCE

Kindly enter the appearance of the undersigned counsel on behalf of defendant Univar USA Inc. in the above-captioned matter.

FISHKIN LUCKS LLP

Dated: September 24, 2019          By:   /s/ *Andrew P. Fishkin*
                                          Andrew P. Fishkin, Esq.
                                          Steven M. Lucks, Esq.
                                          David P. Lodge, Esq.
                                          *Attorneys for Defendant*
                                          *Univar USA Inc.*

00067169.1                                          Case ID: 190900703

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on this date the foregoing Entry of Appearance on behalf of defendant Univar USA Inc. was filed electronically, whereby notice of this filing is being electronically sent to all registered parties' counsel by operation of the Court's electronic filing system.

Dated: September 24, 2019                         /s/ *Andrew P. Fishkin*
                                                  Andrew P. Fishkin, Esq.

NOTICE TO PLEAD: To Plaintiff,
you are hereby notified to plead to the
enclosed New Matter within twenty
(20) days or a judgment may be
entered against you.

/s/ Kristen F. Mazzeo

**GORDON & REES LLP**            Counsel for Defendant Penta International Corporation,
BY: William C. Mills, IV, Esquire
Attorney I.D. No. 65796
Kristen F. Mazzeo, Esquire
Attorney I.D. No. 320531
Three Logan Square
1717 Arch Street, Suite 610
Philadelphia, PA 19103
(215) 717-4032
wmills@grsm.com
kmazzeo@grsm.com

| | | |
|---|---|---|
| TERRY BETHMAN, | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| PLAINTIFF, | : | |
| | : | |
| v. | : | SEPTEMBER TERM, 2019 |
| | : | |
| BELL FLAVORS AND FRAGRANCES, | : | NO. 00703 |
| INC., et al. | : | |
| | : | |
| DEFENDANTS. | : | |

## DEFENDANT PENTA INTERNATIONAL CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT WITH NEW MATTER AND REPLY TO ALL CROSSCLAIMS

Defendant, Penta International Corporation (hereinafter "Penta" or "Answering Defendant"), by and through its counsel, Gordon Rees Scully Mansukhani, LLP, hereby responds to Plaintiff's Complaint as follows:

1

Case ID: 190900703

## COMPLAINT

1.      Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation of this paragraph, and therefore, said allegations are denied.

2.      Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation of this paragraph, and therefore, said allegations are denied.

3.      Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

4.      Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

5.      Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

6.      Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

7.      Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

8.      Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

9.      Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

10.      Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

Case ID: 190900703

11.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

12.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

13.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

14.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

15.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

16.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

17.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

18.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

19.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

20.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

21.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

Case ID: 190900703

22.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

23.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

24.     Admitted in part, denied in part.  It is admitted only that Answering Defendant is a New Jersey corporation with its principal place of business in New Jersey.  It is specifically denied that Plaintiff was exposed to any diacetyl, acetyl propionyl, or diacetyl and acetyl propionyl containing products for which Answering Defendant is liable.  Strict proof thereof is demanded at trial.  To the extent the allegations of this paragraph are conclusions of law, no response is required.  To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, said allegations are denied.

25.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

26.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

27.     Denied.  To the extent the allegations of this paragraph are conclusions of law, no response is required.  To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required.

28.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

4

29.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

30.     Denied.  To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required.

31.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

## FACTS COMMON TO ALL COUNTS

32.     Admitted.

33.     Denied.  Answering Defendant denies the allegations of this paragraph regarding the properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate.

34.     Denied.  Answering Defendant denies the allegations of this paragraph regarding the properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate.

35.     Denied.  Answering Defendant denies the allegations of this paragraph regarding the properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate.

36.     Denied.  Answering Defendant denies the allegations of this paragraph regarding the properties of diacetyl and acetyl propionyl, which constitute expert opinions and

characterizations, and mischaracterizes and misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate.

37.     Denied.  Answering Defendant denies the allegations of this paragraph regarding the properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate.

38.     Denied.  Answering Defendant denies the allegations of this paragraph regarding the properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate.

39.     Denied.  Answering Defendant denies the allegations of this paragraph regarding the properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate.

40.     Denied.  Answering Defendant denies the allegations of this paragraph regarding the properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate.

41.     Denied.  Answering Defendant denies the allegations of this paragraph regarding the properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate.

6

42.     Denied.  Answering Defendant denies the allegations of this paragraph regarding the properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate.

43.     Denied.  To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required.  Answering Defendant denies the allegations of this paragraph regarding the properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate.  Answering Defendant further denies that Plaintiff was exposed to diacetyl and acetyl propionyl and/or diacetyl and acetyl propionyl containing products for which Answering Defendant is liable.

44.     Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation of this paragraph, and therefore, said allegations are denied.

45.     Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation of this paragraph, and therefore, said allegations are denied.

46.     Denied.  To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required.  Answering Defendant specifically denies that Plaintiff was exposed to diacetyl and acetyl propionyl and/or diacetyl and acetyl propionyl containing products for which Answering Defendant is liable.  After reasonable investigation,

Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, said allegations are denied.

47.    Denied.  To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required.  Answering Defendant specifically denies that Plaintiff was exposed to diacetyl and acetyl propionyl and/or diacetyl and acetyl propionyl containing products for which Answering Defendant is liable.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, said allegations are denied.

48.    Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation of this paragraph, and therefore, said allegations are denied.

49.    Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation of this paragraph, and therefore, said allegations are denied.

50.    Denied.  To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required.  Answering Defendant denies the allegations of this paragraph regarding its knowledge of the alleged properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate.  Answering Defendant further denies that Plaintiff was exposed to diacetyl and acetyl propionyl and/or diacetyl and acetyl propionyl containing products for which Answering Defendant is liable.

Case ID: 190900703

51.     Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation of this paragraph, and therefore, said allegations are denied.

52.     Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation of this paragraph, and therefore, said allegations are denied.

## FIRST CAUSE OF ACTION

### Strict Liability: Manufacturing Defect

### (Against DIRECT SUPPLIER DEFENDANTS)

53.     Answering Defendant incorporates by reference its responses to the allegations contained within paragraphs 1 through 52 of the Complaint as though those responses are set forth at length herein.

54.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

55.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

56.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

57.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

58.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

9

59.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

60.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

61.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

**WHEREFORE**, Defendant, Penta International Corporation, hereby demands judgment in its favor and against Plaintiff and all other parties, together with costs, interest, and such other relief the Court deems just and proper.

## SECOND CAUSE OF ACTION

### Strict Liability: Design Defect

### (Against DIRECT SUPPLIER DEFENDANTS)

62.     Answering Defendant incorporates by reference its responses to the allegations contained within paragraphs 1 through 61 of the Complaint as though those responses are set forth at length herein.

63.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

64.     (a-b(v)).  Denied.  The allegations of this paragraph and its subparts relate to Defendants other than Answering Defendant, and therefore, no response is required.

65.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

66.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

67.    Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

68.    Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

69.    Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

70.    Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

71.    Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

72.    Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

73.    Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

**WHEREFORE**, Defendant, Penta International Corporation, hereby demands judgment in its favor and against Plaintiff and all other parties, together with costs, interest, and such other relief the Court deems just and proper.

### THIRD CAUSE OF ACTION

### Strict Liability: Failure to Warn

### (Against DIRECT SUPPLIER DEFENDANTS)

74.    Answering Defendant incorporates by reference its responses to the allegations contained within paragraphs 1 through 73 of the Complaint as though those responses are set forth at length herein.

11

75.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

76.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

77.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

78.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

79.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

80.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

81.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

82.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

83.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

84.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

85.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

Case ID: 190900703

86.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

**WHEREFORE**, Defendant, Penta International Corporation, hereby demands judgment in its favor and against Plaintiff and all other parties, together with costs, interest, and such other relief the Court deems just and proper.

## FOURTH CAUSE OF ACTION

### Negligence

### (Against DIRECT SUPPLIER DEFENDANTS)

87.     Answering Defendant incorporates by reference its responses to the allegations contained within paragraphs 1 through 86 of the Complaint as though those responses are set forth at length herein d.

88.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

89.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

90.     (a-k).  Denied.  The allegations of this paragraph and its subparts relate to Defendants other than Answering Defendant, and therefore, no response is required.

91.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

92.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

93.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

Case ID: 190900703

94.     Denied.  The allegations of this paragraph relate to Defendants other than Answering Defendant, and therefore, no response is required.

**WHEREFORE**, Defendant, Penta International Corporation, hereby demands judgment in its favor and against Plaintiff and all other parties, together with costs, interest, and such other relief the Court deems just and proper.

## FIFTH CAUSE OF ACTION

### Strict Liability: Manufacturing Defect

### (Against INDIRECT SUPPLIER DEFENDANTS)

95.     Answering Defendant incorporates by reference its responses to the allegations contained within paragraphs 1 through 94 of the Complaint as though those responses are set forth at length herein.

96.     Denied.  To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required.  Answering Defendant denies each and every allegation contained in this paragraph and strict proof thereof is demanded at trial. Answering Defendant further denies that Plaintiff was exposed to diacetyl and acetyl propionyl and/or diacetyl and acetyl propionyl containing products for which Answering Defendant is liable.

97.     Denied.  To the extent the allegations of this paragraph are conclusions of law, no response is required.  To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required.  Answering Defendant denies each and every allegation contained in this paragraph and strict proof is demanded at trial.  Answering Defendant further denies that Plaintiff was exposed to diacetyl and acetyl propionyl and/or diacetyl and acetyl propionyl containing products for which Answering Defendant is liable.

Case ID: 190900703

98.     Denied.  To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required.  Answering Defendant denies the allegations of this paragraph regarding the alleged properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate.  Answering Defendant further denies that Plaintiff was exposed to diacetyl and acetyl propionyl and/or diacetyl and acetyl propionyl containing products for which Answering Defendant is liable.

99.     Denied.  To the extent the allegations of this paragraph are conclusions of law, no response is required.  To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required.  Answering Defendant denies the allegations of this paragraph regarding the alleged properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate.  Answering Defendant further denies that Plaintiff was exposed to diacetyl and acetyl propionyl and/or diacetyl and acetyl propionyl containing products for which Answering Defendant is liable.

100.    Denied.  To the extent the allegations of this paragraph are conclusions of law, no response is required.  To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required.  Answering Defendant denies the allegations of this paragraph regarding the alleged properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false

15

and/or inaccurate.  Answering Defendant further denies that Plaintiff was exposed to diacetyl and

acetyl propionyl and/or diacetyl and acetyl propionyl containing products for which Answering

Defendant is liable.

