IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY BETHMAN,<br>    *Plaintiff* | :<br>:<br>: | CIVIL ACTION |
| v. | :<br>: | |
| BELL FLAVORS AND<br>FRAGRANCES, INC. et al.,<br>    *Defendants* | :<br>:<br>:<br>: | No. 19-4735 |

## MEMORANDUM

PRATTER, J.                                                                               APRIL 23, 2020

Terry Bethman claims that there is not complete diversity of citizenship between herself and all of the defendants and asks the Court to remand the case to Pennsylvania state court. Because diversity exists, the Court denies the motion to remand.

### BACKGROUND

Ms. Bethman filed a complaint in the Court of Common Pleas of Philadelphia County alleging that she developed diacetyl-induced lung disease and flavoring related bronchiolitis obliterans syndrome as a result of exposure to flavoring products manufactured and/or supplied by the defendants. In the complaint, Ms. Bethman identified herself as a citizen of Pennsylvania. She also identified two defendants as sharing citizenship in Pennsylvania: (1) Thermo Fisher Scientific, Inc., which Ms. Bethman identified as a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania; and (2) Kraft Heinz Ingredients Corporation ("Kraft Heinz Ingredients"), which Ms. Bethman identified as a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania and a registered agent in Philadelphia, Pennsylvania.

The defendants removed the case to the Eastern District of Pennsylvania on the basis of diversity. In their notice of removal, the defendants asserted that Ms. Bethman had erroneously

1

alleged that Thermo Fisher Scientific, Inc. and Kraft Heinz Ingredients maintain their principal places of business in Pennsylvania. They claimed that Thermo Fisher Scientific, Inc. maintains its principal place of business in Waltham, Massachusetts, and that Kraft Heinz Ingredients maintains its principal place of business in Glenview, Illinois.

## LEGAL STANDARD

A defendant may remove an action brought in state court to the federal district court in the district where the action is pending if the district court would have had original jurisdiction over the removed claim. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (citing 28 U.S.C. § 1441(a)). The removing party bears the burden of showing that the case is properly before the court at all stages of the litigation. *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). "The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

"Diversity of citizenship subject matter jurisdiction falls within the original jurisdiction of the district court." *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996). Diversity of citizenship is achieved when the parties are citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Under § 1332, a federal court has diversity jurisdiction only if all the plaintiffs are diverse from all the defendants.

To determine the citizenship of a corporation, whether for purposes of diversity under § 1332 or for removal under § 1441(b), courts use the familiar test announced by the Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Under *Hertz*, a corporation is a citizen of its state of incorporation and its principal place of business, i.e., its "nerve center." 559 U.S. at 80–

81. A nerve center is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," which is typically "found at a corporation's headquarters." *Id.* A corporation's nerve center "is a single place," *id.* at 93, meaning a corporation's nerve center is static, regardless of the conduct at issue in a particular case.

## DISCUSSION

Ms. Bethman claims that remand is proper because there is not complete diversity between herself and all of the defendants. She concedes that Thermo Fisher Scientific, Inc. is not a citizen of Pennsylvania but maintains that Kraft Heinz Ingredients has its nerve center in Pennsylvania, destroying complete diversity. In support of her argument, she cites a screen grab of Bloomberg Markets' website listing a Pittsburgh, Pennsylvania address for Kraft Heinz Ingredients. She also asserts that Kraft Heinz Ingredients is an affiliate of the Kraft Heinz Company, and the Kraft Heinz Company identifies itself as co-headquartered in Pennsylvania and as having its principal executive offices in Pittsburgh, Pennsylvania.