101.    Denied.  To the extent the allegations of this paragraph are conclusions of law, no

response is required.  To the extent the allegations of this paragraph relate to Defendants other

than Answering Defendant, no response is required.  Answering Defendant denies the allegations

of this paragraph regarding the alleged properties of diacetyl and acetyl propionyl, which

constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state

of science as well as the positions of the relevant authoritative bodies, and are otherwise false

and/or inaccurate.  Answering Defendant further denies that Plaintiff was exposed to diacetyl and

acetyl propionyl and/or diacetyl and acetyl propionyl containing products for which Answering

Defendant is liable.

102.    Denied.  To the extent the allegations of this paragraph are conclusions of law, no

response is required.  To the extent the allegations of this paragraph relate to Defendants other

than Answering Defendant, no response is required.  Answering Defendant denies that Plaintiff

was exposed to diacetyl and acetyl propionyl and/or diacetyl and acetyl propionyl containing

products for which Answering Defendant is liable.  After reasonable investigation, Answering

Defendant is without sufficient knowledge or information to form a belief as to the truth of the

remaining allegations of this paragraph, and therefore, said allegations are denied.

103.    Denied.  To the extent the allegations of this paragraph are conclusions of law, no

response is required.  To the extent the allegations of this paragraph relate to Defendants other

than Answering Defendant, no response is required.  Answering Defendant denies that Plaintiff

was exposed to diacetyl and acetyl propionyl and/or diacetyl and acetyl propionyl containing

16

products for which Answering Defendant is liable.  After reasonable investigation, Answering

Defendant is without sufficient knowledge or information to form a belief as to the truth of the

remaining allegations of this paragraph, and therefore, said allegations are denied.

**WHEREFORE**, Defendant, Penta International Corporation, hereby demands judgment

in its favor and against Plaintiff and all other parties, together with costs, interest, and such other

relief the Court deems just and proper.

## SIXTH CAUSE OF ACTION

### Strict Liability: Design Defect

### (Against INDIRECT SUPPLIER DEFENDANTS)

104.    Answering Defendant incorporates by reference its responses to the allegations

contained within paragraphs 1 through 103 of the Complaint as though those responses are set

forth at length herein

105.    Denied.  To the extent the allegations of this paragraph relate to Defendants other

than Answering Defendant, no response is required.  Answering Defendant denies each and

every allegation contained in this paragraph and strict proof is demanded at trial.  Answering

Defendant further denies that Plaintiff was exposed to diacetyl and acetyl propionyl and/or

diacetyl and acetyl propionyl containing products for which Answering Defendant is liable.

106.    (a-b(v)).  Denied.  To the extent the allegations of this paragraph and its subparts

are conclusions of law, no response is required.  To the extent the allegations of this paragraph

and its subparts relate to Defendants other than Answering Defendant, no response is required.

Answering Defendant denies the allegations of this paragraph and its subparts regarding the

alleged properties of diacetyl and acetyl propionyl, which constitute expert opinions and

characterizations, and mischaracterizes and misrepresents the state of science as well as the

positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate.

107.    Denied.  To the extent the allegations of this paragraph are conclusions of law, no

response is required.  To the extent the allegations of this paragraph relate to Defendants other

than Answering Defendant, no response is required.  Answering Defendant denies the allegations

of this paragraph regarding the alleged properties of diacetyl and acetyl propionyl, which

constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state

of science as well as the positions of the relevant authoritative bodies, and are otherwise false

and/or inaccurate.

108.    Denied.  To the extent the allegations of this paragraph are conclusions of law, no

response is required.  To the extent the allegations of this paragraph relate to Defendants other

than Answering Defendant, no response is required.  Answering Defendant denies the allegations

of this paragraph regarding the alleged properties of diacetyl and acetyl propionyl, which

constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state

of science as well as the positions of the relevant authoritative bodies, and are otherwise false

and/or inaccurate.

109.    Denied.  To the extent the allegations of this paragraph are conclusions of law, no

response is required.  To the extent the allegations of this paragraph relate to Defendants other

than Answering Defendant, no response is required.  Answering Defendant denies the allegations

of this paragraph regarding the alleged properties of diacetyl and acetyl propionyl, which

constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state

of science as well as the positions of the relevant authoritative bodies, and are otherwise false

and/or inaccurate.

Case ID: 190900703

110.    Denied. To the extent the allegations of this paragraph are conclusions of law, no response is required. To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required. Answering Defendant denies the allegations of this paragraph regarding the alleged properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate. Answering Defendant further denies that Plaintiff was exposed to diacetyl and acetyl propionyl and/or diacetyl and acetyl propionyl containing products for which Answering Defendant is liable.

111.    Denied. Answering Defendant denies the allegations of this paragraph regarding the alleged properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate. Answering Defendant further denies each and every remaining allegation contained in this paragraph and strict proof thereof is demanded at trial.

112.    Denied. To the extent the allegations of this paragraph are conclusions of law, no response is required. To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required. Answering Defendant denies the allegations of this paragraph regarding the alleged properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate.

Case ID: 190900703

113.    Denied.  To the extent the allegations of this paragraph are conclusions of law, no response is required.  To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required.  Answering Defendant denies the allegations of this paragraph regarding the alleged properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate.  Answering Defendant further denies that Plaintiff was exposed to diacetyl and acetyl propionyl and/or diacetyl and acetyl propionyl containing products for which Answering Defendant is liable.

114.    Denied.  To the extent the allegations of this paragraph are conclusions of law, no response is required.  To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required.  Answering Defendant denies that Plaintiff was exposed to diacetyl and acetyl propionyl and/or diacetyl and acetyl propionyl containing products for which Answering Defendant is liable.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, said allegations are denied.

115.    Denied.  To the extent the allegations of this paragraph are conclusions of law, no response is required.  To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required.  Answering Defendant denies that Plaintiff was exposed to diacetyl and acetyl propionyl and/or diacetyl and acetyl propionyl containing products for which Answering Defendant is liable.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, said allegations are denied.

Case ID: 190900703

**WHEREFORE**, Defendant, Penta International Corporation, hereby demands judgment in its favor and against Plaintiff and all other parties, together with costs, interest, and such other relief the Court deems just and proper.

<u>**SEVENTH CAUSE OF ACTION**</u>

**Strict Liability: Failure to Warn**

**(Against INDIRECT SUPPLIER DEFENDANTS)**

116. Answering Defendant incorporates by reference its responses to the allegations contained within paragraphs 1 through 115 of the Complaint as though those responses are set forth at length herein.

117. Denied. To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required. Answering Defendant denies each and every allegation contained in this paragraph and strict proof is demanded at trial.

118. Denied. To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required. Answering Defendant denies the allegations of this paragraph regarding its knowledge of the alleged properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate.

119. Denied. To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required. Answering Defendant denies the allegations of this paragraph regarding the alleged properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false

21

Case ID: 190900703

and/or inaccurate. Answering Defendant further denies each and every remaining allegation contained in this paragraph and strict proof is demanded at trial.

120.    Denied. To the extent the allegations of this paragraph are conclusions of law, no response is required. To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required. Answering Defendant denies the allegations of this paragraph regarding the alleged properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate. Answering Defendant further denies each and every remaining allegation contained in this paragraph and strict proof is demanded at trial.

121.    Denied. To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required. Answering Defendant denies the allegations of this paragraph regarding the alleged properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate. Answering Defendant further denies that Plaintiff was exposed to diacetyl and acetyl propionyl and/or diacetyl and acetyl propionyl containing products for which Answering Defendant is liable.

122.    Denied. To the extent the allegations of this paragraph are conclusions of law, no response is required. To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required. Answering Defendant denies the allegations of this paragraph regarding its knowledge of the alleged properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and

Case ID: 190900703

misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate.  Answering Defendant further denies each and every remaining allegation contained in this paragraph and strict proof is demanded at trial.

123.    Denied.  To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required.  Answering Defendant denies the allegations of this paragraph regarding its knowledge of the alleged properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate.  Answering Defendant further denies that Plaintiff was exposed to diacetyl and acetyl propionyl and/or diacetyl and acetyl propionyl containing products for which Answering Defendant is liable.

124.    Denied.  To the extent the allegations of this paragraph are conclusions of law, no response is required.  To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required.  Answering Defendant denies the allegations of this paragraph regarding the alleged properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate.  Answering Defendant further denies each and every remaining allegation contained in this paragraph and strict proof is demanded at trial.

125.    Denied.  To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required.  Answering Defendant denies the allegations of this paragraph regarding the alleged properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state

Case ID: 190900703

of science as well as the positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate. Answering Defendant further denies each and every remaining allegation contained in this paragraph and strict proof is demanded at trial.

126. Denied. To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required. Answering Defendant denies the allegations of this paragraph regarding the alleged properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate. Answering Defendant further denies that Plaintiff was exposed to diacetyl and acetyl propionyl and/or diacetyl and acetyl propionyl containing products for which Answering Defendant is liable.

127. Denied. To the extent the allegations of this paragraph are conclusions of law, no response is required. Answering Defendant denies that Plaintiff was exposed to diacetyl and acetyl propionyl and/or diacetyl and acetyl propionyl containing products for which Answering Defendant is liable. After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, said allegations are denied.

128. Denied. To the extent the allegations of this paragraph are conclusions of law, no response is required. Answering Defendant denies that Plaintiff was exposed to diacetyl and acetyl propionyl and/or diacetyl and acetyl propionyl containing products for which Answering Defendant is liable. After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, said allegations are denied.

Case ID: 190900703

**WHEREFORE**, Defendant, Penta International Corporation, hereby demands judgment in its favor and against Plaintiff and all other parties, together with costs, interest, and such other relief the Court deems just and proper.

## EIGHTH CAUSE OF ACTION

### Negligence

### (Against INDIRECT SUPPLIER DEFENDANTS)

129.     Answering Defendant incorporates by reference its responses to the allegations contained within paragraphs 1 through 128 of the Complaint as though those responses are set forth at length herein.

130.     Denied.  To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required.  Answering Defendant denies each and every remaining allegation contained in this paragraph and strict proof is demanded at trial.

131.     Denied.  To the extent the allegations of this paragraph are conclusions of law, no response is required.  To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required.  Answering Defendant denies each and every remaining allegation contained in this paragraph and strict proof is demanded at trial.

132.     (a-k).  Denied.  To the extent the allegations of this paragraph and its subparts are conclusions of law, no response is required.  To the extent the allegations of this paragraph and its subparts relate to Defendants other than Answering Defendant, no response is required. Answering Defendant denies each and every remaining allegation contained in this paragraph and its subparts and strict proof is demanded at trial.

133.     Denied.  To the extent the allegations of this paragraph are conclusions of law, no response is required.  To the extent the allegations of this paragraph relate to Defendants other

than Answering Defendant, no response is required.  Answering Defendant denies each and every remaining allegation contained in this paragraph and strict proof is demanded at trial.

134.    Denied.  To the extent the allegations of this paragraph are conclusions of law, no response is required.  To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required.  Answering Defendant denies the allegations of this paragraph regarding the alleged properties of diacetyl and acetyl propionyl, which constitute expert opinions and characterizations, and mischaracterizes and misrepresents the state of science as well as the positions of the relevant authoritative bodies, and are otherwise false and/or inaccurate.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, said allegations are denied.

135.    Denied.  To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required.  Answering Defendant denies each and every remaining allegation contained in this paragraph and strict proof is demanded at trial.

136.    Denied.  To the extent the allegations of this paragraph are conclusions of law, no response is required.  To the extent the allegations of this paragraph relate to Defendants other than Answering Defendant, no response is required.  Answering Defendant denies that Plaintiff was exposed to diacetyl and acetyl propionyl and/or diacetyl and acetyl propionyl containing products for which Answering Defendant is liable.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, said allegations are denied.

26

**WHEREFORE**, Defendant, Penta International Corporation, hereby demands judgment in its favor and against Plaintiff and all other parties, together with costs, interest, and such other relief the Court deems just and proper.

## NEW MATTER

1.     Answering Defendants hereby incorporates by reference its Answers to Plaintiff's Complaint as if set forth fully herein.

2.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3.     Plaintiff's Complaint fails to state a cause of action upon which relief may be granted against Answering Defendant.

4.     This Court lacks subject matter jurisdiction over the matters alleged in Plaintiff's Complaint.

5.     This Court lacks personal jurisdiction, either general, specific, or by consent, over Answering Defendant.

6.     Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata or collateral estoppel.

7.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of repose.

8.     Plaintiff's claims are barred by the doctrine of laches.

9.     Plaintiff's claims are barred and/or limited by the principles of contributory and comparative negligence and Pennsylvania's Comparative Negligence Statute, 42 Pa.C.S. §7102.

10.     Plaintiff's claims are barred, in whole or in part. By the abnormal and/or improper installation, maintenance, use, misuse and/or alteration of any product of Answering Defendant at

27

issue by Plaintiff, other Defendants, and/or other individuals for whom Answering Defendant has no responsibility or control.

11.     Answering Defendant specifically denies negligent, grossly negligent, willful and wanton, careless, reckless, and outrageous conduct in any respect with regard to the allegations in Plaintiff's Complaint and that it in any way caused or contributed to Plaintiff's alleged injuries, damages, and/or losses.

12.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries and/or damages were caused by superseding and intervening causes.

13.     No alleged act or omission of Answering Defendant was the cause of or contributed to any harm, damage, or loss allegedly sustained by the Plaintiff in this matter. The existence of said act or omission is expressly denied.

14.     Any damages or losses allegedly sustained by Plaintiff were caused by circumstances over which Answering Defendant had no control or involvement, no duty to act, and the existence of any said damages and/or losses are expressly denied.

15.     The application of delay damages to all or any portion of Plaintiff's claims against Answering Defendant is violative of the United States and Pennsylvania Constitutions, including to Pa. Const. Art. V, §10(c) and U.S. Article XIV.

16.     Plaintiff's injuries, if any, which are specifically denied, were not caused by acts and/or omission of Answering Defendant, but were caused, if at all, by the acts and/or omissions of individuals and/or entities over which Answering Defendant had no control or any duty to control.

17.     Plaintiff's claims are barred by the doctrine of assumption of the risk.

18.     At no time did Answering Defendant have any duty to control, direct and/or supervise the Plaintiff, Plaintiff's co-workers, or employers.

19.     During the applicable time period, Answering Defendant had no duty to Plaintiff or Plaintiff's employer as Answering Defendant did not retain or exercise sufficient control over Plaintiff.

20.     If it is determined that Answering Defendant owed Plaintiff a legally recognized duty of care, which is denied, Answering Defendant denies that it breached any such duty of care.

21.     Plaintiff's use of materials that may have contained diacetyl and acetyl propionyl do not constitute inherently dangerous or ultra-hazardous activity under Pennsylvania or any other applicable law.

22.     A failure of Plaintiff's employer to warn and/or safeguard Plaintiff from any possible health hazards associated with materials which may have contained diacetyl and acetyl propionyl, was an intervening and/or superseding cause of Plaintiff's alleged injuries.

23.     Plaintiff's claims are barred, in whole or in part, by the Pennsylvania Fair Share Act.

24.     The alleged exposure injuries and damages of which Plaintiff complains were caused by unauthorized, unattended or improper use of the products allegedly used by the Plaintiff and as a result of the failure to exercise reasonable and ordinary care for which Answering Defendant is not legally liable.

25.     The design of the subject product of Answering Defendant satisfied all standards, specifications, and regulations as required by any and all federal, state and local governmental agency and law.

Case ID: 190900703

26.     The design of the subject product of Answering Defendant met the then state of the art.

27.     Plaintiff's claims are barred, in whole or in part, because the dangers and/or risks of which Plaintiff complains were open and obvious and/or known.

28.     Plaintiff's alleged injuries were caused in whole or in part by Plaintiff's misuse or unauthorized, unanticipated, unforeseen and/or unintended use of the products of Answering Defendant at issue.

29.     Plaintiff's claims are barred because the methods, standards, warnings, and instructions used in manufacturing and/or marketing the products at issue conformed with the generally-recognized, reasonably-available, and reliable state of knowledge when the products was/were manufactured and marketed.

30.     If it is determined that Answering Defendant's products were present in Plaintiff's workplace, then Answering Defendant's products were supplied to a learned intermediary which was sophisticated in the use of the products.

31.     If it is determined that Answering Defendant's products were present in Plaintiff's workplace, then it is averred that Plaintiff was not in proximity to the use of such products or exposed to such products with sufficient frequency and regularity for such products to be a cause of Plaintiff's claimed injuries or damages.

32.     At all material times, Answering Defendant was in compliance with the "state of the art" and the risks, damages and/or injuries alleged by Plaintiff were not foreseeable to Answering Defendant.

33.     To the extent Plaintiff was exposed to a product of Answering Defendant, such exposure was *de minimus* and not a substantial factor in causation of her injuries or damages.

Case ID: 190900703

34.     The injuries and/or damages complained of by Plaintiff pre-existed the subject matter of the Complaint.

35.     Plaintiff's damages, in whole or in part, are speculative and therefore not actionable.

36.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate her damages.

37.     Plaintiff's claims are barred, in whole or in part, by the doctrine of federal preemption.

38.     Plaintiff's claims are barred, in whole or in part, by the Pennsylvania Workers' Compensation Act.

39.     Plaintiff's claims are barred, in whole or in part, by the Pennsylvania Occupational Disease Act.

40.     Plaintiff's claims are barred, in whole or in part, by the doctrine of spoliation.

41.     Plaintiff's claims are barred, in whole or in part, because there was no privity between Plaintiff and Answering Defendant.

42.     Answering Defendant owned no duty to Plaintiff or Plaintiff's Employer(s).

43.     Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed, and labeled with proper warnings, information, cautions and instructions in accordance with the state of the art and state of scientific and technological knowledge and industry custom/usage standards.

44.     If Plaintiff's damages were caused by a product distributed or sold by Answering Defendant, which Answering Defendant denies, said product was only a component part, raw material, was not inherently dangerous, was substantially changed during the manufacturing

31

Case ID: 190900703

process, and/or was sold in bulk to a sophisticated buyer, thereby absolving Answering Defendant of liability.

45.     Answering Defendant adopts each and every New Matter of every other Defendant herein to the extent that any such New Matter is not inconsistent with those set forth herein.

46.     Answering Defendant reserves the right to amend its New Matter to include additional defenses after completion of discovery.

**WHEREFORE**, Defendant, Penta International Corporation, hereby demands judgment in its favor and against Plaintiff and all other parties, together with costs, interest, and such other relief the Court deems just and proper.

## <u>DEFENDANT PENTA INTERNATIONAL CORPORATION'S<br>ANSWER TO ALL CROSSCLAIMS</u>

Answering Defendant hereby incorporates by reference its Answer to Plaintiff's Complaint and New Matter and answers all cross-claims filed or to be filed against it by denying that said cross-claims state a claim upon which relief can be granted.  Answering Defendant denies all averments set forth in all cross-claims and demands strict proof at trial.  Answering Defendant further denies that it is solely liable to Plaintiff, jointly or severally liable to Plaintiff, or liable over to any Co-Defendants or Additional Defendants and denies that any cross-claiming party is entitled to either contribution or indemnity against it.

Case ID: 190900703

**WHEREFORE**, Defendant, Penta International Corporation, hereby demands judgment in its favor and against Plaintiff and all other parties, together with costs, interest, and such other relief the Court deems just and proper.

**GORDON REES SCULLY MANSUKANI, LLP**

By: /s/ Kristen F. Mazzeo
      William C. Mills, IV, Esquire
      Kristen F. Mazzeo, Esquire
      Counsel for Defendant,
      Penta International Corporation

Date: October 1, 2019

Case ID: 190900703

## ATTORNEY VERIFICATION

I, Kristen F. Mazzeo, attorney for Penta International Corporation, hereby state that the facts contained in the forgoing Answer with New Matter and Reply to all Cross-claims are true and correct to the best of my knowledge, information, and belief.

_____
Kristen F. Mazzeo

DATE: October 1, 2019

34

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within **Defendant Penta International Corporation's Answer to Plaintiff's Complaint with New Matter and Answer to Cross-Claims,** was served upon counsel of record on October 1, 2019 via the Court's ECF System.


/s/ Kristen F. Mazzeo
Kristen F. Mazzeo, Esq.

DATE: October 1, 2019

Case ID: 190900703

**GORDON REES SCULLY MANSUKHANI LLP**
BY: William C. Mills, IV, Esquire
Attorney I.D. No. 65796
Kristen F. Mazzeo, Esquire
Attorney I.D. No. 320531
Three Logan Square
1717 Arch Street, Suite 610
Philadelphia, PA 19103
(215) 717-4032
wmills@grsm.com
kmazzeo@grsm.com



Filed and Attested by the
Office of Judicial Records
02 OCT 2019 10:57 am
G. IMPERATO

Counsel for Defendant,
Penta International Corporation

| | | |
|---|---|---|
| TERRY BETHMAN, | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| | : | |
| v. | : | SEPTEMBER TERM, 2019 |
| | : | |
| BELL FLAVORS AND FRAGRANCES, | : | NO. 00703 |
| INC., et al. | : | |
| | : | |
| Defendants. | : | |

## PRAECIPE FOR ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

Kindly enter the appearances of William C. Mills, IV and Kristen F. Mazzeo as counsel

on behalf of Defendant, Penta International Corporation, with regard to the above-captioned

matter.

Respectfully,

GORDON REES SCULLY MANSUKHANI LLP

By: /s/ Kristen F. Mazzeo
Kristen F. Mazzeo

Dated: October 2, 2019

Case ID: 190900703

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2019, a true and correct copy of the within Entry of Appearance of William C. Mills IV and Kristen F. Mazzeo was served upon counsel of record via the Court's Electronic Filing System.

/s/ Kristen F. Mazzeo

1196188/47786952v.1

Case ID: 190900703

**MARGOLIS EDELSTEIN**
BY: DAWN DEZII, ESQUIRE
    Attorney I.D. No.: 54165
BY: JEANINE D. CLARK, ESQUIRE
    Attorney I.D. No.: 308966
The Curtis Center, Suite 400E
170 S. Independence Mall West
Philadelphia, PA 19106-3337
Phone: (215) 922-1100

Filed and Attested by the
Office of Judicial Records
02 OCT 2019 01:37 pm
G. IMPERATO

Attorneys for Defendant:
First Choice Ingredients, Inc.

| | | |
|---|---|---|
| TERRY BETHMAN | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| BELL FLAVORS AND FRAGRANCES, | : | SEPTEMBER TERM, 2019 |
| INC., et al. | : | NO. 0703 |
| | : | |
| Defendants. | : | |
| | | JURY TRIAL DEMANDED |

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

    Kindly enter our appearance on behalf of Defendant, First Choice Ingredients, Inc., in the above-captioned matter.

### MARGOLIS EDELSTEIN

By:     */s/ Dawn Dezii*
           DAWN DEZII, ESQUIRE
           JEANINE D. CLARK, ESQUIRE
           Attorneys for Defendant,
           First Choice Ingredients, Inc.

Dated: October 2, 2019

Case ID: 190900703

## CERTIFICATE OF SERVICE

I, Dawn Dezii, Esquire, do hereby certify that a true and correct copy of the foregoing Entry

of Appearance on Behalf of Defendant, First Choice Ingredients, Inc., was filed this date with the

First Judicial District of Philadelphia Court of Common Pleas Civil Trial Division and served upon

Plaintiff's counsel listed below and all counsel/parties via *Civil E-Filing* pursuant to PA.R.C.P.

205.4(g)(2)(ii) on October 2, 2019.

> James J. McEldrew, III, Esquire
> Daniel Purtell, Esquire
> Lauren Fantini, Esquire
> McELDREW YOUNG
> 123 South Broad Street, Suite 2250
> Philadelphia, PA  19109
> Email: jim@mceldrewyoung.com
> Email: dpurtell@mceldrewyoung.com
> Email: lfantini@mceldrewyoung.com
>
> *Counsel for Plaintiff*

**MARGOLIS EDELSTEIN**

BY:     */s/ Dawn Dezii*
        _____
        DAWN DEZII, ESQUIRE
        JEANINE D. CLARK, ESQUIRE
        Attorneys for Defendant,
        First Choice Ingredients, Inc.

Dated: October 2, 2019

Case ID: 190900703

Pillinger Miller Tarallo, LLP
By: Ernest J. Bernabei, III
Attorney ID No: 46359
1880 John F. Kennedy Boulevard
Suite 1803
Philadelphia, PA 19103
(215) 789-6235
(215) 789-6236 Fax
Email: ebernabei@pmtlawfirm.com
Attorneys for Plaintiff

Filed and Attested by the
Office of Judicial Records
02 OCT 2019 02:25 pm
G. IMPERATO

| | |
|---|---|
| **TERRY BETHMAN,** | : **COURT OF COMMON PLEAS** |
| | : **PHILADELPHIA COUNTY** |
| **Plaintiff,** | : |
| | : |
| **v.** | : **SEPTEMBER TERM, 2019** |
| | : |
| **KRAFT HEINZ INGREDIENTS** | : |
| **CORP., et al** | : |
| **Defendant(s)** | : **NO:  0703** |

To the Prothonotary:

    Ernest J. Bernabei, III, Esquire hereby enters his appearance as counsel for Defendant,

Kraft Heinz Ingredients Corp., in the above matter.

                           PILLINGER MILLER TARALLO, LLP


                           BY: */s/ Ernest J. Bernabei, III*
                                 ERNEST J. BERNABEI, III
                                 Attorneys for Defendant,
                                 Kraft Heinz Ingredients Corp.


Dated: October 2, 2019

**STRADLEY, RONON, STEVENS & YOUNG, LLP**
By:    Corey S. D. Norcross (PA I.D. No. 316909)
2005 Market Street, Suite 2600
Philadelphia, PA 19103
Phone: 215.564.8000
Fax: 215.564.8120

Filed and Attested by the
Office of Judicial Records
04 OCT 2019 01:24 pm
G. IMPERATO

*Attorneys for Defendants*
*McCormick and Company, Inc.*

| | |
|---|---|
| Terry Bethman, | : |
| | : |
| Plaintiff, | :     COURT OF COMMON PLEAS |
| | :     PHILADELPHIA COUNTY |
| v. | : |
| | :     SEPTEMBER TERM, 2019 |
| BELL FLAVORS AND | : |
| FRAGRANCES, INC., et al., | :     NO. 00703 |
| | : |
| Defendants. | : |
| | : |

## ENTRY OF APPEARANCE

TO THE PROTHONTARY:

Kindly enter the appearance of Corey S. D. Norcross on behalf of Defendant, McCormick

and Company, Inc., in the above-referenced matter.

Respectfully submitted,

*/s/ Corey S. D. Norcross*
Corey S. D. Norcross (PA I.D. No. 316909)
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street, Suite 2600
Philadelphia, PA  19103
Phone: 215.564.8000
Fax: 215.564.8120

Dated:  October 4, 2019

Case ID: 190900703

## CERTIFICATE OF SERVICE

I, Corey S. D. Norcross, hereby certify that a true and correct copy of the foregoing Entry

of Appearance was filed this date via the First Judicial District of Philadelphia Court of Common

Pleas Civil Trial Division's E-Filing System and thereby served on all counsel of record pursuant

to Rule 205.4(g) of the Pennsylvania Rules of Civil Procedure and Local Rule *205.4(f)(7):

James J. McEldrew, III, Esquire
McEldrew Young
123 South Broad Street
Suite 2250
Philadelphia, PA 19109
*Attorney for Plaintiff Terry Bethman*

Kristen F. Mazzeo
William C. Mills IV
Gordon Rees
One Commerce Square
2005 Market Street, Suite 2900
Philadelphia, PA 19103
*Attorneys for Defendant,*
*Penta International Corporation*

Andrew P. Fishkin, Esquire
Steven M. Lucks, Esquire
David P. Lodge, Esquire
Fishkin Lucks LLP
One Riverfront Plaza, Suite 410
Newark, NJ 07102
*Attorneys for Defendant, Univar USA, Inc*

Jeanine D. Clark
Dawn Dexii
Margolis Edelstein
The Curtis Center, Ste. 400E
170 S. Independent Mall West
Philadelphia, PA 19103
*Attorneys for Defendant,*
*First Choice Ingredients, Inc.*

Ernest J. Bernabei III
Pillinger Miller Tarallo
1880 John F. Kennedy Boulevard
Suite 1803
Philadelphia, PA 19103
*Attorneys for Defendant,*
*Kraft Heinz Ingredients Corp.*

I further certify that a true and correct copy of the foregoing Entry of Appearance was

mailed, via first class mail, upon the following:

Roha U.S.A., L.L.C.
c\o Spenserv, Inc.
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO 63105

Sensient Colors LLC
c\o CT Corporation System
301 S. Bedord Street, Suite 1
Madison, WI 53703

Sensient Technologies Corporation
c\o CT Corporation
2001 Market Street, 5th Floor
Philadelphia, PA 19103

Berje, Inc.
c\o Kim Bleimann
700 Blair Road
Carteret, NJ 07008

Citrus & Allied Essences, LTD
65 S. Tyson Avenue
Floral Park, NY 11001

Elan Chemical Co., Inc.
c\o Jocelyn Manship
268 Doremus Avenue
Newark, NJ 07105

Olaughlin Industries
150 Morris Avenue, Suite 207
Springfield, NJ 07081

Phoenix Aromas and Essential Oils Holdings,
Inc.
17 Algonquin Circle
Airmont, NY 10952-5231

Emoral, Inc.
F\K\A Polarome International, Inc.
200 Theodore Conrad Drive
Jersey City, NJ 07305

Bell Flavors and Fragrances, Inc.
500 Academy Drive
Northbrook, IL 60062

Flavor Consultants, Inc.
2875 Coleman Street
North Las Vegas, NV 89032

Thermo Fisher Scientific, Inc.
1601 Cherry Street
Philadelphia, PA 19102

Givaudan Flavors Corporation
CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, OH 43219

International Flavors and Fragrances, Inc.
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110

Kerry, Inc.
c\o CT Corporation
116 Pine Street, Suite 320
Harrisburg, PA 17101

Centrome, Inc.
10 Taft Road
Totowa, NJ 07512

*/s/ Corey S. D. Norcross*
Corey S. D. Norcross

3

Maria C. Carlucci, Esq.
KELLEY JASONS MCGOWAN
SPINELLI & HANNA, L.L.P.
Attorney Identification No.: 93751
120 Wall Street, 30th Floor
New York, New York 10005
(212) 344-7400
mcarlucci@kjmsh.com

Attorneys for Defendant,
Citrus & Allied Essences, Ltd.

*Filed and Attested by the*
*Office of Judicial Records*
*07 OCT 2019 02:03 pm*
*G. IMPERATO*

| | |
|---|---|
| TERRY BETHMAN,<br><br>                    Plaintiff,<br><br>v.<br><br>BELL FLAVORS AND FRAGRANCES,<br>INC., et al.,<br><br>                    Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>SEPTEMBER TERM 2019<br><br>NO.  00703 |

## ENTRY OF APPEARANCE

Kindly enter the appearance of Maria C. Carlucci, Esq. on behalf of Defendant,

Citrus & Allied Essences, Ltd., in the above-captioned matter.

KELLEY JASONS MCGOWAN
SPINELLI HANNA & REBER, LLP

By:   /s/ Maria C. Carlucci____
         Maria. C. Carlucci, Esq.

Dated:  October 7, 2019

## CERTIFICATION OF COMPLIANCE

I, Maria C. Carlucci, certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

KELLEY JASONS McGOWAN
SPINELLI HANNA & REBER, LLP

/s/ *Maria C. Carlucci*
Maria C. Carlucci
I.D. No.: 93751

Attorney for Defendant
Citrus & Allied Essences, Ltd.

Dated: October 7, 2019

Case ID: 190900703

## CERTIFICATE OF SERVICE

I, Maria C. Carlucci, do hereby certify that a true and correct copy of the foregoing Entry of Appearance of Maria C. Carlucci, Esq. on behalf of Defendant, Citrus & Allied Essences, Ltd., was filed via the First Judicial District of Philadelphia Court of Common Pleas Civil Trial Division's E-Filing System and thereby deemed served on all counsel of record pursuant to rule 205.4(g) of the Pennsylvania Rules of Civil Procedure.

/s/ Maria C. Carlucci
Maria. C. Carlucci, Esq.

Date:  October 7, 2019

Filed and Attested by the
Office of Judicial Records
11 OCT 2019 02:27 pm
S. RICE

TERRY BETHMAN,

               Plaintiff,

v.

BELL FLAVORS AND FRAGRANCES,
INC., et al.,

               Defendants.

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

SEPTEMBER TERM 2019

NO. 00703

## STIPULATION FOR EXTENSION OF TIME

It is hereby stipulated by and between the undersigned counsel that defendant,

Citrus & Allied Essences, Ltd., shall have an extension of time up to and including

November 1, 2019 to answer Plaintiff's Complaint.

Dated:  October 4, 2019


*/s/ Lauren C. Fantini*
Lauren C. Fantini, Esq.
McEldrew Young
123 South Broad Street
Suite 2250
Philadelphia, PA 19109
Telephone: (215) 545-8800
Fax: (215) 545-8805
Email: lfantini@mceldrewyoung.com
*Attorneys for Plaintiff*

*/s/ Maria C. Carlucci*
Maria C. Carlucci, Esq.
Kelley Jasons McGowan Spinelli Hanna &
Reber, LLP
120 Wall Street, 30th Floor
New York, NY 10005
Telephone: (212) 344-7400
Fax: (212) 344-7402
Email: mcarlucci@kjmsh.com
*Attorneys for Defendant,*
*Citrus & Allied Essences, Ltd.*

## CERTIFICATE OF SERVICE

I, Maria C. Carlucci, do hereby certify that a true and correct copy of the

foregoing Stipulation For Extension to Answer was filed via the First Judicial District of

Philadelphia Court of Common Pleas Civil Trial Division's E-Filing System and thereby

deemed served on all counsel of record pursuant to rule 205.4(g) of the Pennsylvania

Rules of Civil Procedure.

 /s/ Maria C. Carlucci____
Maria. C. Carlucci, Esq.

Date:  October 7, 2019

RAWLE & HENDERSON, LLP
By:   John J. Snyder, Esquire
        Evan S. Eisner, Esquire
Attorney ID. Nos.: 22751 and 39554
The Widener Building, 16th Floor
One South Penn Square
Philadelphia, PA 19107
Telephone: (215) 575-4200
        Fax: (215) 563-2583
E-mail:  jsnyder@rawle.com
        eeisner@rawle.com

*Filed and Attested by the*
*Counsel for Defendant, International Records*
*and Fragrances, Inc. OCT 2019 10:34 am*
*G. IMPERATO*

| | | |
|---|---|---|
| TERRY BETHMAN, | : | COURT OF COMMON PLEAS |
| | : | |
| Plaintiff, | : | PHILADELPHIA COUNTY |
| | : | |
| vs. | : | SEPTEMBER TERM, 2019 |
| | : | |
| BELL FLAVORS AND FRAGRANCES, | : | |
| INC., et al.,, | : | |
| Defendants. | : | NO.: 00703 |

## ENTRY OF APPEARANCE

Kindly enter the appearances of JOHN J. SNYDER, ESQUIRE, and EVAN S. EISNER,

ESQUIRE, as counsel on behalf of Defendant, International Flavor and Fragrances, Inc. in the

above-captioned matter.

## JURY DEMAND

A jury trial of 12 jurors is hereby demanded in the above-captioned action.

### RAWLE & HENDERSON, LLP

Date: October 8, 2019          By:   /s/ *John J. Snyder*
                                          John J. Snyder, Esquire

Date:  October 8, 2019          By:    /s/ *Evan S. Eisner*
                                           Evan S. Eisner, Esquire

13127728-1

Case ID: 190900703

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Entries of

Appearance and Jury Demand was served upon the below listed counsel via the Court's e-filing

system:

**Plaintiff's Counsel**

James J. McEldrew, III, Esquire
Daniel Purtell, Esquire
Lauren Fantini, Esquire
McEldrew Young
123 S. Broad Street, Suite 2250
Philadelphia, PA 19109

**Counsel for Defendant: Univar USA, Inc.**

Steven M. Lucks, Esquire
David P. Lodge, Esquire
Fishkin, Lucks LLP
The Legal Center
1 Riverfront Plaza, Suite 410
Newark, NJ 07102

**Counsel for Defendant: Penta International Corporation**

Kristen F. Mazzeo, Esquire
William C. Mills, IV, Esquire
Gordon & Rees LLP
Three Logan Square
1717 Arch Street, Suite 610
Philadelphia, PA 19103

**Counsel for Defendant: First Choice Ingredients, Inc.**

Dawn Dezii, Esquire
Jeanine D. Clark, Esquire
Margolis Edelstein
Curtis Center, Suite 400
170 S. Independence Mall West
Philadelphia, PA 19106

Case ID: 190900703

**Counsel for Defendant: Kraft Heinz Ingredients Corporation**

Ernest J. Barnabei, III, Esquire
1880 John F. Kennedy Blvd., Suite 1803
Philadelphia, PA 19103

**Counsel for Defendant: McCormick and Company, Inc.**

Corey S. D. Norcross, Esquire
Stradley Ronon
2005 Market Street, Suite 2600
Philadelphia, PA 19103

**Counsel for Defendant: Citrus & Allied Essences, Ltd.**

Maria C. Carlucci, Esquire
160 West 71st Street, Apt. 18M
New York, NY 10023

**RAWLE & HENDERSON, LLP**

Date:  October 8, 2019          By:   /s/ *John J. Snyder*
                                      John J. Snyder, Esquire

                                      *Counsel for Defendant: International Flavor
                                      and Fragrances, Inc.*

13127728-1                                                Case ID: 190900703

**RAWLE & HENDERSON, LLP**
By:   John J. Snyder, Esquire
        Evan S. Eisner, Esquire
Attorney ID. Nos.: 22751 and 39554
The Widener Building, 16th Floor
One South Penn Square
Philadelphia, PA 19107
Telephone: (215) 575-4200
        Fax: (215) 563-2583
E-mail: jsnyder@rawle.com
        eeisner@rawle.com

**WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC**
By:   Shawn D. Scott, Esquire
        Nicole M. Bigman, Esquire
3344 Peachtree Road, NE, Suite 2400
Atlanta, GA 30326
Telephone: (404) 876-2700
E-mail: sscott@wwhgd.com
        nbigman@wwhgd.com

*Counsel for Defendant International Flavors
and Fragrances Inc.*

Filed and Attested by the
Office of Judicial Records
11 OCT 2019 01:40 pm
S. RICE

| | | |
|---|---|---|
| TERRY BETHMAN, | : | COURT OF COMMON PLEAS |
| | : | |
| Plaintiff, | : | PHILADELPHIA COUNTY |
| | : | |
| vs. | : | SEPTEMBER TERM, 2019 |
| | : | |
| BELL FLAVORS AND FRAGRANCES, | : | JURY TRIAL DEMANDED |
| INC., et al.,, | : | |
| Defendants. | : | NO.: 00703 |

## INTERNATIONAL FLAVORS & FRAGRANCES INC.'S
## ANSWER TO PLAINTIFF'S COMPLAINT WITH NEW MATTER

International Flavors & Fragrances Inc. (hereinafter referred to as "IFF"), by and through

its above-referenced counsel, hereby asserts its Answer to Plaintiff's Complaint as follows:

1.        IFF is without information or knowledge sufficient to form a belief as to the truth

of the allegations contained within Paragraph 1 of Plaintiff's Complaint and they are therefore

denied.

13128502-1

Case ID: 190900703

2.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 2 of Plaintiff's Complaint and they are therefore denied.

3.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 3 of Plaintiff's Complaint and they are therefore denied.

4.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 4 of Plaintiff's Complaint and they are therefore denied.

5.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 5 of Plaintiff's Complaint and they are therefore denied.

6.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 6 of Plaintiff's Complaint and they are therefore denied.

7.     IFF admits that it is a New York Corporation with its principal place of business in New York. IFF denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.  IFF further denies the allegations as conclusions of law.

8.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 8 of Plaintiff's Complaint and they are therefore denied.

2

9.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 9 of Plaintiff's Complaint and they are therefore denied.

10.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 10 of Plaintiff's Complaint and they are therefore denied.

11.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 11 of Plaintiff's Complaint and they are therefore denied.

12.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 12 of Plaintiff's Complaint and they are therefore denied.

13.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 13 of Plaintiff's Complaint and they are therefore denied.

14.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 14 of Plaintiff's Complaint and they are therefore denied.

15.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 15 of Plaintiff's Complaint and they are therefore denied.

13128502-1

Case ID: 190900703

16.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 16 of Plaintiff's Complaint and they are therefore denied.

17.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 17 of Plaintiff's Complaint and they are therefore denied.

18.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 18 of Plaintiff's Complaint and they are therefore denied.

19.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 19 of Plaintiff's Complaint and they are therefore denied.

20.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 20 of Plaintiff's Complaint and they are therefore denied.

21.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 21 of Plaintiff's Complaint and they are therefore denied.

22.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 22 of Plaintiff's Complaint and they are therefore denied.

13128502-1

Case ID: 190900703

23.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 23 of Plaintiff's Complaint and they are therefore denied.

24.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 24 of Plaintiff's Complaint and they are therefore denied.

25.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 25 of Plaintiff's Complaint and they are therefore denied.

26.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 26 of Plaintiff's Complaint and they are therefore denied.

27.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 27 of Plaintiff's Complaint and they are therefore denied.

28.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 28 of Plaintiff's Complaint and they are therefore denied.

29.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 29 of Plaintiff's Complaint and they are therefore denied.

5

Case ID: 190900703

30.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 30 of Plaintiff's Complaint and they are therefore denied.

31.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 31 of Plaintiff's Complaint and they are therefore denied.

## FACTS COMMON TO ALL COUNTS

32.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 32 of Plaintiff's Complaint and they are therefore denied.

33.     IFF denies the allegations contained in Paragraph 33 of Plaintiff's Complaint as they pertain to it.

34.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 34 of Plaintiff's Complaint and they are therefore denied.

35.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 35 of Plaintiff's Complaint and they are therefore denied.

36.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 36 of Plaintiff's Complaint and they are therefore denied.

13128502-1

Case ID: 190900703

37.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 37 of Plaintiff's Complaint and they are therefore denied.

38.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 38 of Plaintiff's Complaint and they are therefore denied.

39.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 39 of Plaintiff's Complaint and they are therefore denied.

40.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 40 of Plaintiff's Complaint and they are therefore denied.

41.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 41 of Plaintiff's Complaint and they are therefore denied.

42.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 42 of Plaintiff's Complaint and they are therefore denied.

43.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 43 of Plaintiff's Complaint and they are therefore denied.

13128502-1

Case ID: 190900703

44.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 44 of Plaintiff's Complaint and they are therefore denied.

45.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 45 of Plaintiff's Complaint and they are therefore denied.

46.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 46 of Plaintiff's Complaint and they are therefore denied.

47.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 47 of Plaintiff's Complaint and they are therefore denied.

48.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 48 of Plaintiff's Complaint and they are therefore denied.

49.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 49 of Plaintiff's Complaint and they are therefore denied.

50.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 50 of Plaintiff's Complaint and they are therefore denied.

13128502-1

Case ID: 190900703

51. IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 51 of Plaintiff's Complaint and they are therefore denied.

52. IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 52 of Plaintiff's Complaint and they are therefore denied.

## FIRST CAUSE OF ACTION

### Strict Liability: Manufacturing Defect
### (Against DIRECT SUPPLIER DEFENDANTS)

53. Responding to the allegations of Paragraph 53, wherein Plaintiff incorporates by reference paragraphs 1 through 52 of the Complaint, IFF responds to said paragraph by incorporating by reference its responses to the corresponding paragraphs of the Complaint.

54. IFF specifically denies the allegations contained in Paragraph 54 of Plaintiff's Complaint as they pertain to it. IFF further denies the allegations as conclusions of law.

55. IFF specifically denies the allegations contained in Paragraph 55 of Plaintiff's Complaint as they pertain to it. IFF further denies the allegations as conclusions of law.

56. IFF specifically denies the allegations contained in Paragraph 56 of Plaintiff's Complaint as they pertain to it. IFF further denies the allegations as conclusions of law.

57. IFF specifically denies the allegations contained in Paragraph 57 of Plaintiff's Complaint as they pertain to it. IFF further denies the allegations as conclusions of law.

58. IFF specifically denies the allegations contained in Paragraph 58 of Plaintiff's Complaint as they pertain to it. IFF further denies the allegations as conclusions of law.

59. IFF specifically denies the allegations contained in Paragraph 59 of Plaintiff's Complaint as they pertain to it. IFF further denies the allegations as conclusions of law.

9

Case ID: 190900703

60.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiff's Complaint and they are therefore denied.  IFF further denies the allegations as conclusions of law.

61.     IFF specifically denies the allegations contained in Paragraph 61 of Plaintiff's Complaint as they pertain to IFF. IFF explicitly denies that Plaintiff suffered any injury as a result of exposure to IFF's Products. By way of further response, IFF explicitly denies that it is liable to Plaintiff. IFF further denies the allegations as conclusions of law.

IFF specifically denies that Plaintiff is entitled to any relief prayed for in the "WHEREFORE" following Paragraph 61 of Plaintiff's Complaint.

WHEREFORE, Answering Defendant IFF respectfully requests this Honorable Court to enter judgment in its favor and against the Plaintiff together with costs and fees.

## SECOND CAUSE OF ACTION

### Strict Liability: Design Defect
### (Against DIRECT SUPPLIER DEFENDANTS)

62.     Responding to the allegations of Paragraph 62, whereby Plaintiff incorporates by reference paragraphs 1 through 52 of the Complaint, IFF responds to said paragraph by incorporating by reference its responses to the corresponding paragraphs of the Complaint.  IFF also incorporates by reference its responses to paragraphs 53 through 61 of the Complaint.

63.     IFF specifically denies the allegations contained in Paragraph 63 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

64.     IFF specifically denies the allegations contained in Paragraph 64 and all subparts of Paragraph 64 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

10

Case ID: 190900703

65. IFF specifically denies the allegations contained in Paragraph 65 of Plaintiff's Complaint as they pertain to it. IFF further denies the allegations as conclusions of law.

66. IFF specifically denies the allegations contained in Paragraph 66 of Plaintiff's Complaint as they pertain to it. IFF further denies the allegations as conclusions of law.

67. IFF specifically denies the allegations contained in Paragraph 67 of Plaintiff's Complaint as they pertain to it. IFF further denies the allegations as conclusions of law.

68. IFF specifically denies the allegations contained in Paragraph 68 of Plaintiff's Complaint as they pertain to it. IFF further denies the allegations as conclusions of law.

69. IFF specifically denies the allegations contained in Paragraph 69 of Plaintiff's Complaint as they pertain to it. IFF further denies the allegations as conclusions of law.

70. IFF specifically denies the allegations contained in Paragraph 70 of Plaintiff's Complaint as they pertain to it. IFF further denies the allegations as conclusions of law.

71. IFF specifically denies the allegations contained in Paragraph 71 of Plaintiff's Complaint as they pertain to it. IFF further denies the allegations as conclusions of law.

72. IFF is without information of knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 72 of Plaintiff's Complaint and they are therefore denied. IFF further denies the allegations as conclusions of law.

73. IFF specifically denies the allegations contained in Paragraph 73 of Plaintiff's Complaint as they pertain to it. IFF explicitly denies that Plaintiff suffered any injury as a result of exposure to IFF's products. By way of further response, IFF explicitly denies that it is liable to Plaintiff. IFF further denies the allegations as conclusions of law.

IFF specifically denies that Plaintiff is entitled to any relief prayed for in the "WHEREFORE" following Paragraph 73 of Plaintiff's Complaint.

11

WHEREFORE, Answering Defendant IFF respectfully requests this Honorable Court to enter judgment in its favor and against the Plaintiff together with costs and fees.


### THIRD CAUSE OF ACTION

### Strict Liability: Failure to Warn
### (Against DIRECT SUPPLIER DEFENDANTS)

74.     Responding to the allegations of Paragraph 74, whereby Plaintiff incorporates by reference paragraphs 1 through 52 of the Complaint, IFF responds to said paragraph by incorporating by reference its responses to the corresponding paragraphs of the Complaint. IFF also incorporates by reference its responses to paragraphs 53 through 73 of the Complaint.

75.     IFF specifically denies the allegations contained in Paragraph 75 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

76.     IFF specifically denies the allegations contained in Paragraph 76 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

77.     IFF specifically denies the allegations contained in Paragraph 77 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

78.     IFF specifically denies the allegations contained in Paragraph 78 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

79.     IFF specifically denies the allegations contained in Paragraph 79 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

80.     IFF specifically denies the allegations contained in Paragraph 80 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

13128502-1

Case ID: 190900703

81.     IFF specifically denies the allegations contained in Paragraph 81 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

82.     IFF specifically denies the allegations contained in Paragraph 82 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

83.     IFF specifically denies the allegations contained in Paragraph 83 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

84.     IFF specifically denies the allegations contained in Paragraph 84 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

85.     IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 85 of Plaintiff's Complaint and they are therefore denied.  IFF further denies the allegations as conclusions of law.

86.     IFF specifically denies the allegations contained in Paragraph 86 of Plaintiff's Complaint as they pertain to it. IFF explicitly denies that Plaintiff suffered any injury as a result of exposure to IFF's products. By way of further response, IFF explicitly denies that it is liable to Plaintiff.  IFF further denies the allegations as conclusions of law.

IFF specifically denies that Plaintiff is entitled to any relief prayed for in the "WHEREFORE" following Paragraph 86 of Plaintiff's Complaint.

WHEREFORE, Answering Defendant IFF respectfully requests this Honorable Court to enter judgment in its favor and against the Plaintiff together with costs and fees.

### FOURTH CAUSE OF ACTION

#### Negligence
#### (Against DIRECT SUPPLIER DEFENDANTS)

87.     Responding to the allegations of Paragraph 87, whereby Plaintiff incorporates by reference paragraphs 1 through 52 of the Complaint, IFF responds to said paragraph by

13

13128502-1                                                      Case ID: 190900703

incorporating by reference its responses to the corresponding paragraphs of the Complaint. IFF also incorporates by reference its responses to paragraphs 53 through 86 of the Complaint.

88.    IFF specifically denies the allegations contained in Paragraph 88 of Plaintiff's Complaint as they pertain to it. IFF further denies the allegations as conclusions of law.

89.    IFF specifically denies the allegations contained in Paragraph 89 of Plaintiff's Complaint as they pertain to it. IFF further denies the allegations as conclusions of law.

90.    IFF specifically denies the allegations contained in Paragraph 90, and in all subparts of Paragraph 90 of Plaintiff's Complaint as they pertain to it. IFF further denies the allegations as conclusions of law.

91.    IFF specifically denies the allegations contained in Paragraph 91 of Plaintiff's Complaint as they pertain to it. IFF further denies the allegations as conclusions of law.

92.    IFF specifically denies the allegations contained in Paragraph 92 of Plaintiff's Complaint as they pertain to it. IFF further denies the allegations as conclusions of law.

93.    IFF specifically denies the allegations contained in Paragraph 93 of Plaintiff's Complaint as they pertain to it. IFF further denies the allegations as conclusions of law.

94.    IFF specifically denies the allegations contained in Paragraph 94 of Plaintiff's Complaint as they pertain to it. IFF explicitly denies that Plaintiff suffered any injury as a result of exposure to IFF's products. By way of further response, IFF explicitly denies that it is liable to Plaintiff. IFF further denies the allegations as conclusions of law.

IFF specifically denies that Plaintiff is entitled to any relief prayed for in the "WHEREFORE" following Paragraph 94 of Plaintiff's Complaint.

WHEREFORE, Answering Defendant IFF respectfully requests this Honorable Court to enter judgment in its favor and against the Plaintiff together with costs and fees.

14

## FIFTH CAUSE OF ACTION

### Strict Liability:  Manufacturing Defect
### (Against INDIRECT SUPPLIER DEFENDANTS)

95.     Responding to the allegations of Paragraph 95, whereby Plaintiff incorporates by reference paragraphs 1 through 52 of the Complaint, IFF responds to said paragraph by incorporating by reference its responses to the corresponding paragraphs of the Complaint.  IFF also incorporates by reference its responses to paragraphs 53 through 94 of the Complaint.

96.     IFF specifically denies the allegations contained in Paragraph 96 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

97.     IFF specifically denies the allegations contained in Paragraph 97 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

98.     IFF specifically denies the allegations contained in Paragraph 98 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

99.     IFF specifically denies the allegations contained in Paragraph 99 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

100.    IFF specifically denies the allegations contained in Paragraph 100 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

101.    IFF specifically denies the allegations contained in Paragraph 101 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

102.    IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 102 of Plaintiff's Complaint and they are therefore denied.  IFF further denies the allegations as conclusions of law.

103.    IFF specifically denies the allegations contained in Paragraph 103 of Plaintiff's Complaint as they pertain to it. IFF explicitly denies that Plaintiff suffered any injury as a result

15

Case ID: 190900703

of exposure to IFF's products. By way of further response, IFF explicitly denies it is liable to Plaintiff. IFF further denies the allegations as conclusions of law.

IFF specifically denies that Plaintiff is entitled to any relief prayed for in the "WHEREFORE" following Paragraph 103 of Plaintiff's Complaint.

WHEREFORE, Answering Defendant IFF respectfully requests this Honorable Court to enter judgment in its favor and against the Plaintiff together with costs and fees.

## SIXTH CAUSE OF ACTION

### Strict Liability:  Design Defect
### (Against INDIRECT SUPPLIER DEFENDANTS)

104.    Responding to the allegations of Paragraph 104, whereby Plaintiff incorporates by reference paragraphs 1 through 52 of the Complaint, IFF responds to said paragraph by incorporating by reference its responses to the corresponding paragraphs of the Complaint. IFF also incorporates by reference its responses to paragraphs 53 through 103 of the Complaint.

105.    IFF specifically denies the allegations contained in Paragraph 105 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

106.    IFF specifically denies the allegations contained in Paragraph 106 and all subparts of Paragraph 106 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

107.    IFF specifically denies the allegations contained in Paragraph 107 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

108.    IFF specifically denies the allegations contained in Paragraph 108 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

109.    IFF specifically denies the allegations contained in Paragraph 109 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

Case ID: 190900703

110.   IFF specifically denies the allegations contained in Paragraph 110 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

111.   IFF specifically denies the allegations contained in Paragraph 111 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

112.   IFF specifically denies the allegations contained in Paragraph 112 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

113.   IFF specifically denies the allegations contained in Paragraph 113 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

114.   IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 114 of Plaintiff's Complaint and they are therefore denied.  IFF further denies the allegations as conclusions of law.

115.   IFF specifically denies the allegations contained in Paragraph 115 of Plaintiff's Complaint as they pertain to it. IFF explicitly denies that Plaintiff suffered any injury as a result of exposure to IFF's products. By way of further response, IFF explicitly denies that it is liable to Plaintiff.  IFF further denies the allegations as conclusions of law.

IFF specifically denies that Plaintiff is entitled to any relief prayed for in the "WHEREFORE" following Paragraph 115 of Plaintiff's Complaint.  IFF further denies the allegations as conclusions of law.

WHEREFORE, Answering Defendant IFF respectfully requests this Honorable Court to enter judgment in its favor and against the Plaintiff together with costs and fees.

## SEVENTH CAUSE OF ACTION

### Strict Liability:  Failure to Warn
### (Against INDIRECT SUPPLIER DEFENDANTS)

17

13128502-1

Case ID: 190900703

116.    Responding to the allegations of Paragraph 116, whereby Plaintiff incorporates by reference paragraphs 1 through 52 of the Complaint, IFF responds to said paragraph by incorporating by reference its responses to the foregoing paragraphs of the Complaint. IFF also incorporates by reference its responses to paragraphs 53 through 115 of the Complaint.

117.    IFF specifically denies the allegations contained in Paragraph 117 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

118.    IFF specifically denies the allegations contained in Paragraph 118 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

119.    IFF specifically denies the allegations contained in Paragraph 119 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

120.    IFF specifically denies the allegations contained in Paragraph 120 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

121.    IFF specifically denies the allegations contained in Paragraph 121 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

122.    IFF specifically denies the allegations contained in Paragraph 122 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

123.    IFF specifically denies the allegations contained in Paragraph 123 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

124.    IFF specifically denies the allegations contained in Paragraph 124 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

125.    IFF specifically denies the allegations contained in Paragraph 125 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

13128502-1

Case ID: 190900703

126.   IFF specifically denies the allegations contained in Paragraph 126 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

127.   IFF is without information or knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 127 of Plaintiff's Complaint and they are therefore denied.  IFF further denies the allegations as conclusions of law.

128.   IFF specifically denies the allegations contained in Paragraph 128 of Plaintiff's Complaint as they pertain to it. IFF explicitly denies that Plaintiff suffered any injury as a result of exposure to IFF's products. By way of further response, IFF explicitly denies that it is liable to Plaintiff.  IFF further denies the allegations as conclusions of law.

IFF specifically denies that Plaintiff is entitled to any relief prayed for in the "WHEREFORE" following Paragraph 128 of Plaintiff's Complaint.  IFF further denies the allegations as conclusions of law.

WHEREFORE, Answering Defendant IFF respectfully requests this Honorable Court to enter judgment in its favor and against the Plaintiff together with costs and fees.

## EIGHTH CAUSE OF ACTION

### Negligence
### (Against INDIRECT SUPPLIER DEFENDANTS)

129.   Responding to the allegations of Paragraph 129, whereby Plaintiff incorporates by reference paragraphs 1 through 52 of the Complaint, IFF responds to said paragraph by incorporating by reference its responses to the foregoing paragraphs of the Complaint. IFF also incorporates by reference its responses to paragraphs 53 through 128 of the Complaint.

130.   IFF specifically denies the allegations contained in Paragraph 130 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

19

Case ID: 190900703

131.   IFF specifically denies the allegations contained in Paragraph 131 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

132.   IFF specifically denies the allegations contained in Paragraph 132 and all subparts of Paragraph 132 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

133.   IFF specifically denies the allegations contained in Paragraph 133 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

134.   IFF is without information or knowledge sufficient to forma belief as to the truth of the allegations contained within Paragraph 134 of Plaintiff's Complaint and they are therefore denied.  IFF further denies the allegations as conclusions of law.

135.   IFF specifically denies the allegations contained in Paragraph 135 of Plaintiff's Complaint as they pertain to it.  IFF further denies the allegations as conclusions of law.

136.   IFF specifically denies the allegations contained in Paragraph 136 of Plaintiff's Complaint as they pertain to it. IFF explicitly denies that Plaintiff suffered any injury as a result of exposure to IFF's products. By way of further response, IFF explicitly denies that it is liable to Plaintiff.  IFF further denies the allegations as conclusions of law.

IFF specifically denies that Plaintiff is entitled to any relief prayed for in the "WHEREFORE" following Paragraph 136 of Plaintiff's Complaint.  IFF further denies the allegations as conclusions of law.

WHEREFORE, having fully answered, IFF prays that Plaintiff's Complaint be dismissed with prejudice, at Plaintiff's cost, or that judgment be entered in favor of IFF at Plaintiff's cost, and that the Court order such further relief in favor of IFF as is just and proper under Pennsylvania law.

13128502-1

Case ID: 190900703

## NEW MATTER

1.     If Plaintiff has sustained any injuries or incurred any expenses, such were not proximately caused by IFF, but were caused solely by the acts or omissions of others, whether individual, corporate, or otherwise, whether named or unnamed in Plaintiff's Complaint, for whose conduct IFF is not responsible.

2.     If Plaintiff has sustained any injuries or expenses, such were the result of intervening or superseding events, factors, occurrences, or conditions, and were not proximately caused by IFF.

3.     Plaintiff may not recover from IFF because the methods, standards, or techniques of designing, manufacturing, and labeling of the IFF's product(s) complied with and were in conformity with the generally recognized state of the art at the time the product(s) was designed, manufactured, and labeled, and no practical and technically feasible alternative design, manufacturing practice, or labeling was available at the time that would reduce the alleged risk of harm without compromising the usefulness of the product(s).

4.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

5.     Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, unclean hands, estoppel and/or ratification.

6.     The damages allegedly sustained by Plaintiff were caused or contributed to by the acts, omissions, or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault, assumption of the risk, misuse or abuse of any products manufactured by IFF, failure to mitigate damages, or any other "fault"; and that such acts, omissions, or fault bar

21

recovery by Plaintiff or, in the alternative, diminish Plaintiff's right to recover in an amount based upon the relative degree of fault of Plaintiff.

7.    Plaintiff's claims are preempted, in whole or in part, by federal laws and/or regulations.

8.    Plaintiff's claims are barred as Plaintiff had knowledge of facts from which Plaintiff either knew, or should have known, the risk involved, and thereafter Plaintiff voluntarily and unreasonably chose to accept said risk, and further engaged in highly reckless conduct.

9.    IFF denies any and all culpability and liability, but if IFF is ultimately found to be liable, then the liability of IFF, if any, to Plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom Plaintiff could have obtained personal jurisdiction with due diligence.

10.    In the event of a determination that this action, or some part thereof, is governed by the substantive law of a state other than Pennsylvania, IFF reserves its right to assert other or related defenses available under such state's common law, product liability acts, and/or consumer protection statutes.

11.    Any exposure by Plaintiff to IFF's products is so minimal as to not be a proximate or legal cause of Plaintiff's claimed injuries.

12.    Plaintiff's damages, if any, are eliminated or reduced by Plaintiff's failure to mitigate damages.

13.    The Complaint fails to state a claim against IFF upon which relief can be granted.

14.    Plaintiff's claims are barred because of their failure to join necessary and indispensable parties.

22

Case ID: 190900703

15.   This Court may not exercise personal jurisdiction over IFF.

16.   This Court does not have subject-matter jurisdiction over this case.

17.   Venue is improper in this Court.

18.   IFF adopts and incorporates by reference all affirmative defenses asserted by or on behalf of all Co-Defendants.

19.   IFF reserves the right to assert additional affirmative defenses that may become known through the course of discovery.

20.   Plaintiff's claims are barred, in whole or in part, by the Learned-Intermediary Doctrine.

21.   Plaintiff's claims are barred, in whole or in part, by the Bulk-Supplier Doctrine.

22.   Plaintiff's claims are barred, in whole or in part, by the Sophisticated-Purchaser Doctrine.

23.   Plaintiff's claims are barred, in whole or in part, by the Component Parts Doctrine.

24.   Plaintiff's claims are barred by the state of the art doctrine.

25.   Plaintiff's claims are barred by the doctrines of accord and satisfaction and release.

26.   The application of delay damages to all or any portion of Plaintiff's claims against Answering Defendant is violative of the United States and Pennsylvania Constitutions, including Pa. Const. Art. V. §10(c) and U.S. Article XIV.

27.   At no time did Answering Defendant have any duty to control, direct, and/or supervise Plaintiff, Plaintiff's co-workers, or employers.

Case ID: 190900703

28.     During the applicable time period, Answering Defendant had no duty to Plaintiff or Plaintiff's employer as Answering Defendant did not retain or exercise sufficient control over Plaintiff.

29.     A failure of Plaintiff's employer to warn and/or safeguard Plaintiff from any possible health hazards associated with materials which may have contained diacetyl and acetyl propionyl was an intervening and/or superseding cause of Plaintiff's alleged injuries.

30.     Plaintiff's claims are barred, in whole or in part, by the Pennsylvania Fair Share Act.

31.     The design of the subject product of Answering Defendant satisfied all standards, specifications, and regulations as required by any and all federal, state, and local governmental agency and law.

32.     If it is determined that Answering Defendant's products were present in Plaintiff's workplace, then it is averred that Plaintiff was not in proximity to the use of such products or exposed to such products with sufficient frequency and regularity for such products to be a cause of Plaintiff's claimed injuries or damages.

33.     To the extent Plaintiff was exposed to a product of Answering Defendant, such exposure was *de minimus* and not a substantial factor in causation of Plaintiff's injuries or damages.

34.     Plaintiff's claims are barred, in whole or in part, by the Pennsylvania Workers' Compensation Act.

35.     Plaintiff's claims are barred, in whole or in part, by the Pennsylvania Occupational Disease Act.

24

Case ID: 190900703

36.     Answering Defendant adopts each and every New Matter of every other Defendant herein to the extent any such New Matter is consistent with those set forth in this Defendant's New Matter.

37.     Answering Defendant reserves the right to amend its New Matter to include additional defenses after completion of discovery.

WHEREFORE, Defendant International Flavors & Fragrances Inc. hereby demands judgment in its favor and against Plaintiff, together with costs, interest, and such other relief the Court deems just and proper.

This 8th day of October, 2019

**RAWLE & HENDERSON, LLP**

Date: October 8, 2019          By:     /s/ *John J. Snyder*
                                        John J. Snyder, Esquire


Date:  October 8, 2019          By:     /s/ *Evan S. Eisner*
                                        Evan S. Eisner, Esquire

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

                                 /s/ *Shawn D. Scott*
                                Shawn D. Scott, Esq. (*pro hac vice* to be filed)
                                Nicole M. Bigman, Esq. (*pro hac vice* to be filed)
                                3344 Peachtree Road, NE, Suite 2400
                                Atlanta, GA 30326
                                P: 404.876.2700
                                Email: sscott@wwhgd.com
                                       nbigman@wwhgd.com

                                *Counsel for Defendant: International Flavors & Fragrances Inc.*

13128502-1                                                          Case ID: 190900703

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a true and correct copy of the foregoing INTERNATIONAL FLAVORS & FRAGRANCES INC.'S ANSWER TO PLAINTIFF'S COMPLAINT WITH NEW MATTER was served upon counsel of record on October 8, 2019 via the Court's ECF System:

<u>**Plaintiff's Counsel**</u>

James J. McEldrew, III, Esquire
Daniel Purtell, Esquire
Lauren Fantini, Esquire
McEldrew Young
123 S. Broad Street, Suite 2250
Philadelphia, PA 19109

<u>**Counsel for Defendant: Univar USA, Inc.**</u>

Steven M. Lucks, Esquire
David P. Lodge, Esquire
Fishkin, Lucks LLP
The Legal Center
1 Riverfront Plaza, Suite 410
Newark, NJ 07102

<u>**Counsel for Defendant: Penta International Corporation**</u>

Kristen F. Mazzeo, Esquire
William C. Mills, IV, Esquire
Gordon & Rees LLP
Three Logan Square
1717 Arch Street, Suite 610
Philadelphia, PA 19103

<u>**Counsel for Defendant: First Choice Ingredients, Inc.**</u>

Dawn Dezii, Esquire
Jeanine D. Clark, Esquire
Margolis Edelstein
Curtis Center, Suite 400
170 S. Independence Mall West
Philadelphia, PA 19106

13128502-1

Case ID: 190900703

**Counsel for Defendant: Kraft Heinz Ingredients Corporation**

Ernest J. Barnabei, III, Esquire
1880 John F. Kennedy Blvd., Suite 1803
Philadelphia, PA 19103

**Counsel for Defendant: McCormick and Company, Inc.**

Corey S. D. Norcross, Esquire
Stradley Ronon
2005 Market Street, Suite 2600
Philadelphia, PA 19103

**Counsel for Defendant: Citrus & Allied Essences, Ltd.**

Maria C. Carlucci, Esquire
160 West 71st Street, Apt. 18M
New York, NY 10023

RAWLE & HENDERSON, LLP

Date:  October 8, 2019            By:     /s/ John J. Snyder
                                         John J. Snyder, Esquire

                                         *Counsel for Defendant: International Flavor*
                                         *and Fragrances, Inc.*

Case ID: 190900703

## ATTORNEY VERIFICATION

I, John J. Snyder, attorney for International Flavors & Fragrances Inc., hereby states that

the facts contained in the foregoing INTERNATIONAL FLAVORS & FRAGRANCES INC.'S

ANSWER TO PLAINTIFF'S COMPLAINT WITH NEW MATTER are true and correct to the

best of my knowledge, information, and belief.

RAWLE & HENDERSON, LLP

Date: October 8, 2019                By:  _____

John J. Snyder, Esquire

26

13128502-1                                                              Case ID: 190900703

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY BETHMAN | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| BELL FLAVORS AND FRAGRANCES, | ) | |
| INC., *et al.* | ) | |
| | ) | |
|     Defendants. | ) | |

## DECLARATION OF JASON H. NASH IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF REMOVAL

I, Jason H. Nash, declare:

1.    I am an attorney licensed to practice in the State of Illinois. I am a partner at Hinkhouse Williams Walsh LLP, attorneys for Thermo Fisher Scientific Inc. ("Thermo Fisher Scientific") in this action.

2.    I make this declaration based on my personal knowledge in support of Defendants' Joint Notice of Removal of the case styled *Terry Bethman v. Bell Flavors and Fragrances, Inc., et al.*, in the Court of Common Pleas of Philadelphia County, State of Pennsylvania, under Case I.D. No. 190900703 (the "State Court Action") to this Court.

3.    Plaintiff's Complaint with Notice to Defend in the State Court Action was filed on September 6, 2019. *See* Exhibit A to Defendants' Joint Notice of Removal.

4.    Plaintiff's Complaint with Notice to Defend in the State Court Action was served on Thermo Fisher Scientific at its office in Philadelphia, Pennsylvania on September 11, 2019.

5.    Thermo Fisher Scientific is, and at the time of the filing of the State Court Action was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Waltham, Massachusetts.

6.      I have reviewed reports of verdicts and settlements in cases in this judicial district and in actions claiming injuries of the nature alleged by Plaintiff.  Based on that review and on my experience in litigation of lawsuits involving Plaintiff's claimed injury of bronchiolitis obliterans, it is reasonable to believe that if Plaintiff succeeds in proving all of the allegations in this action, she would recover in excess of $75,000, exclusive of interest and costs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Date:   October 10, 2019

                                                        _____
                                                        JASON H. NASH

2

# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY BETHMAN | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. _____ |
| | ) |
| BELL FLAVORS AND FRAGRANCES, | ) |
| INC., *et al.* | ) |
| | ) |
|     Defendants. | ) |

### DECLARATION OF ERNEST J. BERNABEI, III IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF REMOVAL

I, Ernest J. Bernabei, III, declare:

1.  I am an attorney licensed to practice in the State of Pennsylvania. I am a partner at Pillinger Miller Tarallo, LLP, attorneys for Kraft Heinz Ingredients Corp. ("Kraft Heinz Ingredients") in this action.

2.  I make this declaration based on my personal knowledge in support of Defendants' Joint Notice of Removal of the case styled *Terry Bethman v. Bell Flavors and Fragrances, Inc., et al.*, in the Court of Common Pleas of Philadelphia County, State of Pennsylvania, under Case I.D. No. 190900703 (the "State Court Action") to this Court.

3.  Plaintiff's Complaint with Notice to Defend in the State Court Action was filed on September 6, 2019. *See* Exhibit A to Defendants' Joint Notice of Removal.

4.  Kraft Heinz Ingredients filed its appearance in the State Court Action on October 2, 2019.

5.  Kraft Heinz Ingredients is, and at the time of the filing of the State Court Action was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Glenview, Illinois.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Date:   October 9, 2019

ERNEST J. BERNABEI, III

**Note:**

**This Designation Form must be <u>signed</u> before submission to the Clerk's Office *or a case number will not be assigned*.**

**Note:**

**This Designation Form must be <u>signed</u> before submission to the Clerk's Office *or a case number will not be assigned*.**