The defendants respond that diversity exists among the parties because (1) Kraft Heinz Ingredients maintains its nerve center in Illinois, not Pennsylvania; and (2) a subsidiary has its own nerve center separate from its affiliates and parent corporation, making the Kraft Heinz Company's citizenship irrelevant. The defendants rely in part on a sworn affidavit provided by Anna B. Oliveira, Counsel for Global Corporate Compliance and Transactions at the Kraft Heinz Company. In her affidavit, Ms. Oliveira states that Kraft Heinz Ingredients conducts all key business operations in Glenview, Illinois; that the employees who direct and coordinate Kraft Heinz Ingredients' activities—such as its general manager and the heads of marketing, sales, finance, and customer service—are based out of Glenview, Illinois; that all of Kraft Heinz Ingredients'

research and development personnel are based out of Glenview, Illinois; and that Kraft Heinz Ingredients has no dedicated personnel in Pittsburgh, Pennsylvania.

The Court concludes that the defendants have met their burden to show that Kraft Heinz Ingredients' high-level officers direct, control, and coordinate its activities out of Glenview, Illinois. Ms. Bethman may have located one website listing a Pittsburgh, Pennsylvania address for Kraft Heinz Ingredients, but an address alone is insufficient to establish corporate citizenship. *See Gentry v. Sikorsky Aircraft Corp.*, 383 F. Supp. 3d 442, 455 (E.D. Pa. 2019) ("A nerve center is 'more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat;' it is a company's 'place of actual direction, control, and coordination.'") (quoting *Hertz*, 559 U.S. at 97). Through the affidavit of Ms. Oliveira, the defendants have established that Kraft Heinz Ingredients' nerve center is Glenview, Illinois. *See McCollum v. State Farm Ins. Co.*, 376 F. App'x 217, 219–20 (3d Cir. 2010) ("State Farm averred by sworn affidavit that it is incorporated in Illinois, and has its principal place of business in Illinois. Although State Farm concedes that it does business in Delaware, there is no indication that Delaware is where State Farm conducts its corporate affairs. [Plaintiff] has submitted no evidence to the contrary. The District Court is permitted to rely on State Farm's affidavit, and we find no clear error in the District Court's fact-finding.") (citing *Murray v. Commercial Union Ins. Co. (Commercial)*, 782 F.2d 432, 434 (3d Cir. 1986) (establishing corporate citizenship via affidavit)); *see also Johnson*, 724 F.3d at 360 (finding that the district court "was correct to conclude that [the defendant's] nerve center was in New Jersey" where the court "based its finding on two affidavits from [the defendant's] general counsel, an internal company memorandum, and a newspaper report"); *Collins v. James W. Turner Constr., Ltd*, No. 16-2877, 2017 WL 210236, at *3 (D.N.J. Jan. 18, 2017) ("In evaluating the citizenship of corporate parties, district courts are permitted to rely upon the parties' sworn affidavits setting

forth their places of incorporation and principal places of business.") (citing *McCollum*, 376 F. App'x at 219–20); *Greenberg v. Macy's*, No. 11-4132, 2011 WL 4336674, at *3–4 (E.D. Pa. Sept. 15, 2011) ("Defendants have submitted an affidavit that Macy's has its principal places of business outside Pennsylvania. Although Plaintiff's website submission includes a description of the Macy's Philadelphia location as a 'principal place of business,' this appears to be a loosely worded self-description with no legal significance. ... Plaintiff offers nothing to rebut Defendants' affidavit or to show that any of the corporate defendants has a Pennsylvania 'nerve center / principal place of business.' ... Defendants have established by a preponderance that [the corporate defendants] are neither incorporated in Pennsylvania nor have principal places of business here.") (citations omitted).

Furthermore, despite Ms. Bethman's contentions, the citizenship of the Kraft Heinz Company—Kraft Heinz Ingredients' parent company—is not relevant to the present inquiry. *See Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1142 (3d Cir. 1972) ("[A] subsidiary corporation which is incorporated as a separate entity from its parent corporation is considered to have its own principal place of business.") (citation omitted); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005) ("Congress surely has not directed that a corporation, for diversity-of-citizenship purposes, shall be deemed to have acquired the citizenship of all or any of its affiliates."). Because Kraft Heinz Ingredients is incorporated as a separate entity, its nerve center in Illinois and its state incorporation in Delaware control, and complete diversity among Ms. Bethman and all the defendants exists.

## CONCLUSION

For the foregoing reasons, the Court denies the motion to remand. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE